1  Laurence M. Rosen, Esq. (SBN 219683)
2  **THE ROSEN LAW FIRM, P.A.**
   355 South Grand Avenue, Suite 2450
3  Los Angeles, CA 90071
4  Telephone: (213) 785-2610
   Facsimile: (213) 226-4684
5  Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YI FAN CHEN, and FRONTLINE GLOBAL TRADING PTE. LTD., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and MARC A. STAPLEY,<br><br>Defendants. | No. 3:16-cv-03044-L-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ARMANDINO BATALI AND PETER GREENWALD TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. M. James Lorenz<br>Hearing Date: March 20, 2017<br>CTRM:  5B – (5th Floor – Schwartz) |

1

| | |
|---|---|
| JAMES MCLEOD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and MARC A. STAPLEY,<br><br>Defendants. | No.  3:17-cv-00053-L-MDD<br><br>CLASS ACTION<br><br>JUDGE: Hon. M. James Lorenz<br>Hearing Date: March 20, 2017<br>CTRM:  5B – (5th Floor – Schwartz) |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Movants Armandino Batali and Peter Greenwald ("Movants"), respectfully submit this memorandum in support of their motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)  consolidating the above-captioned actions;

(2) appointing Movants as Lead Plaintiffs for all persons other than defendants who purchased or otherwise acquired the securities of Illumina, Inc. ("Illumina" or the "Company") July 26, 2016 and October 10, 2016, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. as Lead Counsel for the Class.

2

## I. PERTINENT BACKGROUND

On December 16, 2016, this action was commenced against the Company and certain of its officers, and directors, for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, a law firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). The above-captioned related action styled as *McLeod v. Illumina, Inc. et al,* Docket No. 3:17-cv-00053 (S.D. Cal. Jan 10, 2017), was subsequently filed with this Court against Defendants asserting the same facts and claims as the instant action.

The Complaints allege that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) that the Company was experiencing a large decline in high throughput sequencing instrument sales; (2) that the decline was negatively impacting the Company's revenue; (3) that the Company lacked visibility into trends that could have a substantial impact on the Company's financial results; (4) that, as such, the Company's revenue guidance was unreliable and overstated; and (5) that, as a result of the foregoing, Defendants' positive statements about Illumina's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis. When the true details entered the market, the lawsuits claim that investors suffered damages.

3

Memorandum of Points and Authorities ISO Motion of Armandino Batali and Peter Greenwald To Consolidate Related Actions, For Appointment as Lead Plaintiffs and Approval of Choice of Counsel – No. 3:16-cv-03044-L-MDD

# ARGUMENT

## II. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i)

4

Memorandum of Points and Authorities ISO Motion of Armandino Batali and Peter Greenwald To Consolidate Related Actions, For Appointment as Lead Plaintiffs and Approval of Choice of Counsel – No. 3:16-cv-03044-L-MDD

90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person *or group of persons*" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movants satisfy the above criteria, have the largest financial interest of any movant in this litigation, and are therefore the most adequate plaintiffs and should be appointed as Lead Plaintiffs.

**A. Movants Are Willing to Serve as Class Representatives**

Movants have made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in their PSLRA certifications, Movants attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the class.

**B. Movants Have the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify

5

Memorandum of Points and Authorities ISO Motion of Armandino Batali and Peter Greenwald To Consolidate Related Actions, For Appointment as Lead Plaintiffs and Approval of Choice of Counsel – No. 3:16-cv-03044-L-MDD

precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movants collectively lost $10,141.80[1] on their purchases of Illumina securities. *See* Rosen Decl., Ex. 3. Movants are not aware of any other movant that has suffered greater losses in Illumina securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

---

[1] For held shares Movants used $133.89/share, the average trading price between the end of the class period through January 6, 2017. *See, In re MicroStrategy, Inc. Sec. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period at the lead plaintiff stage for held shares); 15 U.S.C. §78u-4(e)(1).

6

Memorandum of Points and Authorities ISO Motion of Armandino Batali and Peter Greenwald To Consolidate Related Actions, For Appointment as Lead Plaintiffs and Approval of Choice of Counsel – No. 3:16-cv-03044-L-MDD

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants satisfy the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Movants fulfill all of the pertinent requirements of Rule 23. Movants share substantially similar questions of law and fact with the members of the class, and their claims are typical of the members of the class. Movants and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Illumina and its business. Movants, as did all of the members of the class, purchased Company securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movants and other class members, as well as Movants' desire to prosecute this action on behalf of the class, provides ample reason to appoint Movants as Lead Plaintiffs.

7

Memorandum of Points and Authorities ISO Motion of Armandino Batali and Peter Greenwald To Consolidate Related Actions, For Appointment as Lead Plaintiffs and Approval of Choice of Counsel – No. 3:16-cv-03044-L-MDD

### D. Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movants' ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movants are not aware of any unique defenses that Defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, the Court should appoint Movants as Lead Plaintiffs for the Class.

## IV. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the Class' and Movants' claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigations and has obtained

8

Memorandum of Points and Authorities ISO Motion of Armandino Batali and Peter Greenwald To Consolidate Related Actions, For Appointment as Lead Plaintiffs and Approval of Choice of Counsel – No. 3:16-cv-03044-L-MDD

substantial recoveries on behalf of investors. *See* Firm Resume, Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movants as Lead Plaintiffs of the class; (3) approving The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

9

Memorandum of Points and Authorities ISO Motion of Armandino Batali and Peter Greenwald To Consolidate Related Actions, For Appointment as Lead Plaintiffs and Approval of Choice of Counsel – No. 3:16-cv-03044-L-MDD

| | | |
|---|---|---|
| Dated: February 14, 2017 | | Respectfully submitted, |
| | | **THE ROSEN LAW FIRM, P.A.** |
| | | /s/ Laurence Rosen, Esq. |
| | | Laurence M. Rosen, Esq. (SBN 219683) |
| | | 355 South Grand Avenue, Suite 2450 |
| | | Los Angeles, CA 90071 |
| | | Telephone: (213) 785-2610 |
| | | Facsimile: (213) 226-4684 |
| | | Email: lrosen@rosenlegal.com |
| | | [Proposed] Lead Counsel for Plaintiffs and Class |

10

Memorandum of Points and Authorities ISO Motion of Armandino Batali and Peter Greenwald To Consolidate Related Actions, For Appointment as Lead Plaintiffs and Approval of Choice of Counsel – No. 3:16-cv-03044-L-MDD

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On February 14, 2017, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEAN FLORA, STEFAN MUENCHHAGEN, AND MIHIR PATEL TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 14, 2017.

                                        /s/ Laurence Rosen
                                        Laurence M. Rosen

Memorandum of Points and Authorities ISO Motion of Armandino Batali and Peter Greenwald To Consolidate Related Actions, For Appointment as Lead Plaintiffs and Approval of Choice of Counsel – No. 3:16-cv-03044-L-MDD