**LEVI & KORSINSKY LLP**
Adam C. McCall (SBN 302130)
Email: amccall@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290

-and-

NICHOLAS I. PORRITT (DC:457601; NY)
Email: nporritt@zlk.com
ADAM M. APTON (DC:1017720; NY)
Email: aapton@zlk.com
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
(*pro hac vice to be submitted*)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YI FAN CHEN, and FRONTLINE GLOBAL TRADING PTE. LTD., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> ILLUMINA, INC., FRANCIS A. DESOUZA, and MARC A. STAPLEY, <br><br> Defendants. | No. 3:16-cv-03044-L-MDD <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NATISSISA ENTERPRISES LTD. FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** |

| | |
|---|---|
| JAMES MCLEOD, Individually and on Behalf of All Others Similarly Situated, | No. 3:17-cv-00053-L-MDD |
| Plaintiff, | Date: March 20, 2017 |
| vs. | NO ORAL ARGUMENT PURSUANT TO LOCAL RULES |
| ILLUMINA, INC., FRANCIS A. DESOUZA, and MARC A. STAPLEY, | |
| Defendants. | Courtroom: 5B (5th Fl. – Schwartz) Judge: M. James Lorenz |

# MEMORANDUM OF POINTS AND AUTHORITIES
# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................... 1

II. STATEMENT OF FACTS .......................................................................... 2

  A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........... 4

  B. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF ............................................................................................ 5

    1. The Procedure Required by the PSLRA ...................................... 5

      a. Movant Is Willing to Serve As Class Representative .............. 6

      b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class ................................................................. 7

    2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ............................................................... 8

      a. Movant's Claims are Typical of the Claims of all the Class Members ... 9

      b. Movant will Adequately Represent the Class ........................ 10

  C. MOVANT CHOICE OF COUNSEL SHOULD BE APPROVED ..... 11

CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................................. 2, 7, 8

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994) ..................................................................................... 10

*In re Drexel Burnham Lambert Group*,
  960 F.2d 285 (2d Cir. 1992) ...................................................................................... 9

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) .............................................................................. 9

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982) .................................................................................................. 9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................... 9

*Haung v. Acterna Corp.*,
  220 F.R.D. 255 (D. Md. 2004) .................................................................................. 8

*Hufnagle v. Rino Int'l Corp.*,
  No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011) (Fairbank, J.) ............................................................................................ 5

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998) .................................................................................. 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................ 9

*Maiden v. Merge Techs., Inc.*,
  No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006) ............ 7

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993) .................................................................................9

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d. 1129 (C.D. Cal. 1999) .................................................................8

*Weiss v. York Hosp.*,
  745 F.2d 786 (3d Cir. 1984) .................................................................................9

**Statutes**

15 U.S.C. § 78u-(a)(3)(A) .........................................................................................5

15 U.S.C. § 78u-4(a) .................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................passim

15 U.S.C. § 78u-4(e) .................................................................................................7

**Rules**
Fed. R. Civ. P. 23(a) ........................................................................................8, 9, 10
Fed. R. Civ. P. 42(a) .................................................................................................4

## PRELIMINARY STATEMENT

Presently pending before the Court are two securities class action lawsuits (the "Actions") brought on behalf of persons and entities that acquired Illumina, Inc. ("Illumina" or the "Company") securities between July 26, 2016, and October 10, 2016, inclusive ("Class Period").[1]  Plaintiff in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against: the Company, Francies A. deSouza ("deSouza"), the Company's President and Chief Executive Officer, and Marc A. Stapley ("Stapley"), the Company's Executive Vice President, Chief Administrative Officer and Chief Financial Officer.[2]

Movant Natissisa Enterprises Ltd. ("Movant") lost approximately $995,212.56 as a result of the alleged fraud during the Class Period.  Movant respectfully submits this memorandum of law in support of its motion for (a) the consolidation of the actions; (b) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a) 3)(B) and (c) for approval of its selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and have made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir.

---

[1]  The two actions are entitled *Chen v. Illumina, Inc., et al.*, 3:16-cv-03044-L-MDD (the "*Chen* Action") and *McLeod v. Illumina, Inc., et al.*, 3:17-cv-00053-L-MDD (the "*McLeod* Action").

[2]  The Actions allege violations under Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF KAKTRALE AUSTIN FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Case Nos. 3:15-CV-02700-JLS-NLS and 3:15-cv-02951-JLS-NLS

1

2002).  Movant satisfies both requirements.

Movant believes that it has the largest financial interest in the outcome of the case.[3]  As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.  Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class.[4]

Accordingly, Movant respectfully submits that it should be appointed lead plaintiff.  Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel for plaintiff and the proposed class should be approved by this Court.

**STATEMENT OF FACTS**

Illumina purportedly provides sequencing and array-based solutions for

---

[3]  Movant's certification identifying its transactions in Illumina securities, as required by the PSLRA, as well as chart detailing its losses are attached to the Declaration of Adam C. McCall, dated February 14, 2016 ("McCall Decl."), as Exhibits 1 and 2, respectively.

[4]  The Actions define the "Class" as "all persons and entities that acquired Illumina securities between July 26, 2016, and October 10, 2016, inclusive (the "Class Period") and who were damaged thereby (the "Class").  The Actions exclude from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

genetic analysis. ¶ 2.[5]  The Company claims that its clients include genomic research centers, academic institutions, government laboratories, hospitals, pharmaceutical, biotechnology, agrigenomics, commercial molecular diagnostic laboratories, and consumer genomics companies. *Id.*

At the beginning of the Class Period, on July 26, 2016, Illumina issued a press release entitled "Illumina Reports Financial Results for Second Quarter of Fiscal Year 2016." ¶ 19.  On August 2, 2016, Illumina filed its Quarterly Report with the SEC on Form 10-Q for the fiscal quarter ended July 3, 2016. ¶ 18.  The Company's Form 10-Q was signed by Defendant Stapley, and reaffirmed the Company's financial results publicized in the press release issued on July 26, 2016. Id.

