LIONEL Z. GLANCY (#134180)
ROBERT V. PRONGAY (#270796)
LESLEY F. PORTNOY (#304851)
CHARLES H. LINEHAN (#307439)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email:      info@glancylaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YI FAN CHEN, and FRONTLINE GLOBAL TRADING PTE. LTD., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and MARC A. STAPLEY,<br><br>Defendants. | Case No.: 3:16-cv-03044-L-MDD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF YI FEN CHEN AND FRONTLINE GLOBAL TRADING PTE. LTD. MOTION FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date: March 20, 2017<br>Crtrm: 5B<br>Judge: M. James Lorenz |

*[Caption Continues on Following Page]*

| | |
|---|---|
| JAMES MCLEOD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and MARC A. STAPLEY,<br><br>Defendants | Case No.: 3:17-cv-00053-L-MDD |

MEMORANDUM OF LAW

Case 3:16-cv-03044-L-MSB   Document 6-1   Filed 02/14/17   PageID.184   Page 3 of 12

Lead Plaintiffs Yi Fan Chen and Frontline Global Trading Pte. Ltd. ("Movants") respectfully submit this memorandum of law in support of their motion pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order (1) consolidating the related cases; (2) appointing Movants as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of Illumina, Inc. ("Illumina" or the "Company") during the period between July 26, 2016, and October 10, 2016, inclusive (the "Class Period"); (3) approving Lead Plaintiffs' selection of Glancy Prongay & Murray LLP as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

## I.      PRELIMINARY STATEMENT

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

This motion is made on the grounds that Movants is the "most adequate plaintiff" as defined by the PSLRA. Movants believe that their financial interest in this action is the largest of any Class member seeking appointment as lead plaintiff in this action. Movants are not aware of any other Class member that filed an action or filed an application for appointment as lead plaintiff that suffered greater losses due to defendants' misconduct. Accordingly, Movants have "the largest financial interest in the relief sought by the class" and should be appointed lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action.

MEMORANDUM OF LAW
1

In addition, for purposes of this motion, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims, and Movants are committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movants respectfully submit that they are presumptively the most adequate plaintiff and should be appointed lead plaintiffs for the Class. Additionally, Movants' selection of Glancy Prongay & Murray LLP as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND

This is a putative federal securities class action brought on behalf of a class consisting of all persons and entities, other than defendants and their affiliates, who purchased or otherwise acquired the securities of Illumina from July 26, 2016, and October 10, 2016, inclusive. The lawsuit seeks to pursue remedies against Illumina and certain of its officers and directors for violations of federal securities laws.

Illumina purportedly provides sequencing- and array-based solutions for genetic analysis. The Company claims that its customers include genomic research centers, academic institutions, government laboratories, hospitals, pharmaceutical, biotechnology, agrigenomics, commercial molecular diagnostic laboratories, and consumer genomics companies..

On October 10, 2016, Illumina issued a press release entitled "Illumina Announces Preliminary Revenue for Third Quarter of Fiscal Year 2016." Therein, the Company announced estimated third quarter revenue of approximately $607 million, which was lower than the Company's third quarter revenue guidance of $625 million to $630 million. The Company attributed the shortfall to "larger than anticipated year-over-year decline in high throughput sequencing instruments." The Company also announced that it expected fourth quarter revenue to be flat to

slightly up sequentially.

The complaint filed in this action alleges that throughout the Class Period, defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, defendants made false and/or misleading statements and/or failed to disclose the following: (1) that the Company was experiencing a large decline in high throughput sequencing instrument sales; (2) that the decline was negatively impacting the Company's revenue; (3) that the Company lacked visibility into trends that could have a substantial impact on the Company's financial results; (4) that, as such, the Company's revenue guidance was unreliable and overstated; and (5) that, as a result of the foregoing, Defendants' positive statements about Illumina's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation* (Third), § 20.123 (1995); *Russo v. Finisar Corp.*, No. 11-cv-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated"). Indeed, the PSLRA requires that related cases be consolidated prior to the appointment of a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Courts recognize that class action shareholder suits are "particularly well suited to consolidation" because their unification expedites

MEMORANDUM OF LAW
3

1 proceedings, reduces duplication, and minimizes the expenditure of time and money
2 by all concerned. *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-
3 05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014); *see also City of
4 Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. 04-cv-4362-MJJ, 2005 WL 318813,
5 at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions
6 "would expedite pretrial proceedings and reduce case duplication, thereby
7 conserving judicial resources"). The Court has broad discretion under this Rule to
8 consolidate cases pending within its District. *Investors Research Co. v. United
9 States District Court for the Central District of California*, 877 F.2d 777 (9th Cir.
10 1989).

11 Here, the two above-captioned actions (the "Related Actions") present
12 substantially similar factual and legal issues, arise from the same alleged scheme by
13 defendants, and allege violations of the same federal securities laws. Each alleges
14 claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, names the same
15 core set of defendants and stems from the same or similar underlying facts and
16 circumstances. Because the Related Actions are based on similar facts and involve
17 the same subject matter and the same legal claims, discovery obtained in any one of
18 the actions will undoubtedly be relevant to all other related actions, and similar class
19 certification issues will be relevant to all of these actions. Accordingly,
20 consolidation of the related actions is appropriate under Fed. R. Civ. P. 42(a) and the
21 PSLRA.

