**ROBBINS GELLER**
  **RUDMAN & DOWD LLP**
TRICIA L. MCCORMICK (Bar No. 199239)
655 West Broadway
Suite 1900
San Diego, CA  92101
Tel: (619) 231-1058
Fax: (619) 231-7423
triciam@rgrdlaw.com

*Proposed Liaison Counsel for the Class*

[*Additional counsel on signature page.*]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YI FAN CHEN, and FRONTLINE GLOBAL TRADING PTE. LTD., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and MARC A. STAPLEY,<br><br>Defendants. | Case No.:  3:16-cv-03044-L-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTIONS OF CITY OF HARTFORD MUNICIPAL EMPLOYEES' RETIREMENT FUND FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Hearing Date:  March 20, 2017<br>Judge: The Honorable M. James Lorenz<br>Courtroom: 5B<br><br>ORAL ARGUMENT REQUESTED |

## **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ............................................................................... 1

II. STATEMENT OF FACTS ....................................................................................... 3

III. ARGUMENT ............................................................................................................ 4

    A. The Related Actions Should Be Consolidated ................................................ 4

    B. Hartford Is the Most Adequate Lead Plaintiff ................................................. 5

        1. Hartford's Motion Is Timely ................................................................... 6

        2. Hartford Has the Largest Financial Interest in the Relief Sought by the Class ........................................................................................... 7

        3. Hartford Satisfies the Relevant Requirements of Rule 23 .................... 7

            i. Hartford's Claims Are Typical ..................................................... 7

            ii. Hartford Is Adequate ................................................................... 8

    C. The Court Should Approve Hartford's Selection of Lead Counsel ................ 9

IV. CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bowman v. Legato Sys., Inc.*,
   195 F.R.D. 655 (N.D. Cal. 2000) ............................................................................ 3, 9

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ............................................................................. 2, 6, 7

*In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ................................................................................ 3, 9

*Curry v. Yelp Inc.*,
   Nos. 14-cv-03547-JST, *et al.*,
   2014 U.S. Dist. LEXIS 161042 (N.D. Cal. Nov. 17, 2014) ......................................... 5

*Mallen v. Alphatec Holding, Inc.*,
   No. 10CV1673 BEN (CAB), 2011 WL 175687 (S.D. Cal. Jan. 19, 2011) .................... 7

*Shreves v. Xunlei Ltd.*,
   No. CV-15-04288-MWF, 2015 WL 5446935 (C.D. Cal. Sept. 15, 2015) ................. 7, 8

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ............................................................................................ 8

H.R. CONF. REP. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 ....... 2-3, 9

Putative class member City of Hartford Municipal Employees' Retirement Fund ("Hartford"), by and through its counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motions for: (1) consolidation of the above-captioned action with the related securities class action captioned *McLeod v. Illumina, Inc., et al.*, No. 3:17-cv-05513 (S.D. Cal.); (2) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B) (the "PSLRA"); and (3) approval of its selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Liaison Counsel for the class.[1]

### I. PRELIMINARY STATEMENT

Two class actions ("the Actions") brought on behalf of all persons who purchased or otherwise acquired Illumina, Inc. ("Illumina" or the "Company") securities between July 26, 2016, and October 10, 2016 (the "Class Period"), are currently pending in this District. The Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Illumina and certain of its executive officers. As detailed below, the Actions involve common issues of law and fact and should be

---

[1] The Motions have been filed pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA. Section 21D(a)(3)(B) provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Hartford cannot determine who the competing lead plaintiff candidates are at this time. As a result, counsel for Hartford has been unable to coordinate with other parties regarding the subject matter of the motions as prescribed in the Honorable M. James Lorenz United States District Judge Standing Order for Civil Cases (the "Standing Order"), and Hartford respectfully requests that the conference requirement of the Standing Order be waived for this Motion.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTIONS OF CITY OF HARTFORD MUNICIPAL EMPLOYEES' RETIREMENT FUND
CASE NO. 3:16-CV-03044-L-MDD

consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)").  *See* § III.A, *infra*.

