**LEVI & KORSINSKY LLP**
Adam C. McCall (SBN 302130)
Email: amccall@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290

-and-

NICHOLAS I. PORRITT (DC:457601; NY)
Email: nporritt@zlk.com
ADAM M. APTON (DC:1017720; NY)
Email: aapton@zlk.com
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
(*pro hac vice to be submitted*)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YI FAN CHEN, and FRONTLINE GLOBAL TRADING PTE. LTD., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and MARC A. STAPLEY,<br><br>Defendants. | No. 3:16-cv-03044-L-MDD<br><br>**MOVANT NATISSISA ENTERPRISES LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |

| | |
|---|---|
| JAMES MCLEOD, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br>    vs.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and MARC A. STAPLEY,<br><br>              Defendants. | No. 3:17-cv-00053-L-MDD<br><br>Date: March 20, 2017<br><br>NO ORAL ARGUMENT PURSUANT TO LOCAL RULES<br><br>Courtroom: 5B (5th Fl. – Schwartz)<br>Judge: M. James Lorenz |

# MEMORANDUM OF POINTS AND AUTHORITIES
# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT .............................................................................................................. 2

   I.    NATISSISA IS THE MOST ADEQUATE LEAD PLAINTIFF ............... 2

   II.   NATISSISA'S CHOICE OF COUNSEL SHOULD BE APPROVED ...... 4

CONCLUSION ........................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh*,
　306 F.3d 726 (9th Cir. 2002) ..................................................................................2, 4

*Hufnagle v. Rino Int'l Corp.*,
　No. CV 10-8695, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011) ......... 4

*Richardson v. TVIA, Inc.*,
　Case Nos. No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal.
　Apr. 16, 2007) ............................................................................................................ 3

## PRELIMINARY STATEMENT

Movant Natissisa Enterprises Ltd. ("Natissisa")'s motion for appointment as lead plaintiff and selection of counsel should be granted ("Motion").[1] Between Natissisa and the other movants seeking appointment as lead plaintiff, Natissisa has sustained the largest loss in Illumina, Inc. ("Illumina") securities:

| **Movant** | **Claimed Loss** |
|---|---|
| Natissisa Enterprises Ltd. | $995,213 |
| City of Hartford Retirement Municipal Employees' Retirement Fund | $391,824 |
| Yi Fan Chen and Frontline Global Trading Pte. Ltd. | $273,603 |
| Armandino Batali and Peter Greenwald | $10,142 |

With almost $1 million in losses, Natissisa is by far the movant with the "largest financial interest" in the action and, therefore, is presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B).

Two of the competing movants for lead plaintiff—(i) Yi Fan Chen and Frontline Global Trading Pte. Ltd. and (ii) Armandino Batali and Peter Greenwald—acknowledge that Natissisa is entitled to the presumption of "most adequate plaintiff" and should serve as lead plaintiff in this class action. Each of

---

[1] Natissisa seeks appointment as lead plaintiff in the above-captioned action as well as the related action subject to the motion for consolidation, styled: *McLeod v. Illumina, Inc., et al.*, No. 3:17-cv-00053-L-MDD.

MOVANT NATISSISA ENTERPRISES LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case Nos. 3:15-CV-02700-JLS-NLS and 3:15-cv-02951-JLS-NLS
1

these movants have withdrawn their respective motions and, in fact, have conceded that Natissisa should be appointed lead plaintiff. Dkt. Nos. 14, 15. The only movant remaining—City of Hartford Retirement Municipal Employees' Retirement Fund ("Hartford Retirement")—has indicated that it likewise does not intend to oppose Natissisa's Motion.

For the reasons set forth below, Natissisa's Motion should be granted in its entirety.

## ARGUMENT

### I. NATISSISA IS THE MOST ADEQUATE LEAD PLAINTIFF

Under the PSLRA, this Court is directed to "appoint as lead plaintiff 'the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members.'" 15 U.S.C. § 78u-4(a)(3)(B)(i). When deciding among competing lead plaintiff movants, the Court must first determine which investor possesses the largest financial interest, and then – absent any showing that could rebut such movant's adequacy or typicality – appoint that investor as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C § 78u-4(a)(3)(B)(iii). The movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *In re Cavanaugh,* 306 F.3d at 732.

California District Courts generally consider four factors when identifying the movant with the greatest financial interest: "(1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate loss suffered."

*Ferrari v. Gisch*, 225 F.R.D. 599, 604 (C.D. Cal. 2004). Of the four factors, the fourth factor, the "approximate loss suffered, is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Richardson v. TVIA, Inc.*, Case Nos. No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *13-14 (N.D. Cal. Apr. 16, 2007).

At the end of the Class Period, Natissisa was left with 30,000 retained shares which had cost over $5 million to purchase.[2] None of the other movants match the size of Natissisa's investment in Illumina. Natissisa is entitled to the presumption of "most adequate plaintiff" because, relative to the other movants, Natissisa has the largest financial interest of any qualified movant:

| Movant | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Claimed Loss |
|---|---|---|---|---|
| Natissisa | 30,000 | 30,000 | $5,072,348 | $995,213 |
| Hartford Retirement | 8,062 | 8,062 | $1,471,253 | $391,824 |
| Yi Fan Chen and Frontline Global Trading Pte. Ltd. | 6,000 | 6,000 | $1,107,543 | $273,603 |
| Armandino Batali and Peter Greenwald | 180 | 180 | $33,471 | $10,142 |

(Dkt. Nos. 4-6, 5-4, 6-5, 8-5.)

---

[2] The cost of Natissisa's retained shares is the sum of its Illumina share purchases during the class period. Natissisa did not have any intra-class period sales. Natissisa Loss Chart, Dkt. No. 5-4.

Natissisa's presumption as "most adequate plaintiff" may be rebutted only upon proof by a class member that Natissisa "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh,* 306 F.3d at 741. Natissisa meets the adequacy and typicality requirements of Rule 23 for the reasons stated in its memorandum of law in support of its Motion. Dkt. No. 5-1, pp. 8-10. Therefore, the competing movants must provide "proof" to the contrary to overcome Natissisa's presumption as the "most adequate plaintiff." *See Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695, 2011 U.S. Dist. LEXIS 19771, at *20 (C.D. Cal. Feb. 14, 2011) (unique defense not present where movant failed to submit proof).

This the other movants have not and cannot do this. In fact, movants (i) Yi Fan Chen and Frontline Global Trading Pte. Ltd. and (ii) Armandino Batali and Peter Greenwald withdrew their respective motions. Dkt. Nos. 14, 15. Likewise, Hartford Retirement has indicated that it does not intend to oppose Natissisa's Motion.

## II. NATISSISA'S CHOICE OF COUNSEL SHOULD BE APPROVED

Natissisa has selected and retained Levi & Korsinsky LLP as the proposed Lead Counsel for the Class. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). Given Levi & Korsinsky LLP's extensive experience in the securities litigation area, Natissisa's choice of counsel should be approved. *See* Firm Resume, Dkt. No. 5-6.

# CONCLUSION

For the foregoing reasons, Natissisa respectfully requests that this Court: (1) appoint Natissisa as Lead Plaintiff for the Class in the above captioned action; and (2) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated:  March 6, 2017              Respectfully submitted,


**LEVI & KORSINSKY LLP**

s/ *Adam C. McCall*
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: amccall@zlk.com


-and-

Nicholas I. Porritt
Adam M. Apton
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
Email: nporritt@zlk.com
Email: aapton@zlk.com
(*to be admitted pro hac vice*)

*Attorneys for Movant Natissisa Enterprises Ltd.*