Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
**LEVI & KORSINSKY, LLP**
Email: aapton@zlk.com
Email: amccall@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel:  (213) 985-7290

*Attorneys for Lead Plaintiff
and Lead Counsel for Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ILLUMINA, INC. SECURITIES LITIGATION | Master File No. 3:16-CV-03044-L-MDD<br><br>**<u>CLASS ACTION</u>**<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Case Management Conference:**<br>Date: May 11, 2018<br>Time: 10:30 AM<br>Magistrate Judge: Hon. Karen S. Crawford<br>Location: Telephonically |

   Pursuant to the Honorable Karen S. Crawford's March 29, 2018 Order Granting the Joint Motion to Excuse Early Neutral Evaluation and Set Case Management Conference (Doc. No. 51) (the "Scheduling Order"), Lead Plaintiff Natissisa Enterprises Ltd. ("Plaintiff"), and Defendants Illumina, Inc., Francis A. deSouza, and Marc A. Stapley ("Defendants") (collectively, Plaintiff and Defendants are referred to as the "Parties"), held a conference on March 14, 2018,

NY: 1100356-1

and again on April 20, 2018, in accordance with Federal Rule of Civil Procedure 26(f). During those conferences, the Parties discussed the matters required by Rule 26(f), the Civil Chambers Rules, and orders of this Court. The Parties now submit this Joint Discovery Plan in accordance with the Honorable Karen S. Crawford's Orders.

**I.     Joint Proposed Litigation Schedule**

The Parties have met and conferred regarding a Proposed Joint Litigation Schedule. The Proposed Schedule is attached hereto as Exhibit 1. The Parties respectfully request that this Court approve the Proposed Schedule in full.

**II.    Rule 26(f)(3) Discovery Plan**

**A.     Rule 26(f)(3)(A) – Rule 26(a)(1)(A-D) Disclosures**

Pursuant to the Court's Scheduling Order, the service of initial disclosures shall occur on or before May 4, 2018.

**B.     Rule 26(f)(3)(B) – Anticipated Scope of Discovery**

The Parties agree that discovery should not be conducted in phases.

<u>Discovery Topics</u>

The Parties have discussed the likely topics of discovery in this action. Based on these discussions, one or more Parties may seek discovery on one or more of the following topics:

- Illumina's operational and organizational structure;
- Illumina's sales and revenue information (including forecasting, projections, modeling, and shipments) for HiSeqX, HiSeq, and NextSeq products;
- Illumina's order system and manufacturing process for its HiSeq, NextSeq, and HiSeqX products;
- Illumina's public statements, including investor relations, communications with analysts, and disclosures filed with the SEC;

- Processes regarding Illumina's forecasting, tracking sales/revenue, ordering, pipeline, and backlog;
- Illumina's alleged efforts to improve financial forecasting prior to and following the end of the putative Class Period, including the measures allegedly discussed during the May 3, 2016 and November 1, 2016 conference calls;
- Illumina's stock price during the putative Class Period, and for the purposes of calculating damages pursuant to 15 U.S. Code §78u-4(e);
- Plaintiff's investment decisions and adequacy as a class representative;
- Class Certification and related issues;
- Damages; and
- Loss Causation.

The Parties do not all agree that each of the listed topics are relevant to this action. Each party reserves the right to object to discovery on any or all of the listed topics as well as to seek discovery on other topics not listed. However, the Parties have agreed to meet and confer further concerning any disputed topics following the service of document requests and/or deposition notices in an effort to resolve any disagreements over the appropriate subject matter of discovery without the need for motion practice.

<u>Relevant time period for discovery</u>.

The parties have a difference of opinion concerning the appropriate time period for discovery.

