UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ILLUMINA, INC. SECURITIES LITIGATION | Master File No. 3:16-CV-03044-L-MDD <br><br> **ORDER ENTERING STIPULATED PROTECTIVE ORDER** <br><br> [Doc. No. 58] |

The Court recognizes that at least some of the documents and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such Materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "Material(s)" will include, but is not be limited to: documents;

1  correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other
2  material that identify customers or potential customers; price lists or schedules or other
3  matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;
4  contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk
5  diaries; appointment books; expense accounts; recordings; photographs; motion pictures;
6  compilations from which information can be obtained and translated into reasonably usable
7  form through detection devices; sketches; drawings; notes (including laboratory notebooks
8  and records); reports; instructions; disclosures; other writings; models and prototypes and
9  other physical objects.

10     3. The term "Counsel" will mean outside counsel of record, and other attorneys,
11  paralegals, secretaries, and other support staff employed by the law firms of LEVI &
12  KORSINSKY, LLP and COVINGTON & BURLING LLP, as well as any in-house counsel
13  employed by any party and any paralegals, secretaries or support staff working under the
14  direction of such in-house counsel.

15  <center>GENERAL RULES</center>

16     4. Each party to this litigation that produces or discloses any Materials, answers
17  to interrogatories, responses to requests for admission, trial testimony, deposition
18  testimony, and transcripts of trial testimony and depositions, or information that the
19  producing party believes should be subject to this Protective Order may designate the same
20  as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

21     a. Designation as "CONFIDENTIAL": Any party may designate information as
22      "CONFIDENTIAL" only if, in the good faith belief of such party and its
23      Counsel, the unrestricted disclosure of such information could be potentially
24      prejudicial to the business or operations of such party or of another party to
25      which a duty of confidentiality is owed.

26     b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party
27      may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY"
28      only if, in the good faith belief of such party and its Counsel, the information

is among that considered to be most sensitive by the party or of another party to which a duty of confidentiality is owed, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; and a party will have until fourteen (14) days after receipt of the final deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and any Expert who has executed copy of the form attached hereto as Exhibit A of this Order;

and

c.  the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.  All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.  Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by Counsel (as defined in paragraph 3) of the receiving party, and by independent experts retained by the parties ("Expert" or "Experts") under the conditions set forth in this Paragraph.  A receiving party shall obtain an executed copy of the form attached hereto as Exhibit A of this Order in advance of providing any Confidential Information of the producing party to an Expert, whether such information is designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

9.  Information designated "CONFIDENTIAL" must be viewed only by Counsel (as defined in paragraph 3) of the receiving party, by Experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and executed a copy of the "Acknowledgement of Protective Order and Agreement To Be Bound" attached as Exhibit A to this Order, in advance of reviewing any Confidential Information of the producing party:

a) Executives who are required to participate in policy decisions with reference to this action;

b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

Stenographic and clerical employees associated with the individuals identified above.

10. With respect to Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party identified in paragraph 3, except that Experts authorized to view such information under the terms of this Order may retain custody of copies to the extent necessary for their participation in this litigation.

12. Before any documents or other Materials that are designated as, or contain, Confidential Information (including, without limitation, Materials produced in discovery, pleadings, motion papers, transcripts, recordings, and discovery responses) are filed with the Court for any purpose, the party seeking to file such Materials must seek permission of the Court to file the Materials under seal in accordance with Paragraph 30 below.

13. At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the designating party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Materials at issue must be treated

1  as Confidential Information, as designated by the designating party, until the Court has
2  ruled on the objection or the matter has been otherwise resolved.

