Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
**LEVI & KORSINSKY, LLP**
445 South Figueroa Street, 31st Fl.
Los Angeles, California 90071
Telephone: (213) 985-7290
Facsimile: (202) 333-2121
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Lead Plaintiff Natissisa Enterprises Ltd. and Lead Counsel for Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

IN RE ILLUMINA, INC. SECURITIES LITIGATION

Master File No. 3:16-CV-03044-L-KSC

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT**

**Date:** October 8, 2018
**Time:** 10:30a.m.
**Courtroom:** 5B (5th Floor - Schwartz)
**Judge:** M. James Lorenz

Magistrate: Karen S. Crawford

Complaint Filed: December 16, 2016

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. LEGAL STANDARD .......... 3

IV. ARGUMENT .......... 4

A. Good Cause Exists for Granting Leave to Add a New Class Representative .......... 4

B. Adding a New Class Representative Would Further the Interests of Justice .......... 4

C. Defendants Will Not Be Prejudiced by the Amendment .......... 7

V. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**CASES**

*Aguilar v. Boulder Brands, Inc.*,
No. 3:12-cv-01862-BTM-BGS, 2014 U.S. Dist. LEXIS 122822 (S.D. Cal. Sep. 2, 2014) ....6

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018)....6, 7

*Coleman v. Quaker Oats Co.*,
232 F.3d 1271 (9th Cir. 2000) ....3

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) ....3

*Eckert v. Equitable Life Assurance Soc'y of U.S.*,
227 F.R.D. 60 (E.D.N.Y. 2005)....7

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir.2003) ....4

*Howey v. United States*,
481 F.2d 1187 (9th Cir. 1973) ....5

*Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus.*,
648 F.2d 1252 (9th Cir. 1981) ....5

*James v. UMG Recordings, Inc.*,
No. C 11-1613 SI, 2012 U.S. Dist. LEXIS 146759 (N.D. Cal. Oct. 11, 2012) ....8

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ....3

*McConnell v. Red Robin Int'l, Inc.*,
No. C 11-03026 WHA, 2012 U.S. Dist. LEXIS 53942 (N.D. Cal. Apr. 17, 2012) ....7

*McKinney v. Bayer Corp.*,
No. 1:10-CV-00224, 2011 U.S. Dist. LEXIS 69105 (N.D. Ohio June 28, 2011) ....5

*Mullaney v. Anderson*,
342 U.S. 415 (1952)....5

*Music Grp. Servs. US, Inc. v. Inmusic Brands, Inc.*, No. C13-182MJP, 2013 U.S. Dist. LEXIS 52621 (W.D. Wash. Apr. 11, 2013) ....................6

*Phillips v. Ford Motor Co.*, 435 F. 3d 785 (7th Cir. 2006) ....................5

*U.S. for Use of Acme Granite & Tile Co. v. F.D. Rich Co.*, 437 F.2d 549 (9th Cir. 1970) ....................6

**RULES**

Fed. R. Civ. P. 1 ....................4

Fed. R. Civ. P. 15 ....................3, 5

Fed. R. Civ. P. 16 ....................3

Fed. R. Civ. P. 21 ....................5

## I. INTRODUCTION

This is a class action securities fraud lawsuit. Lead Plaintiff Natissisa Enterprises Ltd., on behalf of itself and a class of similarly situated investors who purchased shares of Illumina, Inc. stock, seeks to recover money that it lost in connection with alleged false and misleading statements made by Defendants. Natissisa has been the "lead plaintiff" in this class action lawsuit since the Court appointed it as such on March 30, 2017 (ECF No. 19). However, Natissisa recently began the process of voluntarily unwinding its operations. Accordingly, Natissisa seeks leave to amend the complaint for the sole purpose of additing an additional named plaintiff to avoid any interference from its dissolution and to provide additional representation to the class while Natissisa unwinds.

Natissisa seeks to add Mr. Anton Agoshkov as the additional named plaintiff in the complaint. Mr. Agoshkov managed the investments of Natissisa and, in fact, was the individual responsible for Natissisa's investment in Illumina. He has also been serving as Natissisa's representative since the Court appointed it as lead plaintiff. Mr. Agoshkov is also the son of Oleksandr Agoshkov, the owner and controller of Natissisa. In support of this motion, Oleksandr Agoshkov approved the assignment of Natissisa's claim in this lawsuit to his son, Anton Agoshkov.

Natissisa intends on moving for class certification on September 14, 2018 in accordance with the Court's scheduling order dated May 11, 2018 and amended on May 21, 2018 (ECF Nos. 55, 57). Given Mr. Agoshkov's familiarity with Natissisa's investment in Illumina and the claims at hand in the action, he is the ideal individual to serve as the "class representative" as Natissisa proceeds with unwinding its affairs. Amending the complaint in this regard will cause no prejudice to Defendants and will not delay the action in any way. Indeed, Natissisa will file its motion for class certification on behalf of itself as well as Mr. Agoshkov while the instant motion for leave to amend is pending. Accordingly, Natissisa respectfully requests that the Court grant leave to amend the current complaint in order to add Mr. Agoshkov as an additional

named plaintiff for the purposes of certifying him as a class representative.

## II. FACTUAL BACKGROUND

Natissisa and its counsel have effectively litigated this case since being appointed as lead plaintiff by the Court on March 30, 2017 (ECF No. 19). On May 30, 2017, Natissisa filed an amended complaint and, on January 22, 2018, Natissisa successfully defeated Defendants' attempt to dismiss that complaint at the pleading stage under Rule 12(b)(6) (ECF Nos. 28, 39). Pursuant to the Court's scheduling order dated May 11, 2018 and amended on May 21, 2018, Natissisa's motion for class certification is due on September 14, 2018 (ECF Nos. 55, 57). Natissisa intends to file its class certification motion timely. It also seeks to file the motion on behalf of both Natissisa and Anton Agoshkov, the son of the company's owner and controller and the individual most familiar with the claims currently against Illumina.

Natissisa is a small, family-owned business organized under Cyprus law. Mr. Agoshkov and his father were authorized to act on behalf of Natissisa pursuant to a power of attorney issued in May 2016. A copy of this power of attorney is attached to the accompanying declaration of Adam M. Apton. Following the commencement of this lawsuit, Natissisa reaffirmed Mr. Agoshkov's authority with respect to this lawsuit in particular in March 2017. A copy of this additional power of attorney is attached to the accompanying declaration of Adam M. Apton.

Natissisa decided to voluntarily unwind in December 2017. This decision was entirely voluntary. However, to avoid the potential of delay or distraction arising from the dissolution proceedings, Natissisa assigned its interests in this lawsuit to Oleksandr Agoshkov, Natissisa's ultimate beneficial owner. A copy of this assignment is attached to the accompanying declaration of Adam M. Apton. In March 2017, Oleksandr Agoshkov assigned the claim to his son, Mr. Agoshkov.

Mr. Agoshkov managed Natissisa's investments while the company was operational. He was the individual responsible for investing in Illumina in the first place. Since being appointed as lead plaintiff, Mr. Agoshkov has been serving as Natissisa's

representative and, in the capacity, has assisted lead counsel in preparing discovery responses, collecting relevant material in response to Defendants' discovery demands, discussing theories of liability, and supervising counsel during the litigation of the case. In light of Mr. Agoshkov's participation in this lawsuit to date, Oleksandr Agoshkov assigned Natissisa's interests in the lawsuit to him. With the Court's permission, Mr. Agoshkov will become an additional named plaintiff and will be able to represent the interests of the class as a class representative going forward (pending the outcome of Plaintiff's motion for class certification). *See* Declaration of Adam M. Apton at ¶¶2-3.

## III. LEGAL STANDARD

Because Natissisa seeks to file an amended complaint after the deadline in a court's pretrial scheduling order, Plaintiff must satisfy Rule 16(b) of the Federal Rules of Civil Procedure. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Pursuant to Rule 16, a pretrial scheduling order "may be modified only for good cause and with judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he focus of the inquiry is upon the moving party's reason for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations omitted).

If good cause exists to depart from the scheduling order, the Court evaluates whether the proposed amendment should be granted in light of the factors relevant to Rule 15(a). *Id.* at 608. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Additionally, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Applying the liberal policy regarding the amending of pleadings, "[f]our factors are commonly used to determine the propriety of a motion for leave to amend. They are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. These factors, however, are not of equal weight in that delay, by itself is insufficient to justify denial for leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

## IV. ARGUMENT

### A. Good Cause Exists for Granting Leave to Add a New Class Representative

Adding a new class representative and allowing the current action to proceed will prevent the unnecessary waste of resources and ensure that existing class members do not lose their rights. But for Natissisa's dissolution proceedings, there would be no need for this motion. Natissisa makes this motion solely to protect the class from unnecessary delay and distraction arising from its voluntary unwinding. Mr. Agoshkov, who has been acting in the role of lead plaintiff since Natissisa's appointment, will be able to continue his participation in the litigation without any delay.

Without the ability to amend the complaint for the purpose of adding Mr. Agoshkov as a new named plaintiff, the only alternative is to file a new action with him as the named plaintiff. Doing so may result in the needless duplication of litigation. The filing of a new action also would unnecessarily lengthen the time before the merits of the claims asserted on behalf of the class can be adjudicated, contravening public policy supporting speedy resolution of litigation claims. *See, e.g.*, Fed. R. Civ. P. 1 ("These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Filing a new action would also likely delay the impending class certification procedures, as its filing would necessistate a new or amended motion for class certification.

Thus, good cause exists under Rule 16(b)(4) for leave to further amend the complaint to add Mr. Agoshkov as a new named plaintiff and proposed class representative, thereby preserving the legal rights of all absent class members.

### B. Adding a New Class Representative Would Further the Interests of Justice

Federal courts have a liberal policy with respect to granting leave to amend pleadings. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) ("This policy is to be applied with extreme liberality."). Rule 15(a)(2) provides that "[t]he

court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In fact, "[t]he Supreme Court has instructed the lower courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires," since "[t]he purpose of pleadings is to facilitate a proper disposition on the merits." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981); *see also Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Additionally, under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

Specifically, substitution of putative class representatives is common for the protection of the absent members of the class and judicial economy. Put simply, "[t]o dismiss the present [suit] and require the new plaintiffs to start over in the District Court would entail needless waste." *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952) (permitting substitution of two parties for the plaintiffs under Rule 21); *see also Phillips v. Ford Motor Co.*, 435 F. 3d 785, 787 (7th Cir. 2006) (Posner, J.) ("Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation . . . ."); *McKinney v. Bayer Corp.*, No. 1:10-CV-00224, 2011 U.S. Dist. LEXIS 69105, at *4-5 (N.D. Ohio June 28, 2011) (plaintiff's substitution prior to class certification ruling would "promote judicial economy. . . .[A]llowing substitution now . . . avoids the . . . potential or additional discovery and briefing, and hold a second hearing, to address [new plaintiff's] adequacy as class representative.").

The Supreme Court's recent decision in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), supports Natissisa's position on this point. In that case, the Supreme Court analyzed whether the statute of limitations is tolled under the *American Pipe* doctrine for successive class actions. The Supreme Court held that unnamed class members are required to file protective suits of their own prior to the expiration of a statute of limitations if they want to protect their rights to bring a class action claim. *Id*. at 1808. Accordingly, in this instance, adding Mr. Agoshkov as an additional named plaintiff

would comport with the Supreme Court's decision, as his involvement as a named plaintiff would protect the class from potential harm if this Court denies class certification after the expiration of the statute of limitations for the pending securities fraud claims.

*Aguilar v. Boulder Brands, Inc.*, also supports allowing the addition of Mr. Agoshkov as an additional named plaintiff and class representative. No. 3:12-cv-01862-BTM-BGS, 2014 U.S. Dist. LEXIS 122822 (S.D. Cal. Sep. 2, 2014). In *Aguilar*, the plaintifflaintiff sought leave to amend in order to clarify claims in the complaint and substitute a new class representative. *Id.* at 2. The plaintiff sought leave to amend the complaint after the discovery deadline but before the plaintiff filed her motion for class ceritification. *Id*. at 12. The court held that there was no prejudice to defendants where the claims remained substantially the same and the motion for class certification had yet to be filed because "[d]iscovery [would] not be be substantially impacted by [the amended complaint]." *Id*. *12-13.

As in *Aguilar*, the claims in the Proposed Second Amended Complaint are the exact same as the Amended Complaint. Further, as the motion for class certification has yet to be filed, Defendants would not be unduly prejudiced by the addition of a new lead plaintiff, especially one that they have known about throughout the entire litigation (as Mr. Agoshkov has been providing discovery during the litigation and, in fact, signed Natissisa's PSLRA Certification in connection with its motion for lead plaintiff). *See* Certification, ECF No. 5-3.

Accordingly, for the same reasons the court allowed the addition of a new plaintiff in *Aguilar*, the Court should grant Plaintiff's motion. *See also Music Grp. Servs. US, Inc. v. Inmusic Brands, Inc.*, No. C13-182MJP, 2013 U.S. Dist. LEXIS 52621, at *5 (W.D. Wash. Apr. 11, 2013) ("A district court has 'ample discretionary power' to substitute parties where a corporate dissolution has occurred during an action." (*citing U.S. for Use of Acme Granite & Tile Co. v. F.D. Rich Co.*, 437 F.2d 549, 552 (9th Cir. 1970)).

**C. Defendants Will Not Be Prejudiced by the Amendment**

The four factors courts weigh while applying the liberal policy in favor of amending the pleadings all strongly support granting Plaintiff's motion. First, Natissisa's motion is brought in good faith. Natissisa does not seek to add any new claims or expand the scope of the class. Natissisa simply seeks leave to substitute an additional named plaintiff who can adequately represent the putative class.

Second, Natissisa has not engaged in undue delay. Substitution of a new named plaintiff will not significantly delay the adjudication of this action. Defendants have not yet deposed Natissisa in this action. Further, as Anton Agoshkov was the person who made the investment decisions on behalf of Natissisa, he would have had to be deposed regardless. Thus substitution will not result in any duplicative deposition for Defendants. In contrast, if the new plaintiff is required to file a new action, the parties may be forced to start litigation from scratch and redo much of the work that has already been completed. Thus, any delay from substitution of a new plaintiff will be minimal when compared with the delay and waste of judicial and party resources that would be necessitated if a new action must be filed to pursue the same claims. Given these facts, the interest of judicial economy weighs strongly in favor of allowing the substitution of a new plaintiff. *Cf. China Agritech*, 138 S. Ct. at 1808 (holding that unnamed plaintiffs must file suit prior to expiration of statute of limiations in order to protect rights); *Eckert v. Equitable Life Assurance Soc'y of U.S.*, 227 F.R.D. 60, 63-64 (E.D.N.Y. 2005) (allowing new named plaintiff to intervene before class certification rather than dismiss action, although initial named plaintiff's claims were mooted, in "the interest of judicial economy").

Third, because Natissisa does not seek to add new claims or expand the class definition, there is no legally cognizable prejudice to Defendants for the requested substitution of a new plaintiff. *See McConnell v. Red Robin Int'l, Inc.*, No. C 11-03026 WHA, 2012 U.S. Dist. LEXIS 53942, at *7 (N.D. Cal. Apr. 17, 2012) ("It is not clear, however, how the addition of [a plaintiff being named as a class representative], absent additional claims, will so alter defendant's preparation for this case as to result in undue

prejudice."); *James v. UMG Recordings, Inc.*, No. C 11-1613 SI, 2012 U.S. Dist. LEXIS 146759, at *12-13 (N.D. Cal. Oct. 11, 2012) ("the nature of the litigation and the course of defense will not be substantially altered, and [defendant] will not suffer substantial prejudice" where proposed new plaintiffs and new claims were not substantially different). Defendants have already received much of the discovery from Natissisa, and will have ample opportunity to obtain additional discovery if necessary prior to their deadline for filing their opposition to the motion for class certification. As no depositions have yet taken place, there is sufficient time to add Mr. Agoshkov as an additional plaintiff without causing undue delay in the current schedule.

Finally, the proposed amendment would not be futile. Natissisa has already defeated Defendants' motion to dismiss and, the claims of Anton Agoshkov will be based on the same law as those asserted by Natissisa.

## V. CONCLUSION

For the foregoing reasons, Natissisa respectfully requests that the motion be granted and it be permitted to file the Second Amended Complaint, in substantially the same form as the draft lodged with this Motion.

Dated: September 12, 2018 **LEVI & KORSINSKY, LLP**

By: s/ Adam M. Apton

Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Fl.
Los Angeles, California 90071
Telephone: (213) 985-7290
Facsimile: (202) 333-2121
Email: aapton@zlk.com
Email: amccall@zlk.com

-and-

Nicholas I. Porritt (admitted *pro hac vice*)

**LEVI & KORSINSKY, LLP**
1101 30th Street NW, Suite 115
Telephone: (202) 524-4290
Facsimile: (202) 337-1567
Email: nporritt@zlk.com

*Attorneys for Lead Plaintiff Natissisa Enterprises Ltd. and Lead Counsel for Class*