**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE ILLUMINA, INC. SECURITIES LITIGATION | No. 3:16-CV-03044-L-KSC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO FILE UNDER SEAL [ECF NO. 69]** |

Pending before the Court is defendants' motion to file documents under seal [ECF No. 69].

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 (9th Cir. 2003). Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id.* at 1178. Whether a party's proffered reasons for filing documents under seal are compelling is fact specific and left to the "sound discretion of the trial court." *Nixon*, 435 U.S. at 599. "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179.

"While most judicial records are subject to the "compelling reasons" standard, the Ninth Circuit has "carved out an exception to the presumption of access" to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "[W]hen a party attaches a sealed discovery document to a nondispositive motion the usual presumption of the public's right of access is rebutted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). In that instance, "'good cause' suffices to warrant preserving the secrecy of sealed discovery material." *Foltz*, 331 F.3d at 1135. For good cause to exist, the the party seeking protection must make a "particularized showing," *Kamakana*, 447 F.3d at 1180, of

the "specific prejudice or harm" that will result if the information is made public, *Phillips*, 307 F.3d at 120-11. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not satisfy the good cause standard. *Id.* at 1211 (quoting *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

Here, defendants move to file the following under seal: (1) certain portions of defendants' memorandum of points and authorities in opposition to plaintiff's motion to amend [ECF No. 62]; (2) the declaration of Mark P. Gimbel in support of that opposition brief; and accompanying exhibits 1, 2, 8, 15, 17. Defendants solely rely on the parties' Protective order to justify maintaining the confidentiality of information contained within the above documents which was identified as confidential by plaintiff. Defendants however fail to specify what information *in particular* has been identified as confidential. This is not enough. *Foltz*, 331 F.3d at 1133 ("[A] party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document."). It is unclear what information has been earmarked as "Confidential" by plaintiff. While that critical information is left unknown, the Court finds that good cause has not been shown by defendants to summarily file the above documents under seal. Therefore, defendants' motion to file under seal is **DENIED WITHOUT PREJUDICE**.

As such, these documents need not be filed on the public docket and will be returned to the parties.

**IT IS SO ORDERED.**

Date: October 2, 2018

_____
Hon. M. James Lorenz
United States District Judge