UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: ILLUMINA, INC. SECURITIES LITIGATION,

Case No.:  16CV3044-L(KSC)

**ORDER DENYING JOINT MOTIONS FOR DETERMINATION OF DISCOVERY DISPUTE [DOC. NOS. 76 & 77]**

The parties recently filed two Joint Motions for Determination of Discovery Dispute. In one, which was filed on October 18, 2018, Lead Plaintiff Natissisa Enterprises Ltd ("Natissisa") moves to compel Defendant Illumina, Inc. ("Illumina") to provide a further response to Natissisa's Interrogatory No. 6. [Doc. No. 76.] The second Motion was filed a few days later on October 22, 2018. [Doc. No. 77.] In this motion, Illumina seeks to compel the production of additional documents responsive to Illumina's Request for Production Nos. 31, 32, 34 and 36. As explained below, it is evident counsel have not complied with the Court's requirement to meet and confer regarding discovery disputes with respect to either Motion. Both Motions are, therefore, DENIED without prejudice.

I. **Legal Standard**

Civil Local Rule 26.1.a requires counsel to meet and confer regarding all disputed issues prior to filing any discovery motion. The undersigned's Chambers Rules elaborate on that requirement, stating, in pertinent part,

> If counsel are located in the same district, the meet and confer must be in person. If counsel are located in different districts, then telephone or video conference may be used for meet and confer discussions.

*Id*., at Sec. V. B. The Court expects strict compliance with the meet and confer requirement, as it is the experience of the Court that the vast majority of disputes can be resolved by means of that process. Counsel are to thoroughly meet and confer and make every effort to resolve all disputes without the necessity of court intervention.

II. **Natissisa's Motion to Compel**

With respect to Natissisa's Motion to Compel, it is evident from counsels' declarations that all communications regarding Illumina's supplemental response to Interrogatory No. 6 and related production of documents pursuant to Fed. R. Civ. P. 33(d) were made through written correspondence.[1] [*See* Doc. No. 76-1, *Decl. of Nicholas I. Porritt*, ¶¶ 4 – 5; Doc. No. 76-9, *Decl. of Mark P. Gimbel*, ¶¶ 9-13.] Although meet and

---

[1]  Local Civil Rule 83.9 prohibits counsel from submitting to the Court copies of correspondence between counsel. Counsel shall refrain from providing the Court with any such correspondence, including meet and confer correspondence in connection with future filings. The purpose of a discovery motion is to succinctly frame the parties' dispute and respective positions after they have engaged in a thorough effort to resolve the matter. After a substantive effort has been made to resolve the disagreement, parties will have typically narrowed the scope of their dispute, if not settled it entirely. Copies of correspondence outlining their earlier positions are generally not relevant to the more narrowed dispute.

Similarly, other information such as copies of prior discovery responses that have since been supplemented and superseded, are also generally unnecessary and unhelpful for the Court to review in addressing a discovery motion. The Court directs counsel to limit their briefing and submissions to information that is directly relevant to the parties' narrowed discovery dispute, as opposed to information that simply reflects the evolution of the parties' positions. *See Chambers Rules of the Hon. Karen S. Crawford*, Sec. V. D.

confer efforts may be initiated by email or letter, both Civil Local Rule 26.1.a and the undersigned's Chambers Rules very clearly provide the meet and confer requirement is not satisfied by the exchange of written correspondence.

It is also apparent from the declarations that counsel did not make a sufficient effort to resolve the parties' dispute without the necessity of court intervention, as is required. Illumina provided a supplemental response to Interrogatory No. 6 and, thereafter, produced documents that Illumina's counsel has identified as containing information responsive to Interrogatory No. 6. [Doc. No. 76-9, *Decl. of Gimbel*. ¶¶ 7-8, 10-11.] At that time Illumina's counsel also asked to meet and confer further, this time by telephone. [*Id.*, ¶ 11.] Instead of having that conversation, Natissisa's counsel unilaterally ended the dialogue and proceeded with the preparation of its Motion.[2] Natissisa informs the Court, "(n)otwithstanding Defendants' letter dated October 12, 2018, in which Defendants claim they are "willing to schedule a call to discuss this matter further" … Natissisa believes that the parties are at an impasse and that judicial intervention is necessary at this point. ***This belief is based, in part, on the fact that the information Defendants have provided to date in response to Interrogatory No. 6 is incomplete***." [Doc. No. 76-1, *Decl. of Porritt*, ¶ 6, emphasis added.] The question Natissisa should have asked of itself at that time is not whether it felt the information produced *to date* was complete, but whether further discussion could yield an understanding such as: a) Illumina's agreement to produce additional information; b) Natissisa's conclusion, after further explanation by Illumina's counsel, that Illumina's supplemental response and ancillary document production are sufficiently responsive; or c) a hybrid of a) and b). Ceasing meet and confer efforts when

---

[2] Counsel for Illumina reports that Natissisa's arguments changed substantively between the first and second draft of the parties' Joint Motion for Determination of Discovery Dispute, including the addition of a series of new arguments. [Doc. No. 76-9, *Decl. of Gimbel*, ¶ 16-17.] This representation further corroborates the Court's belief that counsel did not adequately meet and confer. After counsel have engaged in a comprehensive meet and confer discussion, each side should have a thorough understanding of the other party's position and should not encounter any "new" or "surprise" arguments as they prepare the Joint Motion.

3

16CV3044-L(KSC)

one party thinks the information it has received *to date* is incomplete, but has not taken the time to hear the other side out, also does not comply with the parties' obligation to meet and confer.

### III. **Illumina's Motion to Compel**

Counsel have also not satisfied the meet and confer requirement with respect to Illumina's Motion to Compel. Illumina filed this Motion because it feels the search terms Natissisa's representative used to perform an email search for documents responsive to Illumina's Third and Fourth Requests for Production are too narrow, and because Natissisa's representative testified at deposition that he had not searched at all for emails responsive to certain document requests. [Doc. No. 77, p. 4.] After an exchange of correspondence, counsel met and conferred by telephone on October 12, 2018. At this time, Natissisa's counsel agreed to produce additional documents and counsel also discussed Illumina proposing additional email search terms. [Doc. No. 77-1, *Decl. of Gimbel*, ¶ 20; Doc. No. 77-19, *Decl. of Porritt*, ¶ 8.] Illumina's counsel proposed the additional search terms on October 15, 2018, and then proceeded with the filing of its Motion. As of October 22, 2018, the date the Motion was filed, Natissisa was still reviewing the newly proposed search terms and indicated it intended to respond to Illumina's proposal within the week with a refined set of search terms reflecting its evaluation and analysis.[3] [Doc. No. 77-19, *Decl. of Porritt*, ¶ 7.] It should go without saying filing a discovery motion at this juncture was premature and undermines the spirit and purpose of the meet and confer requirement.

### IV. **Conclusion**

In sum, both parties rushed to file their respective Motions, without taking the time to evaluate whether the other side will voluntarily produce the information or documents sought. Instead of following through with a collaborative process that is designed to reduce

---

[3] It is not clear to the Court whether the additional documents Natissisa agreed to produce were provided to Illumina prior to the filing of this Motion.

16CV3044-L(KSC)

litigation expenses and promote an efficient exchange of discoverable information, counsel diverted resources away from this process and toward the preparation of two voluminous discovery motions, and prematurely tasked this busy Court with resolving their disagreement.[4] The parties have not made a sufficient effort to work through their disagreements and to resolve all disputes without the necessity of court intervention, as required. Both discovery motions are, therefore, DENIED without prejudice. If, after a thorough meet and confer effort, the parties' aforementioned disputes are not fully resolved, the parties may file a new Joint Motion for Determination of Discovery Dispute. Any such motion shall be filed no later than **November 30, 2018**.[5]

**IT IS SO ORDERED.**

Dated: October 30, 2018

Hon. Karen S. Crawford
United States Magistrate Judge

---

[4] Natissisa's Motion to Compel a further response to Interrogatory No. 6 is a hefty 238 pages long, including exhibits. Illumina's Motion to Compel further responses to four Requests for Production rings in at a total of 453 pages, including exhibits.

[5] If the parties require additional time to complete the meet and confer process they may file a Joint Motion apprising the Court of the status of their efforts to resolve their disputes and requesting an extension of this deadline.