MARK P. GIMBEL
(*pro hac vice*; NY Registration No. 2998102)
C. WILLIAM PHILLIPS
(*pro hac vice*; NY Registration No. 1885573)
JORDAN S. JOACHIM
(*pro hac vice*; NY Registration No. 5443635)
COVINGTON & BURLING LLP
The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 841-1000
Fax: (646) 441-9161

MARK Y. CHEN (Bar No. 310450)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067
Tel: (424) 332-4800
Fax: (424) 332-4749
mychen@cov.com

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ILLUMINA, INC. SECURITIES LITIGATION | Master File No. 3:16-CV-03044-L-MSB<br><br>**DECLARATION OF MARK P. GIMBEL IN SUPPORT OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION** |

# DECLARATION OF MARK P. GIMBEL

MARK P. GIMBEL declares as follows pursuant to 28 U.S.C. § 1746:

1. I am a member of Covington & Burling LLP, which serves as counsel for Defendants Illumina Inc. ("Illumina"), Francis A. deSouza, and Marc A. Stapley (collectively, "Defendants") in this action. I make this declaration in support of Defendants' Opposition to Plaintiff's Motion for Class Certification.

2. A true and correct copy of Plaintiff's Initial Disclosures, which were served on Defendants on May 4, 2018, is attached hereto as **Exhibit 1**.

3. On June 5, 2018, Defendants served their First Set of Requests for Production to Plaintiff. Defendants' first document request ("RFP No. 1") sought "[a]ll documents relating to Illumina or any Individual Defendant." A true and correct copy of Defendants' First Set of Request for Production to Plaintiff is attached hereto as **Exhibit 2**.

4. On July 3, 2018, Plaintiff served written responses to Defendants' First Set of Requests for Production, in which it objected to RFP No. 1 and stated that "Plaintiff will not produce documents in response to this request." A true and correct copy of Plaintiff's Response to Defendants' First Set of Requests for Production of Documents to Plaintiff is attached hereto as **Exhibit 3**.

5. After a meet and confer process, Plaintiff ultimately agreed to produce all documents in its possession relating to Illumina. On August 13, 2018, Plaintiff's counsel sent a letter representing that Plaintiff had "performed the search" for documents "containing the word 'Illumina,'" and that "No documents were found, except the brokerage report previously provided to Defendants in native form (Plaintiff 193)."[1] Despite this representation, Plaintiff had not produced the two assignments pursuant to

---

[1] By order dated October 30, 2018, Magistrate Judge Crawford directed the parties not to submit correspondence between counsel "in connection with future filings." (ECF No. 78). Accordingly, Defendants have not submitted the discovery correspondence described herein. However, Defendants would be happy to provide copies to the Court upon request.

which its claims against Illumina were purportedly assigned first to Oleksandr Agoshkov and then to Anton Agoshkov.

6. On September 5, 2018, Plaintiff for the first time produced additional documents to Defendants, including two powers of attorney between Plaintiff and Mr. Agoshkov, and two documented titled "Assignment of Claim." None of these documents had previously been produced to Defendants.

7. Attached as **Exhibit 4** is a true and correct copy of the Written Resolution of the General Meeting of the Shareholders of Natissisa dated January 30, 2018, which appoints Mr. Andreas Frangos as Plaintiff's liquidator.

8. Attached as **Exhibit 5** is a true and correct copy of a power of attorney dated May 13, 2016, which was produced to Defendants on September 5.

9. Attached as **Exhibit 6** is a true and correct copy of a power of attorney dated March 3, 2017, which was produced to Defendants on September 5.

10. Attached as **Exhibit 7** is a true and correct copy of an "Assignment of Claim," dated December 26, 2017 between Plaintiff and Oleksandr Agoshkov, which was produced to Defendants on September 5.

11. Attached as **Exhibit 8** is a true and correct copy of an "Assignment of Claim," dated March 21, 2018 between Oleksandr Agoshkov and Anton Agoshkov, which was produced to Defendants on September 5.

12. Attached as **Exhibit 9** is a true and correct copy of a "Report and Financial Statements" for Plaintiff for the period from January 1, 2018, to January 29, 2018.

13. On September 11, 2018, Defendants served their Fourth Set of Requests for Production to Plaintiff, in which they requested documents "sufficient to show the financial condition of Oleksandr Agoshkov as of March 21, 2018, including a complete statement of assets and liabilities sufficient to show whether he was solvent or insolvent as of the date of the Subsequent Putative Assignment." A true and correct copy of Defendants' Fourth set of Requests for Production to Plaintiff is attached as **Exhibit 10**.

14. On September 25, Plaintiff served its Response to Defendants' Fourth Set of Requests for Production, in which it objected to Defendants' request for documents sufficient to show Mr. Agoshkov's financial condition as of March 21, 2018. A true and correct copy of Plaintiff's Response to Defendants' Fourth Set of Requests for Production is attached hereto as **Exhibit 11**. As of the date of this Declaration, Plaintiff has not produced any documents to Defendants concerning Oleksandr Agoshkov's financial condition.

15. On September 28, 2018, Plaintiff's counsel confirmed by e-mail that it had "completed its production of documents in response to all outstanding requests and provided a complete privilege log."

16. On October 3, 2018, Anton Agoshkov appeared for a deposition as Plaintiff's purported representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Attached as **Exhibit 12** are true and correct excerpts of the October 3 deposition transcript. As the deposition transcript reflects, Mr. Agoshkov testified that the powers of attorney pursuant to which he purported to act for Natissisa had expired and that he had not informed Natissisa's liquidator of this action or obtained the liquidator's approval to litigate Plaintiff's claims. *See* Exhibit 12, Agoshkov Dep. Tr. at 81:18–82:17, 84:22–85:21, 92:7–10, 115:2–6. Following the deposition, on October 22, 2018, Plaintiff's counsel sent Defendants' counsel an e-mail stating that "Plaintiff has confirmed that Natissisa did not extend the powers of attorney."

17. At the October 3 deposition, Anton Agoshkov also testified that no search for e-mail had been conducted in response to many of Defendants' document requests. *See, e.g., id.* at Ex. 12, Agoshkov Dep. Tr. at 303:23–318:3. Following the deposition, Plaintiff's counsel agreed to run supplemental searches of e-mail of certain identified custodians. However, by letter dated October 24, 2018, Plaintiff's counsel refused to search for or produce e-mails in the possession of Mr. Frangos and Ms. Iasonos, asserting that Plaintiff did not have possession, custody, or control over their e-mail accounts.

18.     On November 2, 2018, Plaintiff's counsel produced 645 pages of additional documents. On November 9, 2018 — one week before the deadline for Defendants to file their opposition to Plaintiff's motion for class certification — Plaintiff's counsel produced another 982 pages of additional documents. The belated November productions constituted 74% percent of the total documents produced by Plaintiff's counsel in discovery, roughly quadrupling the size of the production over a month after counsel's representation that Plaintiff's production was complete.

19.     Attached as **Exhibit 13** is a June 1, 2017 e-mail sent to Plaintiff and Anton Agoshkov attaching a document titled "Dissolving a Cyprus Company," produced to Defendants on November 2.

20.     Attached as **Exhibit 14** is a true and correct copy of an e-mail exchange between Plaintiff and employees of GlobalServe Consultants Ltd. dated March 3, 2017 discussing the powers of attorney, produced to Defendants on November 2.

21.     Attached as **Exhibit 15** is a true and correct copy of an e-mail exchange between Plaintiff and employees of GlobalServe dated March 14, 2018 discussing the March 2017 power of attorney, produced to Defendants on November 2.

22.     Attached as **Exhibit 16** is a true and correct copy of a January 17, 2018 e-mail chain between Plaintiff and employees of GlobalServe Consultants, Inc. attaching the "Assignment of Claim" between Plaintiff and Oleksandr Agoshkov, produced to Defendants on November 2.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 16th day of November, 2018, in New York, New York.

Respectfully submitted,

Dated: November 16, 2018    COVINGTON & BURLING LLP

By:  */s/ Mark P. Gimbel*
     Mark P. Gimbel

Mark P. Gimbel (admitted *pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 841-1000
E-mail: mgimbel@cov.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the following document has been served on November 16, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4:

**DECLARATION OF MARK P. GIMBEL IN SUPPORT OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION**

Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct and that this certificate of service was executed on November 16, 2018 at New York, New York.

*/s/ Mark P. Gimbel*
Mark P. Gimbel