UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ILLUMINA, INC. SECURITIES LITIGATION, | Case No.: 3:16-cv-03044-L-MSB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT [ECF NO. 62]** |

Pending before the Court is Plaintiff Natissisa Enterprises Ltd.'s ("Plaintiff") motion to file a second amended complaint [ECF No. 62]. The Court appointed Plaintiff as the lead plaintiff in this class action lawsuit on March 30, 2017. *See* ECF No. 19. On May 30, 2017, Plaintiff filed the operative complaint. *See* ECF No. 28. In that complaint, Plaintiff sought for the Court to certify it as the class representative. *Id.* at 47. The Hon. Karen S. Crawford, United States Magistrate Judge, issued a Scheduling Order on May 11, 2018. ECF No. 55. In that order, the parties' deadline "to amend the pleadings, or to file additional pleadings" was set for June 11, 2018, and Plaintiff's deadline to file its motion for class certification was set for September 14, 2018. *Id.* at 1. On May 21, 2018, Judge Crawford vacated the class discovery cut-off deadline originally set for September 4, 2018. *See* ECF No. 57.

In December 2017, Plaintiff decided to voluntarily unwind. ECF No. 62 at 6. Plaintiff assigned its interests in this lawsuit to Oleksandr Agoshkow, Plaintiff's ultimate

beneficial owner. *Id.* In March 2018, Oleksandr Agoshkov assigned his interests in these claims to his son Anton. *Id.* On September 12, 2018, Plaintiff filed the instant motion seeking to add Mr. Anton Agoshkov as an additional named plaintiff in the complaint to avoid interference in the dissolution and provide an additional class representative to the potential class. *Id.* at 5. Defendants Illumina Inc. ("Illumina"), Francis A. deSouza, and Marc A. Stapley opposed the motion on October 4, 2018. ECF No. 74. Plaintiff replied on October 8, 2018.

## **DISCUSSION**

After a scheduling order issues, amendment of pleadings are governed by Federal Rule of Civil Procedure 16, not the liberal standard set forth in Rule 15(a)(2). *See Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16 only allows modification of the scheduling order upon a showing of good cause and diligence once the Court issues a scheduling order. Fed. R. Civ. P. 16(b)(4). The party seeking an amendment must show good cause why the provisions in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609; Fed. R. Civ. P. 16. "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Plaintiff sought to amend the operative complaint three months after the scheduling order deadline expired. As such, good cause must be shown as Plaintiff concedes. *See* ECF No. 62. Plaintiff contends good cause exists to justify amending the complaint for the following reasons: (1) to prevent unnecessary waste of resources; (2) to ensure existing class members do not lose their rights; (3) to further the interests of justice; and (4) no prejudice would result because Plaintiff has neither engaged in undue delay nor attempted to add new claims or expand the class. *See* ECF No. 62. However, Plaintiff fails to raise any contention regarding their diligence to amend the complaint since March 2018. Illumina points out that Plaintiff failed to include the assignments when it served its Initial Disclosures on May 4, 2018. ECF No. 74 at 9. Likewise, Plaintiff failed to inform Illumina and the Court of its need to amend during a telephonic case management conference held

2

3:16-cv-03044-L-MSB

on May 11, 2018. *Id*. at 10. Plaintiff simply does not assert facts showing it has been diligent in attempting to amend their complaint. Accordingly, the Court **DENIES** Ms. McCormick's motion without prejudice to Plaintiff refiling it with a showing of good cause and diligence.

**IT IS SO ORDERED.**

Dated: January 4, 2019

Hon. M. James Lorenz
United States District Judge