On October 10, 2016, Illumina distributed a press release entitled "Illumina Announces Preliminary Revenue for Third Quarter of Fiscal Year 2016." ¶ 22. Therein, the Company declared estimated third quarter revenue of approximately $607 million, which was lower than the Company's third quarter revenue guidance of $625 million to $630 million. Id.  The Company attributed the shortfall to "larger than anticipated year-over-year decline in high throughput sequencing instruments." *Id.*  The Company also proclaimed that it expected fourth quarter revenue to be flat to slightly up sequentially. *Id*.  With this news, Illumina's stock price fell $45.86 per share, or 24.8%, to close at $138.99 per share on October 11, 2016, on remarkably heavy trading volume. ¶ 23.

---

[5] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the *Chen* Action.  The facts set forth in the Complaint are incorporated herein by reference.

Thereafter, on November 1, 2016, Illumina announced its third quarter 2016 revenue of $607 million and reiterated that the Company anticipated fourth quarter revenue to be flat to slightly up. ¶ 24. On an investor conference call held the same day, Defendant deSouza said that the third quarter shortfall was partly attributable to "lower-than-anticipated HiSeq 2500 and 4000 orders, which we believe was driven by legacy HiSeq customers favoring the HiSeq X and NextSeq platforms." *Id*. deSouza also stated that "some high throughput customers have been adopting NextSeq, given its malleable workflow, which enables batching fewer samples and attractive operating costs. *Id*. deSouza further emphasized that the Company was taking steps to improve its projections, stating "to better identify trends like this earlier, we have initiated a global forecast improvement project, which I have asked Marc to lead, that will enhance both our visibility and forecast accuracy." *Id*. On the same call, Defendant Stapley backed up deSouza's remarks on forecasting accuracy by stating "[w]e have already started the initial phase, which is expected to run until mid-December, and we'll identify key opportunities for improvement including any immediate changes that we can make to enhance our visibility *Id*.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Pursuant to the PSLRA, the Court should first rule on motions to consolidate before addressing the lead plaintiff/lead counsel issues. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a).

The actions pending before this Court are suited for consolidation. The class action complaints are all brought by purchasers of Illumina securities. The complaints allege identical class periods and contain nearly identical allegations.

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771, at *6-7 (C.D. Cal. Feb. 14, 2011). Although the Actions are not identical, their common factual and legal bases, similar class periods, nearly identical legal claims, and identical Defendants, warrant consolidation of the Actions.

## II. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A) (i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

|   |   |   |
|---|---|---|
| | (aa) | has either filed the complaint or made a motion in response to a notice; |
| | (bb) | in the determination of the court, has the largest financial interest in the relief sought by the class; and |
| | (cc) | otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. |

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him.  Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

**a.   Movant Is Willing to Serve As Class Representative**

On December 16, 2016, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Illumina and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the action.[6]  Movant has reviewed a complaint filed in the pending Actions and has timely filed its motion pursuant to the Notice.

---

[6] The *Chen* Action was filed in this Court on December 16, 2015.  On that same day, the Notice was published over *Business Wire*, a widely-circulated national

### b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* McCall Decl., Ex. 2. The movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold its shares, if it sold its shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased Illumina securities in reliance upon the materially false and misleading statements issued by defendants, and were injured thereby. Movant suffered a substantial loss of approximately $995,212.56. *See* McCall Decl. Ex. 2. Movant thus has a significant financial interest in the outcome of this case. To the best of its knowledge, there are no

---

business-oriented wire service. *See* McCall Decl. Ex. 3.

other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiffs move for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci.*

*Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying its appointment as Lead Plaintiff.

### 3. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) it suffered the same injuries as the absent class members; (ii) it suffered as a result of the same course of conduct by Defendants; and (iii) its claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Illumina securities during the Class Period at prices artificially inflated by Defendants'

materially false and misleading statements, and were damaged thereby. Thus, its claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### 4. Movant will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses it has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B) (v). Therefore, Movant will prosecute the

Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, it is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead these Actions.

### III.     MOVANT CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See* McCall Decl. Ex. 4 (the firm resume of Levi & Korsinsky).

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Actions; and (3) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: February 14, 2017            Respectfully submitted,

|    |                                                      |
|----|------------------------------------------------------|
| 1  | **LEVI & KORSINSKY LLP**                             |
| 2  | s/ *Adam C. McCall*                                  |
| 3  | Adam C. McCall (SBN 302130)                          |
|    | 445 South Figueroa Street, 31st Floor                |
| 4  | Los Angeles, CA 90071                                |
| 5  | Tel: (213) 985-7290                                  |
|    | Email: amccall@zlk.com                               |
| 6  |                                                      |
| 7  | -and-                                                |
| 8  |                                                      |
| 9  | Nicholas I. Porritt                                  |
|    | Adam M. Apton                                        |
| 10 | 1101 30th Street NW, Suite 115                       |
| 11 | Washington, DC 20007                                 |
|    | Tel: (202) 524-4290                                  |
| 12 | Fax: (202) 333-2121                                  |
| 13 | Email: nporritt@zlk.com                              |
|    | Email: aapton@zlk.com                                |
| 14 | (*to be admitted pro hac vice*)                      |
| 15 | *Attorneys for Movant Natissisa Enterprises Ltd.*    |