   **B.   Movants Should Be Appointed Lead Plaintiff**

23 The PSLRA provides the procedure for selecting a lead plaintiff in class
24 actions brought under the federal securities laws. The PSLRA provides a "rebuttable
25 presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of
26 adequately representing the interests of the Class – is the person or group of persons
27 that:

28

>   (aa)  has either filed the complaint or made a motion in response to a notice...;
>   (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>   (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u‑4(a)(3)(B)(iii); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44 (S.D.N.Y. 1998).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

>   (aa)  will not fairly and adequately protect the interest of the class; or
>   (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u‑4(a)(3)(b)(iii)(I).

As set forth below, Movants have complied with all of the PSLRA's requirements and they satisfy all of the PSLRA criteria to be appointed lead plaintiffs. Movants, to the best of their knowledge, have the largest financial interest in this litigation, satisfy the relevant requirements of Federal Rule of Civil Procedure 23 and are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1. Movants' Motion Is Timely

Plaintiffs Yi Fan Chen and Frontline Global Trading Pte. Ltd. commenced the first-filed of the above-captioned cases against Illumina on December 16, 2016. That same day, counsel for plaintiffs caused to be published a notice on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising

1  purchasers of Illumina securities that they had 60 days from the publication of the
2  December 16, 2016 notice to file a motion to be appointed as lead plaintiff. *See*
3  Declaration of Robert V. Prongay in Support of Yi Fan Chen and Frontline Global
4  Trading Pte. Ltd. Motion for Appointment as Lead Plaintiff and Approval of Lead
5  Counsel ("Prongay Decl.") at Exhibit ("Exh.") A; *Greebel v. FTP Software, Inc.*,
6  939 F.Supp. 57, 62-63 (D. Mass. 1996) (publication on a national wire service
7  satisfies the PSLRA notice requirement).

8      Movants timely file this motion within the 60-day period following
9  publication of the December 16, 2017 PSLRA notice, submit herewith their sworn
10 certifications and attest that they are willing to serve as representatives of the Class
11 and to provide testimony at deposition and trial, if necessary. *See* Prongay Decl.,
12 Exh. B.

13     Accordingly, Movants satisfy the first PSLRA requirement to be appointed
14 lead plaintiffs. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2. Movants Have the Largest Financial Interest in the Relief Sought by the Class

17     The PSLRA requires a court to adopt the rebuttable presumption that "the
18 most adequate plaintiff…is the person or group of persons that…has the largest
19 financial interest in the relief sought by the class." 15 U.S.C. §78u‑4(a)(3)(B)(iii);
20 *Cavanaugh*, 306 F.3d at 729-30.

21     At the time of this filing, Movants believe they have the largest financial
22 interest among Class members who filed timely applications for appointment as lead
23 plaintiff and accordingly are presumed to be the "most adequate plaintiff."

24     During the Class Period, Movants purchased 6,000 shares of Illumina
25 common stock and expended approximately $1,107,542.79 on their purchases of
26 Illumina securities during the Class Period. As a result of the revelations of the
27 fraud, Movants suffered approximately $273,602.76 in losses. *See* Prongay Dec.,
28 Exh. C. To the best of their knowledge, Movants are not aware of any other Class

members claiming larger financial losses that have filed a motion for appointment as lead plaintiff. Movants, therefore, satisfy the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiffs for the Class. *See Id.* at 730.

### 3. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a putative lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] is deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry…should be confined to determining whether the Movants has made a *prima facie* showing of typicality and adequacy").

### (a) Movants' Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims…of the representative parties" be "typical of the claims…of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher v. Guess?, Inc.*, No. 01-cv-00871LGB (RNBX), 2001 WL 861694,at *4 (C.D. Cal. Apr. 26, 2001). Under Rule 23, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants purchased Illumina securities during the Class Period and suffered losses as a result of their transactions. Like all members of the Class, Movants allege that defendants violated federal securities laws by disseminating materially misleading statements concerning Illumina's operations and financial prospects. Movants' losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Illumina securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Movants' interests and claims are typical of the interests and claims of the Class.

### (b) Movants Are an Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999)

(citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007SJO(CWX), 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). *See In re Sterling Fin. Corp. Sec. Class Action*, No. 07-cv-2171, 2007 WL 4570729, at *4 (E.D. Pa. Dec. 21, 2007) (highlighting that the adequacy requirement is satisfied when "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of the other class members.").

Here, Movants easily satisfy the adequacy requirements. Their financial interest demonstrates that they have a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Movants are] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Movants have retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Prongay Decl., Exh. D (the firm's résumé). In addition, Movants are not aware of any conflict between their claims and those asserted on behalf of the Class.

**C.  The Court Should Approve Lead Plaintiffs' Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. §78u‑4(a)(3)(B)(iii)(II)(aa)). Here, Movants have retained Glancy Prongay & Murray LLP − law firm with extensive experience and substantial expertise in securities litigation − to pursue this litigation on their behalf

and will retain this firm as Lead Counsel in the event Movants are appointed lead plaintiff. As reflected by the firm's résumé, attached to the Prongay Decl. as Exh. D, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movants' selection of counsel.

## IV.   CONCLUSION

For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order (1) consolidating the Related Actions; (2) appointing Movants as Lead Plaintiff; (3) approving Movants' selection of Glancy Prongay & Murray Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

Dated: February 14, 2017     **GLANCY PRONGAY & MURRAY LLP**

By: *s/ Robert V. Prongay*
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160
Email: info@glancylaw.com

*Counsel for Plaintiff and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel for Plaintiff*