After consolidation, the PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws.  Specifically, the PSLRA requires the appointment of the movant who: (1) makes a timely motion under the PSLRA's 60-day deadline; (2) asserts the largest financial interest in the relief sought by the class; and (3) also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

Hartford respectfully submits that it is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because, to the best of its knowledge, its loss of approximately $391,824 on either a first-in, first-out ("FIFO") basis or a last-in, first-out ("LIFO") basis in connection with its Class Period transactions in Illumina securities represents the largest known financial interest in the relief sought by the class.  *See* Declaration of Tricia L. McCormick in Support of the Motions of City of Hartford Municipal Employees' Retirement Fund for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("McCormick Decl."), Exs. A (PSLRA certification) & B (loss chart).

In addition to asserting the largest financial interest, Hartford easily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the class and because it will fairly and adequately represent the class.  *See* § III.B, *infra*.  Moreover, as an institutional investor overseeing approximately $1 billion in assets on behalf of thousands of beneficiaries, Hartford is the prototypical lead plaintiff envisioned by Congress to serve as lead plaintiff under the PSLRA, and its appointment fulfills this critical legislative purpose.  *See* H.R. CONF. REP. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTIONS OF CITY OF HARTFORD MUNICIPAL EMPLOYEES' RETIREMENT FUND
CASE NO. 3:16-CV-03044-L-MDD

institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Bowman v. Legato Sys., Inc.*, 195 F.R.D. 655, 657 (N.D. Cal. 2000) ("a large institutional investor with significant monetary losses . . . is exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements . . . by enacting the [PSLRA]").

Finally, Hartford has selected experienced and competent counsel to represent the class. Accordingly, Hartford respectfully requests that its selection of Kessler Topaz as Lead Counsel and Robbins Geller as Liaison Counsel for the class be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

## II.   STATEMENT OF FACTS

Illumina, a Delaware corporation with its principal executive offices located in San Diego, California, manufactures and sells DNA-sequencing and microarray instruments and consumable products that are used in clinical and research settings to conduct genetic analysis. The Company's DNA-sequencing instruments include, among others, its HiSeq product line of high-throughput sequencing systems.

The Actions allege that throughout the Class Period, Defendants made materially false and/or misleading statements and/or omitted material facts regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements regarding the Company's revenue guidance while failing to disclose that: (1) the Company was experiencing a significant decline in high throughput sequencing instrument sales; (2) the decline was negatively impacting the Company's revenue; (3) the Company lacked visibility into market trends that could materially

3

impact its financial results; and (4) as a result, the Company's revenue guidance was unreliable and overstated.

The truth regarding the material adverse impact of declining high throughput sequencing instrument sales on the Company's financial results was partially revealed on October 10, 2016, when Illumina announced its preliminary revenue for the third quarter of 2016 ("3Q16") of approximately $607 million, which missed the Company's guidance in the range of $625 million to $630 million. Illumina attributed the shortfall to "a larger than anticipated year-over-year decline in high throughput sequencing instruments[,]" and further disclosed that it expected revenue for the fourth quarter of 2016 ("4Q16") to be "flat to slightly up sequentially." On this news, the Company's stock price declined $45.86 per share, or nearly 25%, to close at $138.99 per share on October 11, 2016.

After the Class Period, on November 1, 2016, the Company announced its final 3Q16 revenue of $607 million and reiterated that it expected 4Q16 revenue to be flat to slightly up. On Illumina's 3Q16 earnings conference call that same day, the Company's Chief Executive Officer, Defendant Francis A. deSouza ("deSouza"), attributed the 3Q16 revenue shortfall in part to "lower-than-anticipated HiSeq 2500 and 4000 orders, which we believe was driven by legacy HiSeq customers favoring the HiSeq X and NextSeq platforms." Defendant deSouza further stated that because of these trends, the Company "will not see the second half uptick in high-throughput instrument placements we had previously expected." Finally, Defendant deSouza announced that "to better identify trends like this earlier, we have initiated a global forecast improvement project . . . that will enhance both our visibility and forecast accuracy."

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed,"

4

courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

Here, there are at least two related securities class actions asserting claims under the federal securities laws on behalf of investors:

| **Case Caption** | **Date Filed** | **Claims/Class Period** |
| --- | --- | --- |
| *Chen, et al. v. Illumina, Inc., et al.*, No. 16-cv-03044 | Dec. 16, 2016 | Sections 10(b) and 20(a) of the Exchange Act; July 26, 2016, through October 10, 2016 |
| *McLeod v. Illumina, Inc., et al.*, No. 17-cv-05513 | Jan. 10, 2017 | Sections 10(b) and 20(a) of the Exchange Act; July 26, 2016, through October 10, 2016 |

Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact. *See Curry v. Yelp Inc.*, Nos. 14-cv-03547-JST, *et al.*, 2014 U.S. Dist. LEXIS 161042, at *3 (N.D. Cal. Nov. 17, 2014) (citing Rule 42(a)). Here, the Actions present virtually identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of Illumina securities, over identical class periods, at artificially inflated prices. Accordingly, consolidation is appropriate. *See id.*, at *3-4 (consolidating two actions asserting claims under the Exchange Act).

### B. Hartford Is the Most Adequate Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *Id.* § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any

member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See id.* § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See id*. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant asserting the largest financial interest in the relief sought by the class that also satisfies the relevant requirements of Rule 23. *Id*. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-32. The "most adequate plaintiff" presumption "may be rebutted only upon proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Hartford is the "most adequate plaintiff" because it: (1) has filed a timely motion for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id*. § 78u-4(a)(3)(B)(iii)(I).

### 1. Hartford's Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty (60) days of the publication of notice announcing that a securities fraud class action lawsuit has been filed. *See id*. § 78u-4(a)(3)(A)(i)(II). Here, in connection with the filing of the first-filed action, *Chen, et al. v. Illumina*, *Inc., et al.*, No. 16-cv-03044-L-MDD (S.D. Cal.), notice was published on December 16, 2016, in

*Business Wire*. *See* McCormick Decl., Ex. C. Accordingly, the deadline to seek appointment as lead plaintiff is February 14, 2017. Therefore, Hartford's Motion is timely.

### 2. Hartford Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, Hartford suffered substantial losses of approximately $391,824 on either a FIFO basis or a LIFO basis in connection with its Class Period purchase of 8,062 shares of Illumina stock. *See* McCormick Decl., Exs. A-B; *see also Mallen v. Alphatec Holding, Inc.*, No. 10CV1673 BEN (CAB), 2011 WL 175687, at *1 (S.D. Cal. Jan. 19, 2011) (appointing as lead plaintiff movant with largest loss). All shares where retained throughout the Class Period. To the best of Hartford's knowledge, there are no other applicants seeking appointment as Lead Plaintiff asserting a larger financial interest in this litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb); *Cavanaugh*, 306 F.3d at 732.

### 3. Hartford Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, Hartford also satisfies the applicable requirements of Rule 23: typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Cavanaugh*, 306 F.3d at 730, 732 (explaining that at the lead plaintiff stage, the inquiry must focus on whether the movant satisfies the "typicality" and "adequacy" requirements of Rule 23).

#### i. *Hartford's Claims Are Typical*

The typicality requirement is satisfied where the movant's claims are "similar to all class members." *Shreves v. Xunlei Ltd.*, No. CV-15-04288-MWF (ASx), 2015 WL 5446935, at *3 (C.D. Cal. Sept. 15, 2015). Moreover, a "prima facie showing of

typicality does not require that the claims of the movant be nearly identical to those of the class." *Id.* Here, the typicality requirement is satisfied because Hartford, like all other members of the class, seeks to recover losses resulting from Defendants' misrepresentations and omissions, and Hartford is not subject to any unique or special defenses. *See id.*

### ii. Hartford Is Adequate

Rule 23's adequacy requirement is met when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Thus, the adequacy element is satisfied where: (a) the movant is "willing[] to vigorously represent the class's claims"; (b) "the movant's interests do not conflict with those of the class"; and (c) "the movant's counsel is capable and qualified." *Xunlei*, 2015 WL 5446935, at *3.

No conflicts exist between Hartford's interests and those of the class; rather, the interests of Hartford and the class are squarely aligned. In addition, Hartford incurred substantial financial harm in connection with its Class Period purchases of Illumina securities due to Defendants' alleged misrepresentations and omissions and, therefore, has a strong interest in ensuring the vigorous prosecution of the Actions. Further, Hartford has demonstrated its adequacy through its selection of Kessler Topaz as Lead Counsel and Robbins Geller as Liaison Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex actions in an efficient, effective, and professional manner. Similarly, Robbins Geller is well qualified to represent the class as Liaison Counsel.

In addition to satisfying the typicality and adequacy requirements of Rule 23, the appointment of Hartford also fulfils a critical legislative goal underlying the enactment of the PSLRA—encouraging sophisticated institutions with large financial interests to serve

as lead plaintiff. *See Bowman*, 195 F.R.D. at 657 ("a large institutional investor with significant monetary losses . . . is exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements . . . by enacting the [PSLRA]"); *see also* H.R. CONF. REP. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Hartford is a city pension fund that oversees approximately $1 billion in assets on behalf of thousands of beneficiaries. Thus, Hartford is exactly the type of movant preferred by the PSLRA. *See Bowman*, 195 F.R.D. at 657.

### C. The Court Should Approve Hartford's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, courts should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen*, 586 F.3d at 712 ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)). Hartford respectfully requests that its selection of Kessler Topaz as Lead Counsel and Robbins Geller as Liaison Counsel for the class be approved.

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* McCormick Decl., Ex. D. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-1335-B (D.N.H. 2002) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act*

*(ERISA) Litig.*, No. 09-MDL-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions, including: *Baker v. SeaWorld Entertainment, Inc.*, No. 14-cv-2129-MMA (KSC) (S.D. Cal.); *In re Ocwen Financial Corporation Securities Litigation*, No. 14-cv-81057-CIV-WPD (S.D. Fla.); and *Basile v. Valeant Pharmaceutical International, Inc.*, No. CV 14-2004-DOC (KESx) (C.D. Cal.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658-SAS (S.D.N.Y.)—one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re Southern Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Finally, Robbins Geller has substantial experience litigating complex securities class actions and is well qualified to represent the class as Liaison Counsel. *See* McCormick Decl., Ex. E.

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Hartford's selection of Kessler Topaz as Lead Counsel and Robbins Geller as Liaison Counsel for the class.

## IV. CONCLUSION

For the foregoing reasons, Hartford respectfully requests that the Court: (1) consolidate the above-captioned related actions; (2) appoint Hartford as Lead Plaintiff; and (3) approve Hartford's selection of Kessler Topaz as Lead Counsel and Robbins Geller as Liaison Counsel for the class.

DATED: February 14, 2017

**ROBBINS GELLER
 RUDMAN & DOWD LLP**

*/s/ Tricia L. McCormick*
TRICIA L. MCCORMICK (BAR NO. 199239)
655 West Broadway
Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423
triciam@rgrdlaw.com

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
 MELTZER & CHECK, LLP**
NAUMON A. AMJED
DARREN J. CHECK
JONATHAN R. DAVIDSON
RYAN T. DEGNAN
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
jdavidson@ktmc.com
rdegnan@ktmc.com

*Counsel for City of Hartford Municipal Employees' Retirement Fund and Proposed Lead Counsel for the Class*