*Plaintiff's Position*

Plaintiff intends to seek discovery relating to, among other things, Illumina's sales for the period January 1, 2014, through March 31, 2017. Based upon public statements made by Defendants, Plaintiff alleges in its complaint that Illumina's earnings miss during the third quarter of 2016 was due, at least in part, to a "trend"

that first emerged following the introduction of a new product line in January 2014. Specifically, Jay Flately, Illumina's former Chief Executive Officer, represented that Illumina sold less "HiSeq" device because customers had been buying the "NextSeq" device instead and that this shift in consumer preferences was a "trend" that had been "building" for some time and "didn't show up suddenly." FAC, ¶27. Plaintiff, based upon a close review of Illumina's public statements, alleged that this "trend" began almost immediately after Illumina introduced the HiSeq X and NextSeq devices to the market in 2014. FAC, ¶¶22-26. This "trend" is a key component to Plaintiff's theory of liability, as Defendants' statements to the public became increasingly more misleading as the "trend" for newer HiSeq models continued to grow. Accordingly, whether and to what extent Defendants were accounting for this "trend" when issuing its sales projections will be a key issue in this case, especially when attempting to prove scienter on the part of Defendants. Sales information dating back to January 2014 will, therefore, be a relevant topic for discovery.

*Defendants' Position*

This case arises from Illumina's third quarter 2016 earnings guidance, and Defendants believe that discovery should accordingly focus on the period in 2016 when that guidance was developed and issued. What the Defendants knew or didn't know in 2014 or 2015 about alleged sales trends (if any) that existed at that time is irrelevant, as the issue in dispute, with respect to the Defendants' intent, is whether they had "actual knowledge that they would fail to hit their earnings guidance" *when the third quarter 2016 forecasts were issued in July of 2016*. *See* Ruling on Demurrer, ECF No. 39 at 10:1-7. Moreover, even assuming *arguendo* that the existence of a purported sales trend prior to July of 2016 has any relevance to this analysis, the first alleged impact of that trend on Illumina's earnings did not occur until the beginning of 2016, according to Plaintiffs' own Complaint. *See* FAC ¶ 26;

*see also* Ruling on Demurrer, ECF No. 39 at 2:15-19. As a result, there is no basis for taking discovery concerning earlier years. Expanding the discovery period by two full years to 2014, as Plaintiffs propose, would greatly expand the costs associated with discovery, particularly the collection and review of electronic documents, for no apparent purpose.

### C.   FRCP 26(f)(3)(C) - Electronically Stored Information

In accordance with Federal Rule 26(f)(3)(C), the Parties have discussed electronically stored information. As guiding principles, the Parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, and to use their reasonable efforts to produce electronically stored information in the format preferred by the requesting party, including reasonable requests for production of such information with metadata intact.

### D.   FRCP 26(f)(3)(D) – Privilege Issues

In accordance with Federal Rule 26(f)(3)(D), the parties have discussed privilege and protection issues. The Parties anticipate negotiating a stipulated confidentiality agreement that would include an appropriate non-waiver provision pursuant to Federal Rule of Evidence 502(d). The Parties have agreed to meet and confer further to discuss the content and format of privilege logs and whether particular categories of information, such as communications with litigation counsel following the commencement of this action, need not be logged.

### E.   FRCP 26(f)(3)(E) – Changes to Discovery Limitations

The Parties do not anticipate any changes to the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules, and applicable case law. The Parties do, however, reserve the right to seek leave of Court to exceed these discovery limitations if necessary.

**F.     FRCP 26(f)(3)(F) – Other Discovery & Scheduling Orders**

In accordance with Federal Rule 26(f)(3)(F), the Parties have discussed the need for other discovery or scheduling orders under Rule 26(c), 16(b), and 16(c). They are negotiating a stipulated confidentiality agreement, which the Parties anticipate filing with the Court in the next few weeks.

**III.    Additional Discovery Issues (Chamber Rules)**

**A.     Chamber Rule IV. B. 1. – Limited Discovery to Enable Settlement**

The Parties agree that a settlement is highly unlikely without meaningful discovery. This is a complex securities litigation in which Plaintiff estimates damages of the putative class at over $600 million, while Defendants dispute that they have any liability to Plaintiff or the putative class and have asserted numerous defenses to liability and damages. Without the ability to explore their respective claims and defenses in discovery, the Parties do not believe that settlement discussions would be productive.

**B.     Chamber Rule IV. B. 2. – Need for Electronically Stored Information**

As discussed above, the Parties have discussed electronically stored information. As guiding principles, the Parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, and to use reasonable efforts to produce electronically stored information in the format preferred by the requesting party, including reasonable requests for production of such information with metadata intact.

**C.     Chamber Rule IV. B. 3. – Issues Requiring Expert Evidence**

This is a complex securities litigation. Therefore, the Parties anticipate needing expert evidence in multiple areas, including damages, class certification, and loss causation.

### D.   Chamber Rule IV. B. 4. – Procedures to Resolve Privilege

As guiding principles, the Parties agree to meet and confer in good faith concerning issues that arise with respect to any claimed Privilege. The Parties have agreed that any party claiming privilege will produce a privilege log detailing what privilege is being asserted, except to the extent (if any) it is otherwise agreed by the Parties. The Parties have agreed to meet and confer further to discuss the timing, content and format of privilege logs and whether particular categories of information, such as communications with litigation counsel following the commencement of this action, need not be logged. After these steps, the Parties will follow the steps required under Chamber Rule V.

### E.   Chamber Rule IV. B. 5. – Whether a Protective Order will be Needed

As discussed above, the Parties are negotiating a stipulated confidentiality agreement, which the Parties anticipate filing with the Court in the next few weeks.

Dated: May 4, 2018

*/s/ Adam M. Apton*
**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa St., 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Fax: (202) 333-2121
Email: aapton@zlk.com
Email: amccall@zlk.com

**LEVI & KORSINSKY, LLP**
Nicholas I. Porritt (Admitted *Pro Hac Vice*)
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Email: nporritt@zlk.com

*Attorneys for Lead Plaintiff and Lead Counsel for Class*

| | |
|---|---|
| Dated: May 4, 2018 | /s/ Mark Chen |

**COVINGTON & BURLING LLP**
Mark Chen (SBN 310450)
1999 Avenue of the Stars, Suite 1500
Los Angeles, California 90067
Telephone: +1 (424) 332-4800
mychen@cov.com

**COVINGTON & BURLING LLP**
Mark P. Gimbel (Admitted Pro Hac Vice)
C. William Phillips (Admitted Pro Hac Vice)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 841-1000

Attorneys for Defendants

### SIGNATURE ATTESTATION

Under Section 2.f.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

By:  /s/ Mark Chen
     Mark Chen

8

**Exhibit 1 to Joint Rule 26(f) Report**

| Event | Date |
|---|---|
| 26(a) Initial Disclosures | May 4, 2018 |
| Deadline to File Motion for Class Certification | September 14, 2018 |
| Deadline to Complete Depositions on Class Certification Issues of Lead Plaintiff and Plaintiffs' Class Certification Expert (if any) | October 26, 2018 |
| Deadline to File Opposition to Motion for Class Certification | November 16, 2018 |
| Deadline for Complete Deposition of Defendants' Class Certification Expert (if any) | December 21, 2018 |
| Deadline to File Reply in Support of Class Certification | January 11, 2019 |
| Fact Discovery Deadline | May 31, 2019 |
| Expert Reports Deadline | June 28, 2019 |
| Rebuttal Expert Reports Deadline | August 9, 2019 |
| Expert Discovery Deadline | September 20, 2019 |
| Summary Judgment Motion Deadline | November 15, 2019 |
| Opposition to Summary Judgment Motions | January 10, 2020 |
| Reply in Further Support of Summary Judgment | February 7, 2020 |
| Pre-Trial Conference | To be scheduled at Court's convenience following decision on summary judgment motions. |

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2018, I electronically filed the foregoing document(s) with the Clerk of the Court by using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing was automatically generated to the CM/ECF registrants on record.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Dated: May 4, 2018          *s/ Mark Chen*
                                     Mark Chen