3        14.    All Confidential Information must be held in confidence by those inspecting
4  or receiving it, and must be used only for purposes of this action. Counsel for each party,
5  and each person receiving Confidential Information must take reasonable precautions to
6  prevent the unauthorized or inadvertent disclosure of such information. If Confidential
7  Information is disclosed to any person other than a person authorized by this Order, the
8  party responsible for the unauthorized disclosure must immediately bring all pertinent facts
9  relating to the unauthorized disclosure to the attention of the other parties and, without
10 prejudice to any rights and remedies of the other parties, make every effort to prevent
11 further disclosure by the party and by the person(s) receiving the unauthorized disclosure.
12 In addition, the party responsible for the unauthorized disclosure must make all reasonable
13 efforts to recover the Confidential Information from the person(s) to whom unauthorized
14 disclosure was made and take all reasonable efforts to ensure those persons do not retain
15 any copies of the Confidential Information or use such information in a manner inconsistent
16 with this Protective Order, including requesting those person(s) to whom unauthorized
17 disclosure was made to read and execute the "Acknowledgement of Protective Order and
18 Agreement To Be Bound." Any such Acknowledgements must be provided to the
19 producing party within ten (10) business days of execution by any unauthorized person(s).

20       15.    Except as set forth in Paragraphs 16 and 17 below, no party will be responsible
21 to another party for disclosure of Confidential Information under this Order if the
22 information in question is not labeled or otherwise identified as such in accordance with
23 this Order.

24       16.    If a party, through inadvertence, produces any Confidential Information
25 without labeling or marking or otherwise designating it as such in accordance with this
26 Order, the designating party may give written notice to the receiving party that the
27 document or thing produced is deemed Confidential Information, and that the document or
28 thing produced should be treated as such in accordance with that designation under this

Order. The receiving party must treat the Materials as Confidential Information, once the designating party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER. In the event that Materials are produced without a confidentiality designation that the receiving party has reason to believe constitute Confidential Information, the receiving party shall notify the producing party and treat the Materials as Confidential Information until such time as the producing party has either confirmed that it intended to produce the materials without a confidentiality designation or designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" pursuant to this Protective Order.

17. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product Materials or the subject matter thereof, or the confidential nature of any such information. The producing party shall promptly notify the receiving party in writing when any inadvertent production is discovered. Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, including records of all analysis or discussion made in connection with such inadvertently production information, shall be promptly destroyed or returned to Counsel for the producing party and the receiving party shall, within five (5) business days, confirm destruction or return of such information, and shall not use such information for any purpose.

18. Nothing within this order will prejudice the right of any party to object to the

production of any Material on the grounds that the Material is protected as privileged or as attorney work product.

19. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the Confidential Information must not be disclosed.

20. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. Upon final termination of this action, including any and all appeals, Counsel for each party must return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides within sixty (60) days. Notwithstanding the foregoing, Counsel for each party may retain a copy of all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained Confidential Information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained Confidential Information.

23. The restrictions and obligations within this Order shall survive the termination of this matter until modified, superseded, or terminated on the record by agreement of the parties or by an order of this Court.

24. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that Confidential Information.

26. Transmission by email, overnight courier service, or any method of service permissible under Rule 6 of the Federal Rules of Civil Procedure is acceptable for all notification purposes within this Order.

27. A non-party or third-party who produces Materials to the parties in this action, either voluntarily or pursuant to a subpoena or Court order, may invoke this Order to protect Confidential Information in the Materials produced by such non-party or third-party.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29. Without separate Court order, this Protective Order and the parties' stipulation does not change, amend, or circumvent any applicable Court rule or local rule.

30. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing Counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the Chambers' Rules, with respect to filing documents under seal.

31. The Court may modify the protective order in the interests of justice or for

public policy reasons. The protective order may also be modified by the Court upon good cause shown.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED**.

Dated:  May 29, 2018

_____
Hon. Karen S. Crawford
United States Magistrate Judge

# **EXHIBIT A**

| | |
|---|---|
| IN RE ILLUMINA, INC. SECURITIES LITIGATION | Master File No. 3:16-CV-03044-L-MDD<br><br>**ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he/she has read the Protective entered in *In re Illumina, Inc. Securities Litigation*, Master File No. 3:16-CV-03044-L-MDD (S.D. Cal.), understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms. The undersigned hereby consents to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the Protective Order.

Dated: _____

_____
(Signature)

Name:

Address:


Telephone: