1 | Adam M. Apton (SBN 316506)
2 | **LEVI & KORSINSKY, LLP**
445 South Figueroa Street, 31st Floor
3 | Los Angeles, CA 90071
Tel: (213) 985-7290
4 | E-mail: aapton@zlk.com

5 | *Lead Counsel and Attorneys for Lead Plaintiff Natissisa*
*Enterprises Ltd., Plaintiffs Anton Agoshkov,*
6 | *Braden Van Der Wall, and Steven Romanoff*

7 |

8 | [Additional Counsel listed on signature block.]

9 |

10 | # UNITED STATES DISTRICT COURT

11 | # FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12 |

13 | Master File No. 3:16-cv-03044-L-MSB

14 | IN RE ILLUMINA, INC.
SECURITIES LITIGATION | **CLASS ACTION**

15 |

16 |

17 |

18 |

19 | ### STIPULATION AND AGREEMENT OF SETTLEMENT

20 | This Stipulation and Agreement of Settlement (together with its exhibits, the

21 | "Settlement" or "Stipulation") is made and entered into between Anton Agoshkov,

22 | individually and as the putative assignee of the claims of Lead Plaintiff Natissisa

23 | Enterprises Ltd., and Plaintiffs Braden Van Der Wall and Steven Romanoff

24 | (collectively, "Plaintiffs") on behalf of themselves and each of the Settlement Class

25 | Members, on the one hand, and Illumina, Inc. ("Illumina"), Francis A. deSouza, and

26 |

27 | Master File No. 3:16-cv-03044-L-MSB

28 |

Marc A. Stapley (collectively, "Defendants"), on the other hand, by their respective undersigned counsel and subject to the approval of the United States District Court for the Southern District of California pursuant to Rule 23 of the Federal Rules of Civil Procedure.

This Settlement is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims as against the Released Parties and result in the complete dismissal of this Consolidated Action (as those terms are defined below) with prejudice, upon and subject to the terms and conditions herein.

## WHEREAS:

A.      All capitalized terms not otherwise defined in the text hereof shall have the meanings ascribed to them in the Definitions section below.

B.      On December 16, 2016, plaintiffs Yi Fan Chen and Frontline Global Trading Pte. Ltd. filed a putative class action entitled *Chen v. Illumina Inc., et al.*, No. 3:16-cv-3044 (the "Chen Action") in the United States District Court for the Southern District of California against Defendants. The complaint alleged violations of the Securities Exchange Act of 1934.

C.      On January 10, 2017, plaintiff James McLeod filed a second putative class action entitled *McLeod v. Illumina Inc., et al.*, No. 3:17-cv-00053 (the "McLeod Action") in the United States District Court for the Southern District of California against Defendants.  The complaint was substantially similar to the complaint filed by Yi Fan Chen and Frontline Global Trading Pte. Ltd. and also asserted violations under the Securities Exchange Act of 1934.

D.      On February 14, 2017, various shareholders of Illumina filed motions to consolidate the Chen Action and the McLeod Action as well as to be appointed

Master File No. 3:16-cv-03044-L-MSB

STIPULATION AND AGREEMENT OF SETTLEMENT

2

the lead plaintiff in the proposed consolidated action. Natissisa Enterprises Ltd. was one of the shareholders seeking to be appointed as lead plaintiff.

E.      On March 30, 2017, the District Court entered an Order Granting Motion of Natissisa Enterprises Ltd. for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel dated March 30, 2017 (ECF No. 19) (the "Consolidation Order"). The Consolidation Order consolidated the Chen Action and the McLeod Action under the caption *In re Illumina, Inc. Securities Litigation*, No. 3:16-cv-03044-L-MSB (the "Consolidated Action") and provided that any subsequently filed action arising out of the same subject matter would be consolidated with and into the Consolidated Action. The Consolidation Order also appointed Natissisa Enterprises Ltd. as Lead Plaintiff and Levi & Korsinsky, LLP, as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 ("PSLRA"). ECF No. 19.

F.      On May 30, 2017, Lead Plaintiff filed the Amended Complaint asserting claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, on behalf of itself and a putative class of shareholders of Illumina who purchased or otherwise acquired shares of Illumina common stock between July 26, 2016 and October 10, 2016, inclusive.  (ECF No. 28.)  The Amended Complaint alleged, inter alia, that (i) Illumina's July 26, 2016 earnings guidance, which projected that the Company would earn revenue of between $625 million and $630 million in the third quarter of 2016 and projected approximately 12% revenue growth and non-GAAP earnings per diluted share of $3.48 to $3.58 for fiscal year 2016, was false or misleading, and (ii) Defendants misrepresented that they had adequate internal controls over financial reporting and could accurately forecast future performance.

G.      On July 31, 2017, Defendants moved to dismiss the Amended Complaint.  (ECF No. 32.)  Lead Plaintiff filed its opposition to the motion to dismiss on September 29, 2017.  (ECF No. 34.)  Defendants filed a brief in reply and further support of the motion to dismiss on November 13, 2017.  (ECF No. 35.)

H.      On January 22, 2018, the District Court granted, in part, and denied, in part, Defendants' motion to dismiss.  (ECF No. 39.)

I.      On March 7, 2018, Defendants filed their Answer (ECF No. 49), which denied Lead Plaintiff's allegations that they had made false or misleading statements or otherwise violated the securities laws; denied any liability to Lead Plaintiff or any member of the putative class; and asserted numerous defenses to the Amended Complaint.

J.      On March 14, 2018 and April 20, 2018, the parties met and conferred in accordance with Rule 26(f). On May 4, 2018, the parties submitted their joint report pursuant to Rule 26(f) to Magistrate Judge Karen Crawford.

K.      On May 11, 2018, the District Court entered a Scheduling Order (ECF No. 55), which the District Court amended on May 21, 2018 (ECF No. 57). In pertinent part, the Scheduling Order (as amended) held that Lead Plaintiff's motion for class certification was due on September 14, 2018, the deadline for fact discovery was March 31, 2019, the deadline for expert discovery was September 20, 2019, and pre-trial motions were due on November 15, 2019.

L.      The parties began discovery promptly after meeting and conferring as required by Rule 26(f). On May 4, 2018, the parties exchanged initial disclosures pursuant to Rule 26(a). On May 25, 2018, Lead Plaintiff served initial requests for production of documents and interrogatories on Defendants. On June 5, 2018, Defendants served initial requests for production of documents on Lead Plaintiff.

STIPULATION AND AGREEMENT OF SETTLEMENT

Additional requests for production of documents were served by the parties over the course of the following months.

M.      Lead Plaintiff focused its discovery efforts on, among other things, Defendants' processes for forecasting revenue, various factors that caused estimates to vary from actual results, measures implemented by Defendants to improve forecasting processes, specific orders during the relevant period that failed to materialize into sales, the effect of Defendants' public statements on the market for Illumina's securities, and the damages caused by Defendants' alleged fraud. Defendants sought discovery concerning various issues bearing on Lead Plaintiff's typicality and adequacy for purposes of class certification under Rule 23, including assignments of claims by and between Lead Plaintiff, its beneficial owner, and Anton Agoshkov.

N.      On September 12, 2018, Lead Plaintiff moved for leave to amend the Amended Complaint in order to include Anton Agoshkov as an additional named plaintiff. The motion represented that Lead Plaintiff had decided to voluntarily dissolve its operations and therefore had assigned its claims to its beneficial owner, Oleksandr Agoshkov, who thereafter assigned the claims to Anton Agoshkov. Plaintiff accordingly sought leave to join Anton Agoshkov as a named plaintiff in the case (ECF No. 62).   By order dated January 4, 2019 (ECF No. 85), the Court denied the motion without prejudice.

O.      On September 14, 2018, Lead Plaintiff and Anton Agoshkov moved for class certification pursuant to Rule 23. In support of the motion, Lead Plaintiff submitted a declaration from Anton Agoshkov attesting to his ability to serve as class representative as well as an expert declaration from Michael Hartzmark, Ph.D., analyzing the efficiency of the market for Illumina's securities.  (ECF No.

63.) Defendants opposed the motion, which remains pending as of the date of this Stipulation.

P.      On October 4, 2018, Plaintiffs Braden Van Der Wall and Steven Romanoff, with the assistance of Lead Counsel, filed an additional action in this Court entitled *Van Der Wall et ano. v. Illumina Inc., et al.*, No. 3:18-cv-02307 (the "Van Der Wall Action"). The Van Der Wall Action arises out of the same subject matter as the Consolidated Action and is therefore subject to consolidation with the Consolidated Action under the terms of the Consolidation Order.

Q.      On December 14, 2018, the parties submitted a joint request to the Court to extend various case management deadlines, including the deadline to complete fact discovery, in order to provide the parties more time to complete document discovery and depositions as well as participate in a private mediation. (ECF No. 83.) The Court granted the parties' joint request. (ECF No. 84.)

R.      Thereafter, the parties continued discovery.  In total, the parties exchanged over 200,000 pages of party and non-party document discovery and conducted a deposition of Illumina pursuant to Rule 30(b)(6) as well as a deposition of Lead Plaintiff pursuant to Rule 30(b)(6), a deposition of Lead Plaintiff's expert, and a deposition of a former employee of Illumina. Lead Plaintiff took discovery of third parties, serving a number of non-party subpoenas and filing a motion to compel against one of the subpoena recipients in federal court.

S.      On April 18, 2019, the parties conducted a private mediation before David A. Geronemus of JAMS.  The parties submitted extensive briefing to the mediator before the mediation, including opening briefs and reply briefs and exhibits including documents produced in discovery. The parties also prepared and made presentations at the mediation. After a full day of negotiation, the parties agreed, in principle, to a settlement, subject to the negotiation of a mutually

acceptable long form Stipulation of Settlement. This Stipulation confirms the agreement between the parties and sets forth the terms of the proposed Settlement.

## DEFINITIONS

As used in this Settlement the following terms shall have the meaning specified below:

  a.  "Amended Complaint" means the Amended Complaint for Violation of the Securities Laws filed in this Consolidated Action on May 30, 2017 (ECF No. 28).

  b.  "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator that satisfies all the requirements set forth on the Proof of Claim From in accordance with the requirements established by the Court, and who, subject to Court approval, will receive a payment from the Net Settlement Fund.

  c.  "Claim" means a completed and signed Proof of Claim Form submitted by or on behalf of a Settlement Class Member to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

  d.  "Claimant" means a person or entity that submits a Claim.

  e.  "Claims Administrator" means the firm retained by Lead Plaintiff, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer Claims. Lead Plaintiff has selected JND Legal Administration as the Claims Administrator.

  f.  "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

Master File No. 3:16-cv-03044-L-MSB

STIPULATION AND AGREEMENT OF SETTLEMENT

g.     "Class Period" means the period from July 26, 2016, through October 10, 2016, inclusive.

h.     "Class Representatives" means Anton Agoshkov, as putative assignee of the claims of Lead Plaintiff, Braden Van Der Wall, and Steven Romanoff.

i.     "Complaint" means the Complaint filed in this Consolidated Action on December 16, 2016 by plaintiffs Yi Fan Chen and Frontline Global Trading Pte. Ltd. (ECF No. 1).

j.     "Complaints" means the Complaint, the Amended Complaint, and the complaints filed by plaintiffs James McLeod, Braden Van Der Wall, and Steven Romanoff.

k.     "Consolidated Action" means the consolidated action pending in this Court under the caption *In re Illumina, Inc. Securities Litigation*, Case No. 3:16-cv-03044-L-MSB (S.D. Cal.) which includes the Chen Action, the McLeod Action, and the Van Der Wall Action.

l.     "Court" means the United States District Court for the Southern District of California.

m.     "Defendants" means Illumina, Francis A. deSouza, and Marc A. Stapley.

n.     "Defendants' Counsel" means the law firm of Covington & Burling LLP.

o.     "Effective Date" means the first date by which all of the following shall have occurred: (1) the Court has entered the Preliminary Approval Order, substantially in the form annexed hereto as Exhibit A; (2) the Settlement Amount has been paid into the Escrow Account; (3) the Court has approved all the material terms set forth in this Stipulation and the

proposed settlement embodied herein, following the provision of Settlement Notices to the Settlement Class and a Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (4) the time to exercise the termination rights provided in this Settlement has expired or the termination rights have been waived; and (5) the Court has entered the Judgment, substantially in the form annexed hereto as Exhibit B, which has become Final.

p.     "Escrow Account" means one or more accounts located at the Escrow Agent that are maintained to hold the Settlement Fund, which accounts shall be created, controlled, and maintained exclusively by Lead Counsel, acting as agent for Plaintiffs and the Settlement Class, and shall be deemed to be in the custody of the Court and remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned pursuant to the terms of this Settlement and/or further order of the Court.

q.     "Escrow Agent" means Signature Bank, which shall be responsible for overseeing, investing, safeguarding, and distributing the Settlement Fund held in the Escrow Account, pursuant to the terms of this Settlement and any orders entered by the Court, and acting as agent for Lead Plaintiff and the Settlement Class.

r.     "FDIC" means the Federal Deposit Insurance Corporation.

s.     "Fee and Expense Order" means an award granting Lead Counsel's attorneys' fees and Litigation Expenses.

t.     "Final" when referring to an order or judgment means: (l) that the time for appeal or appellate review of the order or judgment has expired, and no appeal has been taken; or (2) if there has been an appeal, (a) that the appeal has been decided by all appellate courts without causing a material

change in the order or judgment; or (b) that the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari.

u.     "Illumina" means Illumina, Inc.

v.     "Illumina Common Stock" means the common stock of Illumina, including (without limitation) all common stock of Illumina traded on the NASDAQ Stock Market under the ticker symbol ILMN.

w.     "Judgment" means the proposed order and final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure approving the Stipulation and the proposed settlement embodied herein.

x.     "Lead Counsel" means Levi & Korsinsky, LLP.

y.     "Lead Plaintiff" means Natissisa, individually and on behalf of the Settlement Class.

z.     "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing and prosecuting the Consolidated Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund. Litigation Expenses may also include reimbursement of the reasonable costs and expenses (including lost wages) of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).

aa.     "Natissisa" means Natissisa Enterprises Ltd., individually and on behalf of the Settlement Class.

bb.     "Net Settlement Fund" means the Settlement Fund less: (1) any Taxes; (2) any Notice and Administration Costs; and (3) any attorneys' fees and Litigation Expenses awarded by the Court.

Master File No. 3:16-cv-03044-L-MSB

STIPULATION AND AGREEMENT OF SETTLEMENT

10

cc. "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, substantially in the form attached hereto as Exhibit A-1, which is to be sent to members of the Settlement Class.

dd. "Notice and Administration Costs" means (1) the costs, fees, and expenses that are reasonably incurred by the Claims Administrator, as described herein and in the Preliminary Approval Order, in connection with (i) providing Notice to the Settlement Class and (ii) administering the claims process; (2) any Tax Expenses incurred by the Claims Administrator; and (3) the costs, fees, and expenses that are reasonably incurred by the Escrow Agent.

ee. "Opt-Out Threshold" means the threshold set forth in the Supplemental Agreement that, if exceeded, provides Defendants with a right to terminate the Settlement.

ff. "Plaintiffs" means Natissisa, Anton Agoshkov as the putative assignee of the claims of Lead Plaintiff, Braden Van Der Wall, and Steven Romanoff, individually and on behalf of the Settlement Class.

gg. "Plaintiff Released Parties" means Plaintiffs, in their capacity as current or former shareholders of Illumina, Lead Counsel, and all attorneys, consultants, and experts employed by or on behalf of Lead Counsel.

hh. "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund prepared by Lead Counsel, in conjunction with Lead Plaintiff's damages consultant, as set forth in the Notice or any other plan for the allocation of the Net Settlement Fund among Authorized Claimants proposed by Lead Counsel and approved by the Court.

ii. "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court

preliminarily approving the Settlement and the proposed settlement embodied therein.

jj.    "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Settlement Class Member must complete should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund, subject to entry of a Plan of Allocation and a Class Distribution Order that have both become Final.

kk.    "Released Claims" means any and all claims, debts, demands, rights, causes of action, or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, penalties, expenses or liability whatsoever, whenever or wherever incurred), whether based on federal, state, local, foreign, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual, or otherwise in nature, whether personal or subrogated, whether suspected or unsuspected, including both known claims and Unknown Claims: (1) that have been or could have been asserted in any of the Complaints filed in this Consolidated Action, or (2) that, directly or indirectly, arise out of or are related to (i) any of the factual allegations in the Complaints, (ii) any misrepresentation or omission or alleged misrepresentation or omission by any Released Party before or during the Class Period related to or in connection with Illumina, or any of its subsidiaries, or the purchase or sale of Illumina Common Stock or (iii) any loss sustained or allegedly sustained as a result of the purchase, sale, or holding Illumina Common Stock during the Class Period.

Notwithstanding the foregoing, "Released Claims" does not include any claims to enforce the Settlement or any of its terms.

ll.     "Released Claim" means any one of the Released Claims.

mm.   "Released Parties" means Defendants; each of their respective current and former officers, directors, employees, agents, servants, representatives, parents, subsidiaries, affiliates, trusts, controlled persons and entities, controlling persons and entities, successors, predecessors, assigns, assignees, attorneys, accountants, advisors, insurers, family members and partners; and each of their respective heirs, executors, administrators, legal representatives, successors and assigns.

nn.    "Settlement Class" means all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Illumina's common stock between July 26, 2016 through October 10, 2016, inclusive. Excluded from the Settlement Class are (i) any putative Settlement Class Members who exclude themselves by filing a timely and valid request for exclusion in accordance with the requirements set forth in the Notice; (ii) Defendants and their family members; (iii) any entity in which Defendants have or had a controlling interest; (iv) the officers and directors of Illumina during the Class Period; and (iv) the legal representatives, agents, executors, successors, or assigns of any of the foregoing excluded persons or entities, in their capacities as such.

oo.    "Settlement Class Member" means any person or entity that is a member of the Settlement Class.

pp.    "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, whether

fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including both known claims and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in this Consolidated Action. Notwithstanding the foregoing, "Settled Defendants' Claims" does not include claims to enforce the Settlement or any of its terms.

qq.    "Settlement" means this Stipulation and Agreement of Settlement and its exhibits.

rr.    "Settlement Amount" means Thirteen Million Eight Hundred Fifty Thousand Dollars ($13,850,000.00).

ss.    "Settlement Fund" means the Settlement Amount plus any and all income and gains earned thereon, less any losses incurred thereon, after it is deposited into the Escrow Account.

tt.    "Settlement Hearing" means a hearing on final approval of the proposed Settlement scheduled in accordance with the Preliminary Approval Order.

uu.    "Settlement Notices" means the Notice and Summary Notice.

vv.    "Settling Parties" means Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants.

ww.    "Summary Notice" means the Summary Notice of Pendency of Class Action and Proposed Settlement, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

xx.    "Supplemental Agreement" means the agreement entered into on June 11, 2019 between Lead Counsel and Defendants' Counsel, on behalf

of the parties to the Consolidated Action, which is incorporated by reference into this Settlement.

yy.     "Taxes" means any and all taxes, duties and similar charges (including any estimated taxes, withholdings, interest or penalties and interest thereon) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon the Released Parties and/or each of their respective counsel with respect to (1) any income and gains earned by the Settlement Fund for any period during which the Settlement Fund may be finally determined to not qualify as a Qualified Settlement Fund (within the meaning contemplated in ¶19 herein) for federal, state or local income tax purposes or (2) any distribution of any portion of the Settlement Fund to Authorized Claimants and other persons entitled hereto pursuant to the Settlement, excluding any portion of the Settlement Fund returned to Defendants as a result of the termination of this Settlement pursuant to ¶¶48-50.

zz.     "Tax Expenses" means any expenses and costs reasonably incurred by the Claims Administrator in connection with determining the amount of, and paying, any Taxes (including, without limitation, reasonable expenses of tax attorneys and/or accountants and/or other advisors and reasonable expenses relating to the filing of or failure to file all necessary or advisable tax returns).

aaa.     "Unknown Claims" means any and all Released Claims that any Plaintiff or Settlement Class Member does not know or suspect to exist in his, her or its favor, and any of the Settled Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if

known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defendants' Claims, Plaintiffs and Defendants stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall each, for themselves and all persons claiming by, through, or on behalf of them, expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and all Settlement Class Members and any successors, assigns, and persons claiming through or on behalf of any of the foregoing, shall, by operation of law, be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims were separately bargained for and constitute material elements of this Settlement.

### NO ADMISSION OF WRONGDOING

1.      Defendants deny any and all allegations of wrongdoing and submit that they have at all relevant times acted in compliance with their legal obligations, including any such obligations under the federal securities laws.  Defendants are

entering into this Settlement, without any admission of liability whatsoever, in order to avoid the expense, distraction, and uncertainty of further litigation.

2.     Whether or not the Settlement, as embodied in this Stipulation, is approved by the Court, and whether or not this Settlement is consummated, the fact and terms of this Settlement, and all negotiations, discussions, drafts, and proceedings relating to this Settlement, and any act performed or document signed in connection the Settlement:

a.     shall not be offered or received against the Released Parties, Plaintiffs or the other Settlement Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Plaintiffs or the other Settlement Class Members with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Consolidated Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Consolidated Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b.     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any wrongdoing, including (without limitation) any misrepresentation, omission, or violation of the securities laws alleged in any of the Complaints;

c.     shall not be offered or received against the Released Parties, Plaintiffs or the other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding

Master File No. 3:16-cv-03044-L-MSB

STIPULATION AND AGREEMENT OF SETTLEMENT

17

or other civil, criminal or administrative action or proceeding; provided, however, that the Released Parties and the Plaintiff Released Parties may refer to this Settlement to enforce its terms, including (without limitation) any release from liability granted hereunder;

        d.    shall not be construed against the Released Parties, Defendants' Counsel, Lead Counsel or Plaintiffs or the other Settlement Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other Settlement Class Members or any of them that any of their claims are without merit or that damages recoverable in the Consolidated Action would not have exceeded the Settlement Amount.

## SETTLEMENT CONSIDERATION

3.    Illumina shall cause Defendants' insurers to pay the Settlement Amount into the Escrow Account within twenty (20) business days after the first date on which both (a) the Preliminary Approval Order has been entered by the Court, and (b) Lead Counsel has provided Defendants' Counsel with full and complete account information necessary for such payment (including wiring instructions) and a tax identification number for the Settlement Fund. If the Settlement Amount is not deposited into the Escrow Account by such date, Plaintiffs reserve the right to either (i) move to enforce the terms of this Settlement, including seeking interest on any unpaid amount or (ii) terminate the Settlement.

4.    The Settlement Amount as set forth above in ¶ rr is inclusive of all Lead Counsel's attorneys' fees and Litigation Expenses that may be awarded by the Court, and all Notice and Administration Costs and Taxes, and is the total, full and

final amount of all payments to be paid by, or on behalf of, Defendants for the benefit of themselves and the Released Parties, to Plaintiffs, Settlement Class Members, Lead Counsel, or any other person or entity acting or purporting to act for the benefit of the Settlement Class in this Consolidated Action, in connection with the Stipulation and the proposed Settlement embodied herein.

5. Immediately upon deposit of the Settlement Amount into the Escrow Account, Defendants and the Released Parties shall have no responsibility for the Settlement Fund, including for any loss of principal.

## RELEASES

6. The obligations incurred pursuant to this Settlement shall be in full and final disposition of the Consolidated Action as against Defendants, and shall fully and finally release any and all Released Claims as against all Released Parties and shall also release all of the Settled Defendants' Claims against the Plaintiff Released Parties. The Judgment shall, among other things, provide for the dismissal with prejudice of the Consolidated Action against Defendants, without costs to any party, except for the payments expressly provided for herein.

7. Pursuant to the Judgment, upon the Effective Date, Plaintiffs and each Settlement Class Member, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting,

continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand against any person or entity who may claim any form of contribution or indemnity from any of the Defendant Released Parties in respect of any Released Claim.  For the avoidance of doubt, the parties acknowledge and agree that the releases granted herein are intended to release all claims that have been or could have been asserted by Natissisa in the Consolidated Action, irrespective of the validity of any putative assignment of such claims.

8.     Pursuant to the Judgment, upon the Effective Date, Defendants, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged, and dismissed each and every of the Settled Defendants' Claims against the Plaintiff Released Parties; (b) forever be enjoined from commencing, instituting, or prosecuting any or all of the Settled Defendants' Claims against the Plaintiff Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand against any person or entity who may claim any form of contribution or indemnity from the Plaintiff Released Parties in respect of any Settled Defendants' Claim.

Master File No. 3:16-cv-03044-L-MSB

STIPULATION AND AGREEMENT OF SETTLEMENT

20

## CLASS CERTIFICATION

9.     Solely for purposes of the Settlement, the Settling Parties stipulate and agree to: (a) certification of the Consolidated Action as a class action on behalf of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, (b) the appointment of Plaintiffs as Class Representatives, and (c) the appointment of Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  If the proposed Settlement is not approved by the Court, is terminated, or is not consummated for any other reason, Defendants shall have the right to oppose certification of the Settlement Class, or any other class; to oppose certification or appointment of Plaintiffs as Class Representatives; and to oppose the appointment of Lead Counsel as class counsel in the Consolidated Action.  In such event, (a) nothing in this Stipulation or in the Preliminary Approval order shall in any way prejudice any argument Defendants make in opposition to the certification of any class, the appointment of any class representative, or the appointment of class counsel, and (b) Plaintiffs shall not cite the Stipulation or the Preliminary Approval Order in support of any motion for class certification or the appointment of class representatives or class counsel.

## CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA") NOTICE

10.     Defendants shall serve any notice of the Settlement required pursuant to CAFA, 28 U.S.C. §1715(b), (the "CAFA Notice") within the time period set forth in said statute and shall, within three (3) business days after service of such CAFA Notice, certify to Lead Counsel that such service has been made. The Settling Parties agree that they will request, pursuant to 28 U.S.C. §1715(d), that the Settlement Hearing be scheduled for no earlier than ninety (90) days following the deadline for Defendants to serve the CAFA Notice as stated in this paragraph. The parties agree that any delay by Defendants in timely serving the CAFA Notice will

not provide grounds for delay of the Settlement Hearing or entry of the Judgment. Defendants shall be responsible for all costs and expenses related to the creation and service of the CAFA Notice.

## USE AND TAX TREATMENT OF THE SETTLEMENT FUND

11.    The Settlement Fund shall be held and invested in the Escrow Account as provided in ¶12 hereof. Upon the Effective Date, any interest earned on the Settlement Fund shall be for the benefit of the Settlement Class. If the Effective Date does not occur and the Settlement is terminated, the Settlement Fund, including any accrued interest, shall be returned to Defendants pursuant to the terms of ¶50 hereof.

12.    Up to $200,000 of the Settlement Fund may be held in an interest-bearing bank account insured by the FDIC. The Escrow Agent shall invest the remaining portion of the Settlement Fund in United States Agency or Treasury Securities having maturities of 180 days or less, money market mutual funds comprised of investments secured by the full faith and credit of the United States government, or an interest-bearing account insured by the FDIC, and shall collect and reinvest all interest accrued thereon. The Released Parties shall have no responsibility for, interest in, or liability with respect to the investment decisions of the Escrow Agent. The Settlement Fund, and any party with an interest in the Settlement Fund (including the Settlement Class), shall bear all risk of loss related to the investment of the Settlement Amount pursuant to the terms set forth in this paragraph.

13.    The Escrow Agent shall not disburse the Settlement Fund from the Escrow Account except as provided in this Settlement. All Settlement Funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement

Funds are either distributed or returned to Defendants or their designated insurers pursuant to the terms and conditions of this Settlement.

14.     Subject to the terms and conditions of this Settlement, the Settlement Fund shall be distributed to pay: (i) Taxes; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court. The balance remaining in the Settlement Fund (the Net Settlement Fund) after payment of items (i)-(iii), shall be distributed to Authorized Claimants as provided herein.

15.     Prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $200,000 in Notice and Administration Costs actually and reasonably incurred. Prior to the Effective Date, payment by the Escrow Agent of any Notice and Administration Costs exceeding $200,000 shall require notice to, and agreement from, Defendants, through Defendants' Counsel. Subsequent to the Effective Date, without further approval by Defendants, any Released Parties or the Court, the Escrow Agent may pay from the Settlement Fund all reasonable and necessary Notice and Administration Costs in excess of any amount paid prior to the Effective Date. Defendants, Defendants' Counsel, and the Released Parties shall not have any responsibility for, nor any liability with respect to, any Notice and Administration Costs incurred or paid, and shall have no responsibility for, and no liability with respect to, any acts or omissions of the Claims Administrator, Lead Counsel, the Escrow Agent, or their respective agents, with regard to any Notice and Administration Costs.

16.     All Taxes shall be considered to be a cost of administration of the proposed Settlement embodied in this Stipulation and shall be timely paid out of the Settlement Fund. The Claims Administrator shall be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to

the Settlement Fund, and the Escrow Agent is authorized to permit the Claims Administrator to withdraw from the Settlement Fund, without prior order of the Court or approval of Defendants, such amounts as are necessary to pay Taxes.

17.     After (i) the Effective Date occurs and (ii) entry by the Court of a Class Distribution Order that has become Final, the Claims Administrator shall, subject to the supervision of Lead Counsel, distribute the Net Settlement Fund to Authorized Claimants in accordance with the terms of such Final Class Distribution Order; provided, however, that any amounts in the Escrow Account necessary for payment of Taxes, attorneys' fees and Litigation Expenses awarded by the Court, and/or Notice and Administration Costs shall remain in the Escrow Account for such purpose. The Escrow Agent is authorized to permit the Claims Administrator to make the foregoing distributions.

18.     If all conditions of the Settlement are satisfied and the Effective Date has occurred, no portion of the Settlement Fund will be returned to Illumina, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. If any portion of the Net Settlement Fund remains following distribution pursuant to ¶29 and is of such an amount that, in the determination of the Claims Administrator, in consultation with Lead Counsel, it is not cost-effective or efficient to redistribute such amount to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under United States Internal Revenue Code Section 501(c)(3), as approved by the Court.

19.     The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Section 468B of the Internal

Revenue Code of 1986, as amended (the "Code") and Treasury Regulation § 1.468B-1. The Settling Parties shall cooperate with each other and shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Claims Administrator shall make reasonable efforts to ensure that the Settlement Fund at all times complies with applicable provisions of the Code and Treasury regulations in order to maintain its treatment as a Qualified Settlement Fund. To this end, the Judgment shall provide that the Settlement Fund is approved by the Court as a Qualified Settlement Fund, and the Claims Administrator shall make reasonable efforts to ensure that the Escrow Agent complies with all applicable provisions of the Code and Treasury regulations in order to maintain the treatment of the Settlement Fund as a Qualified Settlement Fund. The Settling Parties agree that the Claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶14 herein. Upon written request, Illumina will provide to the Claims Administrator the statement described in Treasury Regulation § 1.468B-3(e). The claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation-back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be

Master File No. 3:16-cv-03044-L-MSB

STIPULATION AND AGREEMENT OF SETTLEMENT

25

necessary or appropriate in connection therewith. The taxable year of the Settlement Fund shall be the calendar year in accordance with Treasury Regulation § 1.468B-2(j). The Settlement Fund shall use an accrual method of accounting within the meaning of Section 446(c) of the Code.

20.    All tax returns prepared by the Claims Administrator for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous ¶19 and in all events shall reflect that all Taxes on the income and gains earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

21.    The Released Parties shall not have any responsibility for, and shall have no liability with respect to, payment of any Taxes, and shall have no responsibility for, and no liability with respect to, the acts or omissions of the Claims Administrator, Lead Counsel, the Escrow Agent, or their agents, with regard to Taxes. Defendants and Defendants' Counsel shall notify the Escrow Agent promptly if they receive any notice of any claim for Taxes relating to the Settlement Fund, but shall otherwise have no responsibility for, or liability with respect to, the administration or distribution of the Settlement Fund or any related acts or omissions of the Claims Administrator, Lead Counsel, or the Escrow Agent. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of this Settlement with regard to Taxes.

## PLAN OF ALLOCATION

22.    Subject to entry by the Court of a Class Distribution Order that becomes Final, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with a Plan of Allocation, provided that such Plan of

Allocation, after appropriate notice thereof to the Settlement Class, has been approved by the Court in an order that has become Final.

23.     Defendants, the Released Parties, and Defendants' Counsel shall have no role in the preparation of the Plan of Allocation and shall take no position with respect to the Plan of Allocation. Neither Defendants nor the other Released Parties shall have any responsibility or liability whatsoever for the Plan of Allocation.

24.     The Plan of Allocation is a matter separate and apart from the proposed settlement between the Settling Parties as embodied in this Stipulation. The Plan of Allocation is not a necessary or material term of this Settlement and it is not a condition of this Settlement that any Plan of Allocation be approved by the Court or that any order approving a Plan of Allocation becomes Final. Any order by the Court or any appellate court with respect to a Plan of Allocation shall not preclude the Judgment from being deemed Final nor shall it prevent the Effective Date from occurring. None of the Settling Parties may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to a Plan of Allocation.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

25.     Lead Counsel may apply to the Court for an award from the Settlement Fund of attorneys' fees and Litigation Expenses and incentive awards payable to Plaintiffs. Attorneys' fees and Litigation Expenses and any incentive awards are not the subject of any agreement between the Settling Parties other than what is set forth in this Settlement.

26.     Defendants will take no position on Lead Counsel's request for attorneys' fees or Litigation Expenses or incentive awards, and shall have no responsibility for, and no liability with respect to, the attorneys' fees or Litigation Expenses or incentive awards that the Court may award.

27.     The procedure for and amounts of any award of attorneys' fees and Litigation Expenses and incentive awards, and the allowance or disallowance by the Court thereof, are not necessary or material terms of this Settlement and are not a condition of this Settlement. Lead Counsel shall request that its application for an award of attorneys' fees and Litigation Expenses and incentive awards be considered by the Court separately from (but not prior to) the Court's consideration of the fairness, reasonableness and adequacy of the proposed settlement embodied herein. Any order or proceedings relating to Lead Counsel's request for attorneys' fees or Litigation Expenses or incentive awards, or any appeal from any order relating thereto or reversal or modification thereof, shall neither preclude the Judgment from being deemed Final nor prevent the Effective Date from occurring. None of the Settling Parties may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to Lead Counsel's application for attorneys' fees and Litigation Expenses and incentive awards.

28.     Within three (3) business days after entry by the Court of the Fee and Expense Order, any amounts awarded in the order shall be paid to Lead Counsel from the Escrow Account by the Escrow Agent, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or the Fee and Expense Order. In the event that the Effective Date does not occur or the Settlement is terminated pursuant to its terms, or if, as the result of any appeal or further proceedings on remand, or successful collateral attack, the Fee and Expense Order is reversed or modified pursuant to a Final court order and attorneys' fees and Litigation Expenses have been paid out of the Escrow Account to any extent, then Lead Counsel shall be obligated and do hereby agree, within ten (10) business days after receiving notice of the foregoing from Defendants' Counsel or from a court of appropriate jurisdiction, to refund to the Escrow Account such

attorneys' fees and Litigation Expenses that have been paid, plus interest thereon at the same rate as would have been earned had those sums remained in the Escrow Account.

## ADMINISTRATION OF THE SETTLEMENT

29.    The Claims Administrator, subject to the supervision of Lead Counsel and the jurisdiction of the Court, shall administer and calculate the Claims submitted by Claimants, oversee distribution of the Net Settlement Fund to Authorized Claimants pursuant to a Plan of Allocation approved by the Court in an Order that has become Final and subject to a Class Distribution Order entered by the Court that has become Final, and perform all claims administration procedures necessary or appropriate in connection therewith.

30.    Other than Illumina's obligation to provide a list of record holders of Illumina Common Stock during the Period, as provided below, none of the Released Parties shall have any responsibility for, involvement in, or liability for providing the Settlement Notices to the Settlement Class, the administration of the Settlement or the Claims process, the reviewing or challenging of Claims of Claimants, the implementation of the Plan of Allocation as approved by the Court, or the distribution of funds from the Net Settlement Fund. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

31.    Within ten (10) days following the entry of the Preliminary Approval Order, Illumina shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) lists of record holders of Illumina Common Stock during the Class Period, to the extent such lists are maintained by its stock transfer agent and reasonably available to

Illumina upon request. The lists shall be provided in electronic form or such form as is reasonably available to Illumina.

32.     The Claims Administrator shall mail the Notice to those Settlement Class Members who may be identified through the records maintained by or on behalf of Illumina, and shall publish the Summary Notice, pursuant to the terms of the Preliminary Approval Order.

33.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's share of the Net Settlement Fund based upon the Plan of Allocation approved by the Court. The Claims Administrator, subject to the supervision of Lead Counsel, shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

34.     Neither Defendants nor any other Released Party shall be permitted to review, contest, or object to any Claim or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.

35.     Any Settlement Class Member who does not timely submit a valid Claim by the deadline set by the Court in the Preliminary Approval Order will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of this Settlement, including the terms of the Judgment to be entered in the Consolidated Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim, demand, or other proceeding of any kind against any Released Party concerning any Released Claim.

36.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.      Each Settlement Class Member shall be required to submit a Proof of Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.      All Proof of Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notices, unless such deadline is extended by Order of the Court. Any Settlement Class Member who fails to submit a Proof of Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Settlement (unless, by Order of the Court, late-filed Claims are accepted), but shall in all other respects be bound by all of the terms of this Settlement, including the terms of the Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any Released Claim against any Released Party in any forum. A Proof of Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions set forth on the Proof of Claim Form;

c.      Each Proof of Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Settlement the extent, if any, to which

each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

d.     Proof of Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, by mail, first class postage pre-paid, to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim Form submitted within a period of twenty (20) days after such notice has been mailed. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, by mail, first- class postage pre-paid, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below within twenty (20) days following the mailing of such notice by the Claims Administrator;

e.     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within the timeframe stated in the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

f.     The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, on notice to

Defendants' Counsel, for approval by the Court in the Class Distribution Order.

37.   By submitting a Claim, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim and to have consented to the releases provided for in the Judgment.  The Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of their Claim. No discovery shall be allowed on the merits of this Consolidated Action or this Settlement in connection with the processing of Proof of Claim Forms. Defendants shall have no right to take any such discovery nor any responsibility to provide such discovery.

38.   The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the later of the Effective Date having occurred; the Court having approved a Plan of Allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

39.   Lead Counsel will apply to the Court, with reasonable notice to Defendants, for a Class Distribution Order, inter alia: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding Notice and Administration Costs from the Escrow Account (except to the extent that Court approval is not required as specified herein); and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account in specified increments until, in the determination of the Claims Administrator, in consultation with Lead Counsel, it is no longer economically feasible to distribute the remaining funds, at which time any such

remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under United States Internal Revenue Code Section 501(c)(3), as approved by the Court; and (iv) such other relief as appropriate.

40.     Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Settlement Class Members. All Settlement Class Members who did not submit a Claim or whose Claim was not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but shall nevertheless be bound by all of the terms of this Settlement, including the terms of the Judgment and the releases provided for therein, and shall be permanently barred and enjoined from bringing any action against any Released Claim against any Released Party in any forum.

41.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

**OBJECTIONS AND REQUESTS FOR EXCLUSION**

42.     Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any Settlement Class Member may appear at the Settlement Hearing and show cause why the Stipulation, and the proposed settlement embodied herein, should or should not be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.

43.    Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any putative Settlement Class Member may request to be excluded from the Settlement Class.

44.    The Claims Administrator shall scan and electronically send copies of all requests for exclusion in .pdf format (or such other format as shall be agreed) to Defendants' Counsel and to Lead Counsel expeditiously (and not more than two (2) days) after the Claims Administrator receives such a request.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

45.    Promptly after execution of this Settlement, Plaintiffs, by and through Lead Counsel, with Defendants' consent, shall submit this Settlement together with the exhibits annexed hereto to the Court and shall move for entry of the Preliminary Approval Order, among other things, preliminarily approving the Stipulation and the Settlement embodied herein, approving the contents and method of distribution of the Notice and Summary Notice, approving the contents of the Proof of Claim Form, and setting a date for the Settlement Hearing.

## JUDGMENT APPROVING THE SETTLEMENT

46.    Plaintiffs, by and through Lead Counsel, with Defendants' consent, shall request that the Court, if it approves the Settlement embodied in this Stipulation following the Settlement Hearing, enter the Judgment, substantially in the form annexed hereto as Exhibit B, pursuant to Rule 54 of the Federal Rules of Civil Procedure.

47.    The Judgment shall contain a bar order, substantially in the form set forth in Exhibit B (the "Bar Order"), that will, upon the Effective Date of the Settlement, permanently bar, extinguish, and discharge any and all claims, actions, suits, cause of action, or demands by any person against the Released Parties, whether for contribution or indemnification or however styled, where the alleged

injury consists of or arises from liability to the Settlement Class or any Settlement Class Member for a claim arising out of or related to the allegations in the Consolidated Action. The Bar Order shall further provide that:

a.    Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or any Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid on behalf of Defendants to the Settlement Class or any Settlement Class Member for common damages.

b.    The Released Parties shall be barred from bringing any claim for contribution or indemnification arising out of or related to any Released Claim against any person.

c.    Notwithstanding anything to the contrary herein, the Bar Order shall not apply to: (i) any claims Defendants or any other Released Party may have against any insurance carrier for advancement of legal fees or indemnification, (ii) any claims any of the Individual Defendants or any other current or former officer or director of Illumina may have against Illumina for advancement of legal fees or indemnification, or (iii) any claims by a Defendant against any party (excluding another Defendant) whose liability to the Settlement Class or any Settlement Class Member for a Released Claim has been extinguished by the Settlement.

## TERMINATION RIGHTS

48.    Defendants and Plaintiffs each shall have the right to terminate the Settlement by providing written notice to the other of their election to do so within thirty (30) days of the date on which any of the following occur: (a) the Court

declines to enter the Preliminary Approval Order in any material respect; (b) the Court declines to approve this Settlement or any material term hereof; (c) the Court declines to enter the Judgment in any material respect; (d) the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) the Settlement Amount is not paid in accordance with the terms of ¶3. In addition, Defendants may terminate this Settlement in accordance with ¶49. Notwithstanding the foregoing, any decision by the Court or any appeals court with respect to an application for attorneys' fees or Litigation Expenses or with respect to a Plan of Allocation or a Class Distribution Order, shall not be considered material to this Settlement, shall not preclude the Judgment from being deemed Final, and shall not be grounds for termination of the Settlement. In the event this Settlement is terminated, the provisions of ¶¶1, 2, 5, 11, 12, 13, 28, 48, and 50 shall survive such termination. The termination rights set forth herein are not intended to limit or impair the Settling Parties' rights under the law of contracts of the State of California with respect to any breach of this Settlement.

49. Defendants shall have the option to terminate this Settlement in the event that the aggregate number of total shares of Illumina Common Stock purchased during the Class Period by persons or entities who would otherwise be entitled to participate in the Settlement as Settlement Class Members, but who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth in the Notice, equals or exceeds any Opt-Out Threshold. The applicable Opt-Out Thresholds may be disclosed *in camera* to the Court for purposes of approval of the Settlement, if required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the confidentiality of the Opt-Out Threshold.

Master File No. 3:16-cv-03044-L-MSB

STIPULATION AND AGREEMENT OF SETTLEMENT

50.     Except as otherwise provided herein, in the event this Settlement is terminated:

a.     this Stipulation shall be null and void and inadmissible in any trial of this Consolidated Action, and the Settling Parties shall be deemed to have reverted to their respective status in this Consolidated Action immediately prior to their agreement, in principle, to settle this Action on April 18, 2019;

b.     the parties will meet and confer in good faith as to a proposed schedule for the completion of discovery and other pretrial proceedings and for the trial of this Consolidated Action and shall proceed in all respects as if this Settlement and any related orders had not been entered;

c.     any portion of the Settlement Amount previously paid into the Escrow Account, including, but not limited to, any funds disbursed in payment of attorneys' fees and Litigation Expenses, plus interest thereon at the same rate as would have been earned had those funds remained in the Escrow Account, less any amounts for Taxes paid or owing with respect to interest income and/or gains on the Settlement Amount and /or for Notice and Administration Costs actually incurred and paid or payable, shall be returned by Lead Counsel and/or the Escrow Agent to Defendants or their designated insurers within fourteen (14) business days after written notification of such event by Defendants' Counsel to Lead Counsel.

## MISCELLANEOUS PROVISIONS

51.     All of the exhibits attached hereto and the Supplemental Agreement referenced herein are hereby incorporated by reference as though fully set forth herein and are material terms of the Settlement. Notwithstanding the foregoing, in the event that there is a conflict or inconsistency between the terms of this

Stipulation and the terms of any exhibit attached hereto, the terms of this Stipulation shall control.

52.     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Plaintiffs or any other Settlement Class Members in the Consolidated Action. Except in the event of the termination of this Settlement, Plaintiffs and Defendants agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Consolidated Action was brought or defended in bad faith or without a reasonable basis. The Settling Parties agree that the Settlement Amount and the other terms of this Settlement were negotiated at arms' length and in good faith by the Settling Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with their respective experienced legal counsel.

53.     This Settlement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by or on behalf of all Settling Parties or their successors-in-interest.

54.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55.     The waiver by one Settling Party of any breach of this Settlement by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement.

56.     This Settlement, the exhibits annexed hereto, and the Supplemental Agreement incorporated by reference herein, constitutes the entire agreement among the Settling Parties concerning the Settlement, and no representations, warranties or inducements have been made to any Settling Party concerning this

Settlement other than the representations, warranties and covenants contained and memorialized in this Settlement.

57.     This Settlement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

58.     Plaintiffs agrees that it will use its best efforts to obtain all necessary approvals of the Court required by this Settlement, and Defendants agree to provide such support as may be reasonably requested by Plaintiffs or Lead Counsel.

59.     Each signatory to this Settlement represents that he or she has authority to sign this Settlement and any Settlement-related documents on behalf of Plaintiffs or Defendants, as applicable, and that such signatory has the authority to take appropriate action required or permitted to be taken pursuant to this Settlement to effectuate its terms.

60.     Plaintiffs and Plaintiffs' Counsel represent and warrant that (i) Lead Plaintiff Natissisa Enterprises Ltd. and Plaintiffs Braden Van Der Wall and Steven Romanoff each purchased or otherwise acquired Illumina Common Stock during the Class Period, and (ii) with the exception of the putative assignments of Lead Plaintiff's claims to Oleksandr Agoshkov and then to Anton Agoshkov identified in the Recitals, no Released Claims held by any of the Plaintiffs have been assigned, pledged, encumbered, or in any manner transferred in whole or in part.

61.     This Settlement shall be binding upon and shall inure to the benefit of the successors and assigns of the Settling Parties hereto, including all Released Parties and any corporation, partnership, or other entity into or with which any Settling Party hereto may merge, consolidate, or reorganize.

Master File No. 3:16-cv-03044-L-MSB

STIPULATION AND AGREEMENT OF SETTLEMENT

40

62.     The administration, consummation and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Settling Parties intend that the Court retain jurisdiction following entry of the Judgment for the purpose of resolving any matters that remain outstanding, including without limitation, entering orders providing for the award of attorneys' fees and Litigation Expenses to the extent not already entered by the Court, the approval of the Plan of Allocation and the Class Distribution Order, and enforcing the terms of this Settlement. Pursuant to Hon. M. James Lorenz's Standing Order for Civil Cases, in the event that the Court enters the Judgment, the Settling Parties consent to the jurisdiction of the assigned Magistrate Judge over all post-judgment disputes arising out of the Settlement, including interpretation and enforcement of the Settlement. A fully executed Consent to Exercise Jurisdiction by a United States Magistrate Judge is attached hereto as Exhibit C.

63.     The construction, interpretation, operation, effect and validity of this Settlement, and all documents necessary to effectuate it, shall be governed by the laws of the state of California, without regard to choice-of-law principles, except to the extent that federal law requires that federal law govern.

64.     To the extent that there are disputes regarding the interpretation of any term of this Settlement, the Settling Parties will attempt to resolve any such dispute in good faith. If the Settling Parties fail to resolve the dispute, or in the event of a breach of the terms of the Settlement, any Settling Party shall be entitled to bring an action seeking to enforce those provisions, and the exclusive forum for any such action shall be this Court.

65.     This Settlement shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized

that it is the result of arms' length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Settlement.

66.     No opinion or advice concerning the tax consequences of the Settlement to individual Settlement Class Members or any of the Settling Parties or any of the Released Parties is being given or will be given by Lead Counsel and/or Defendants' Counsel; nor is any representation or warranty in this regard made by virtue of this Settlement.  Settlement Class Members will be directed to consult their own tax advisors regarding the tax consequences of the Stipulation, and the Settlement embodied herein, and any tax reporting obligations they might have with respect to it. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of such Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

67.     All time periods set forth in this Settlement shall be computed in calendar days, unless expressly provided otherwise, and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

68.     Except to the extent explicitly set forth otherwise in this Settlement, if any Settling Party is required to give notice to any other Settling Party under this Settlement, such notice shall be in writing and shall be deemed to have been duly given upon (a) receipt of hand delivery; (b) mailing by means of pre-paid, overnight courier delivery service or (c) sending of electronic mail, provided that no rejection notice occurs and that identical notice is sent by United States Mail, first-class postage pre-paid or pre-paid, overnight courier delivery service. Notice shall be provided as follows:

Master File No. 3:16-cv-03044-L-MSB

STIPULATION AND AGREEMENT OF SETTLEMENT

If to Plaintiffs or Lead Counsel:

LEVI & KORSINSKY, LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Attn: Nicholas I. Porritt
nporritt@zlk.com

If to Defendants or Defendants'

Counsel:

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Attn: Mark Gimbel
mgimbel@cov.com

IN WITNESS WHEREOF, the Settling Parties hereto have caused this

Settlement to be executed by their duly authorized attorneys as of June 11, 2019.

LEVI & KORSINSKY, LLP

COVINGTON & BURLING LLP

Nicholas I. Porritt
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
(202) 524-4290

Mark P. Gimbel
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

*Lead Counsel and Attorneys for Anton
Agoshkov, individually and as
assignee of Lead Plaintiff, Braden Van
Der Wall, Steven Romanoff*

*Attorneys for Defendants Illumina,
Inc., Francis A. deSouza, and Marc A.
Stapley*

Master File No. 3:16-cv-03044-L-MSB

STIPULATION AND AGREEMENT OF SETTLEMENT

43

# Exhibit A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ILLUMINA, INC. SECURITIES LITIGATION | Case No. 3:16-cv-03044-L-MSB <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT** |

**WHEREAS**, a consolidated putative class action is pending before the Court entitled *In re Illumina, Inc. Securities Litigation*, No. 3:16-cv-03044-L-MSB (the "Consolidated Action");

**WHEREAS**, a putative class action arising out of the same subject matter and entitled *Van Der Wall et ano. v. Illumina Inc., et al.*, No. 3:2018-cv-02307 was filed on October 4, 2018 (the "Van Der Wall Action") by plaintiffs Braden Van Der Wall and Steven Romanoff;

**WHEREAS,** the Court's Order Granting Motion of Natissisa Enterprises Ltd. for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel dated March 30, 2017 (ECF No. 19) (the "Consolidation Order") provided that "[e]ach new case that arises out of the subject matter of the [Consolidated Action] that is filed in this Court . . . shall be consolidated with the

**EXHIBIT A**

Consolidated Action" absent objection by a party within 10 days of such party's receipt of a copy of the Consolidation Order;

**WHEREAS,** counsel for the parties to the Van Der Wall Action have been served with a copy of the Consolidation Order and have no objection to the consolidation of the Van Der Wall Action with and into the Consolidated Action;

**WHEREAS,** the Van Der Wall Action has therefore been consolidated with and into the Consolidated Action by operation of the Consolidation Order;

**WHEREAS,** Anton Agoshkov, the putative assignee of the claims of the Lead Plaintiff in the Consolidated Action, and the plaintiffs in the Van Der Wall Action (collectively, "Plaintiffs") have reached an agreement on the terms of a proposed settlement set forth in the Stipulation of Settlement and the exhibits thereto (the "Stipulation" or "Settlement"), which would result in the dismissal of all claims asserted against the Defendants;

**WHEREAS**, the Court having reviewed and considered Plaintiffs' unopposed Motion for (I) Preliminary Approval of Settlement, (II) Class Certification for Settlement Purposes, and (III) Approval of Notice to the Settlement Class (the "Motion"); as well as all papers submitted in support thereof, including the Stipulation; and all prior papers and proceedings herein; and good cause for this order (the "Preliminary Approval Order") having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. Unless otherwise defined herein, all capitalized terms shall have the meanings set forth and defined in the Stipulation.  In the event of any conflict between a definition

**EXHIBIT A**

in this Preliminary Approval Order and a definition in the Stipulation, the definition in the Stipulation shall control.

2.       The Van Der Wall Action is hereby deemed consolidated with and into the Consolidated Action by operation of the Consolidation Order.

3.       This Court has jurisdiction over the subject matter of the Consolidated Action and over all parties to the Consolidated Action, including Settlement Class Members.

4.       The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable, and adequate as to all Settlement Class Members, pending a final determination by the Court following the Settlement Hearing scheduled below. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of extensive arm's-length negotiations between experienced counsel undertaken with the assistance of an experienced mediator and after the completion of substantial discovery; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to any plaintiff or portion of the Settlement Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

5.       Solely for purposes of the proposed Settlement, the Court hereby preliminarily certifies the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3). The Settlement Class is defined to consist of all persons or entities who purchased or otherwise acquired Illumina's common stock during the Class Period. Excluded from the Settlement Class are (i) any putative Settlement Class Members who exclude themselves by filing a timely and valid request for exclusion in accordance with the requirements set forth in the Notice, (ii) Defendants and their family

**EXHIBIT A**

members, (iii) any entity in which Defendants have or had a controlling interest; (iv) the officers and directors of Illumina during the Class Period, and (iv) the legal representatives, agents, executors, successors, or assigns of any of the foregoing excluded persons or entities, in their capacities as such.

6.     Solely for purposes of the proposed Settlement, the Court preliminarily appoints Anton Agoshkov, Braden Van Der Wall, and Steven Romanoff as Class Representatives pursuant to Fed. R. Civ. P. 23(a) and Levi & Korsinsky, LLP as Lead Counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g).   Lead Counsel has the authority to enter into the proposed Settlement on behalf of the Settlement Class and is authorized to act on behalf of Settlement Class Members with respect to all acts or consents that are required by or may be given pursuant to the Stipulation or such other acts as are reasonably necessary to consummate the Settlement.

7.     Solely for purposes of the proposed Settlement, the Court preliminarily finds that class certification is appropriate in that (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Consolidated Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the Class Representatives, collectively, are typical of the claims of the Settlement Class; (iv) the Class Representatives and Lead Counsel, collectively, have fairly and adequately represented and protected the interests of all the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions, (b) the extent and nature of any litigation concerning the controversy already

**EXHIBIT A**

commenced by Settlement Class Members; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

8.     If the Settlement is not approved, or is terminated as provided in the Stipulation, or if the Effective Date otherwise fails to occur, the Court's findings in this Preliminary Approval Order supporting certification of the Settlement Class and the appointment of Class Representatives and Lead Counsel for the Settlement Class shall be null and void and nothing in this Preliminary Approval Order shall prejudice in any way Defendants' ability to oppose class certification or the appointment of any party as a class representative or class counsel on any ground.

9.     The Court approves the appointment of Signature Bank as the Escrow Agent to manage the Escrow Account for the benefit of the Settlement Class.  The Court preliminary finds that the Settlement Fund is a qualified settlement fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

10.     The Court approves the appointment of JND Legal Administration as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

## **Stay Order**

11.     With the exception of proceedings relating to the Settlement, all litigation activity in the Consolidated Action is hereby stayed and all deadlines in the Consolidated Action, except those set forth in this Preliminary Approval Order, are hereby vacated.  Except as otherwise provided herein, all Settlement Class Members are hereby enjoined from litigating any Released Claims against any

Released Parties in any court, arbitral tribunal, or other forum pending further order of the Court.

### Form and Timing of Notice

12.   The Court hereby approves, as to form and content, the Notice, substantially in the form annexed hereto as Exhibit A-1, and directs that as soon as practicable after entry of this Order, but no later than **fourteen (14) days** after entry of this Order ("Notice Date"), the Claims Administrator shall provide the Notice to each known Settlement Class Member via first class U.S. mail, postage pre-paid. Illumina shall cooperate in the identification of Settlement Class Members by providing, upon request, information sufficient to identify shareholders of record during the Class Period, to the extent such information is reasonably available from its stock transfer agent.  The Claims Administrator shall file with the Court proof of mailing of the Notice **seven (7) days** prior to the Settlement Hearing.

13.   Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired Illumina Common Shares for the beneficial interest of other persons during the Class Period are directed to, within **ten (10) days** after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of Illumina Common Shares purchased or otherwise acquired during the Class Period or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator. Upon full compliance with this Order, including the timely mailing of the Notice and the Proof of Claim form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred of up to $0.65 per mailing in complying with this Order by providing the Claims Administrator with proper documentation supporting the reasonable expenses for which reimbursement is sought and

**EXHIBIT A**

reflecting compliance with these instructions, including timely mailing of the Notice and the Proof of Claim form. The Claims Administrator shall provide the Notice to each Settlement Class Member identified through point (b) of this Paragraph via first class U.S. mail, postage pre-paid, no later than **sixty (60) days** prior to the Settlement Hearing.

14. The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

15. The Court approves, as to form and content, the proposed form Summary Notice, substantially in the form annexed hereto as Exhibit A-3, and directs that no later than **fourteen (14) days** after entry of this Order the Claims Administrator shall cause such Summary Notice to be published on a national business newswire. The Claims Administrator shall file with the Court proof of publication of the Summary Notice **seven (7) days** prior to the Settlement Hearing.

16. The Court approves the proposed Proof of Claim Form substantially in the form of Exhibit A-2 hereto.

17. The Court orders that the Notices, Proof of Claim Form, Stipulation, and all papers submitted in support thereof shall be posted to a website to be maintained by the Claims Administrator.

18. This Court preliminarily finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology contemplated by the Stipulation and this Preliminary Approval Order:

    a. constitute the best practicable notice to Settlement Class Members under the circumstances of this Consolidated Action;

    b. are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this

Case No. 3:16-cv-03044-L-MSB
PRELIMINARY APPROVAL ORDER
7

**EXHIBIT A**

Consolidated Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Consolidated Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

        c.     are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

        d.     fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, and any other applicable laws or rules.

## Participation and Exclusion

19.    Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim Form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proof of Claim Forms must be submitted no later than **one hundred ten (110) days** after entry of this Order granting preliminary approval.

20.    Any Settlement Class Member who does not submit a Proof of Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.

**EXHIBIT A**

Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

21.     Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than **thirty (30) days** prior to the date of the Settlement Hearing. Any Request for Exclusion that does not comply with this Paragraph 16 and provide all information required by the Notice shall be rejected, and any such Settlement Class Member submitting such a deficient Request for Exclusion shall remain a Settlement Class Member and shall be bound by the Stipulation and any judgment entered in connection therewith.

22.     All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until **five (5) days** prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided that such Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

### Settlement Hearing; Right to Appear and Object

18.     The Settlement Hearing shall take place before the undersigned, United States District Court Judge M. James Lorenz, in Courtroom 5B, Edward J. Schwartz Courthouse, 221 West Broadway, San Diego, CA 92101, on _____, 2019, at _____:___ _.m., to determine:

Case No. 3:16-cv-03044-L-MSB
PRELIMINARY APPROVAL ORDER
9

**EXHIBIT A**

a.      Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

b.      Whether the Court should grant final certification of the Consolidated Action as a class action for settlement purposes and confirm its appointment of Anton Agoshkov, Braden Van Der Wall, and Steven Romanoff  as Class Representatives and Levi & Korsinsky, LLP as Lead Counsel for the Settlement Class;

c.      Whether the Consolidated Action should be dismissed on the merits and with prejudice as to the Defendants;

d.      Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Consolidated Action;

e.      Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

f.      Whether the Plan of Allocation is fair and reasonable to the members of the Settlement Class;

g.      Whether any application for compensatory awards to be submitted on behalf of Plaintiffs should be approved; and

h.      Such other matters as the Court may deem necessary or appropriate.

19.    The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to Settlement Class Members.

**EXHIBIT A**

20.     Lead Counsel shall submit papers in support of the Settlement, Plan of Allocation and awards of attorney fees and expenses and any compensatory awards no later than **thirty-five (35) days** prior to the Settlement Hearing.

21.     Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing; provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than **twenty one (21) days** before the Settlement Hearing, such person files with the Court, and serves on counsel for the parties, a written statement of objection setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the person objects; (iii) the specific reason(s), if any, for such objection including any factual or legal support the person wishes to bring to the Court's attention; (iv) copies of any briefs, papers or other documents on which such objection is based, (v) a list of any witnesses that will be called upon to testify in support of the objection, (vi) a statement of whether the objector intends to appear at the Settlement Hearing, (vii) a statement identifying any counsel that will appear on behalf of the objector at the Settlement Hearing, (viii) a list of any other cases in which the objector or the objector's counsel (if any) has appeared as a settlement objector or counsel for a settlement objector in the preceding five years, and (viii) the objector's signature, even if represented by counsel. Any Settlement Class Member who submits an objection shall also provide documentation sufficient to establish the amount of Illumina Common Shares such Settlement Class Member purchased during the Class Period (including the number

Case No. 3:16-cv-03044-L-MSB

PRELIMINARY APPROVAL ORDER

11

**EXHIBIT A**

of shares, dates, and prices). Failure to provide such information and documentation shall be grounds to void the objection.

22.     Statements of objection and related materials may be served on counsel for the parties by email, overnight courier service, or first class mail to the following addresses:

Lead Counsel:          Nicholas I. Porritt
                       Levi & Korsinsky, LLP
                       1101 30th Street N.W., Suite 115
                       Washington, D.C. 20007
                       nporritt@zlk.com


Defendants' Counsel:   Mark P. Gimbel
                       Covington & Burling LLP
                       The New York Times Building
                       620 Eighth Avenue
                       New York, NY 10018
                       mgimbel@cov.com


23.     Upon receipt of any statements of objection or related materials, (a) Lead Counsel shall promptly send such materials to Defendants' Counsel, and (b) Defendants' counsel shall promptly send such materials to Lead Counsel.

24.     Lead Counsel shall file any objections it has received that have not previously been filed with the Court no later than **fourteen (14) days** prior to the Settlement Hearing. All papers in response to objections or otherwise in support of the Settlement and related matters shall be filed no later than **seven (7) days** prior to the Settlement Hearing.

Case No. 3:16-cv-03044-L-MSB

PRELIMINARY APPROVAL ORDER

12

**EXHIBIT A**

25.    Defendants shall have no responsibility for the Plan of Allocation or any application for a Fee and Expense Order, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Stipulation.

26.    At or after the Settlement Hearing, the Court will determine whether the Plan of Allocation and any application for a Fee and Expense Order proposed by Lead Counsel should be approved.

27.    All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid from the Settlement Fund as set forth in the Stipulation. The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof.

28.    If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Settlement Class Member submits a Proof of Claim. Any member of the Settlement Class who fails to validly opt out of the Class or who fails to object in the manner prescribed therein shall be deemed to have waived all objections to the Settlement, and shall be foreclosed forever from asserting any Released Claims.

<u>**Other Provisions**</u>

29.    Upon payment of the Settlement Amount into the Escrow Account pursuant to the Stipulation, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to Defendants pursuant to the Stipulation and/or further order of this Court. There shall be no distribution of any

**EXHIBIT A**

part of the Net Settlement Fund to the Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order.

30.   Except for the obligation of Illumina set forth above to provide information on its shareholders of record during the Class Period, neither Illumina nor any of the other Defendants or Released Parties shall have any responsibility for providing Notice to members of the Settlement Class or administering Settlement. The Released Parties shall not have any obligation or liability to the Class Representatives, the Settlement Class, or any Settlement Class Member in connection with notice of the Settlement or the administration of the Settlement or the Plan of Allocation.

31.   No Person shall have any claim against Class Representatives, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with the Stipulation, the Plan of Allocation, or any further order of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

32.   Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Consolidated Action and maintain that they have at all times acted in good faith and in compliance with the law. Defendants contend that they did not make any materially false or misleading statements or omissions, that they disclosed all material information required to be disclosed, and that they lacked the requisite intent or knowledge of any alleged wrongdoing to be held liable under the securities laws. Defendants also contend that any losses suffered by members of

**EXHIBIT A**

the Settlement Class were not caused by any allegedly false or misleading statements by Defendants and/or were caused by other events.  Defendants contend that they entered into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

33.   Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission, concession, or evidence, of the truth of any of the allegations in the Consolidated Action, or of any liability, fault, wrongdoing, or damage of any kind attributable to any of the Defendants or other Released Parties, or of any infirmity in any of the defenses that Defendants have asserted.

34.   The Released Parties and their respective counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support any defense or counterclaim, including without limitation those based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

35.   In the event that the Settlement is terminated or otherwise does not become effective in accordance with the terms of the Stipulation, or if the Judgment is not entered or is reversed, this Preliminary Approval Order  (except paragraphs 8 and 32-35) shall be null and void, the Stipulation shall be deemed terminated (except to the extent any of its provisions expressly survive termination), and the parties shall return to their positions immediately prior to the execution of the Stipulation without prejudice to any of their respective claims or defenses.

36.   The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to Settlement Class Members, provided

**EXHIBIT A**

that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in Paragraph 18 above, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.

**IT IS SO ORDERED.**

_____
Hon. M. James Lorenz
United States District Judge

# Exhibit A-1

**EXHIBIT A-1**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

IN RE ILLUMINA, INC. SECURITIES LITIGATION

Case No. 3:16-cv-03044-L-MSB

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED A LEGAL OR BENEFICIAL OWNERSHIP INTEREST IN ILLUMINA, INC.'S COMMON STOCK BETWEEN JULY 26, 2016 AND OCTOBER 10, 2016, INCLUSIVE (THE "CLASS PERIOD").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS CONSOLIDATED ACTION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE PROCEEDS OF THE SETTLEMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED NO LATER THAN _____.**

**A federal court authorized this Notice. This is not a solicitation from a lawyer.**

**Securities and Time Period:** Illumina Inc. ("Illumina") Common Stock purchased or otherwise acquired between July 26, 2016 and October 10, 2016, inclusive (the "Class Period").

**Description of the Consolidated Action and the Settlement Class:** The Settlement[1] resolves class action litigation over whether Illumina, and certain

---

[1] This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated June 11, 2019 (the "Settlement" or "Stipulation"), and all capitalized terms used

Case No. 3:16-cv-03044-L-MSB

**EXHIBIT A-1**

Illumina executives, made materially false or misleading statements or omissions to investors concerning, among other things, Illumina's July 26, 2016 earnings guidance, which projected that the Company would earn revenue of between $625 million and $630 million in the third quarter of 2016 and projected approximately 12% revenue growth and non-GAAP earnings per diluted share of $3.48 to $3.58 for the fiscal year 2016. The Settlement Class consists of:

> all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Illumina's common stock between July 26, 2016 through October 10, 2016, inclusive. Excluded from the Settlement Class are (i) any putative Settlement Class Members who exclude themselves by filing a timely and valid request for exclusion in accordance with the requirements set forth in the Notice; (ii) Defendants and their family members; (iii) any entity in which Defendants have or had a controlling interest; (iv) the officers and directors of Illumina during the Class Period; and (iv) the legal representatives, agents, executors, successors, or assigns of any of the foregoing excluded persons or entities, in their capacities as such.

**Settlement Fund:** Subject to Court approval, a Settlement fund of $13,850,000 total in cash will be established pursuant to the Settlement. If you participate in the Settlement by timely submitting a valid Proof of Claim Form, your recovery will depend on the amount of Illumina Common Stock you purchased or otherwise acquired during the Class Period, the price(s) at which that stock was purchased or acquired, the timing of your purchase(s) or acquisition(s), and any sales. Depending on the number of eligible securities that participate in the Settlement and when and at what price those securities were purchased or acquired and sold, Plaintiffs estimate the average cash recovery per share of Illumina Common Stock will be approximately $1.67 (assuming claims representing all damaged shares are filed) before deduction of court-approved fees and expenses and any other awards or payments.

**Reasons for Settlement:** The principal reason for the settlement is the benefit to be provided to the Settlement Class now. This benefit must be compared to the costs and risks associated with continued litigation, including the danger of no recovery

---

but not defined herein shall have the same meanings as in the Settlement. A copy of the Settlement can be obtained at www.IlluminaSecuritiesSettlement.com.

Case No. 3:16-cv-03044-L-MSB

NOTICE OF PROPOSED SETTLEMENT

2

EXHIBIT A-1

for Settlement Class Members after a contested trial and likely appeals, possibly years into the future.

**If the Class Action Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial. The parties disagree about both liability and damages and do not agree on the amount of damages that would be recoverable even assuming the Settlement Class prevailed on each claim alleged. Defendants deny Plaintiffs' allegations that they made materially misleading statements or omissions and further deny that they are liable to Plaintiffs and/or the Settlement Class or that Plaintiffs or other members of the Settlement Class suffered any damages. Moreover, the parties do not agree on the likelihood that Plaintiffs and/or the Settlement Class would be able to prevail at trial or the amount of damages that potentially would be recoverable if Plaintiffs and/or the Settlement Class were to prevail on any or all of their claims. The issues about which the two sides disagree include, but are not limited to: (1) whether, and the extent to which, various statements made by Defendants were materially false or misleading or actionable under the securities laws; (2) whether any Defendants intended to mislead investors; (3) whether, and the extent to which, various alleged statements and/or omissions influenced the trading price of Illumina stock during the relevant period; (4) whether Illumina stock prices were artificially inflated during the relevant period; and (5) the amount of such inflation, if any.

**Attorneys' Fees and Expenses:** Lead Counsel has not received any payment for their work investigating the facts, conducting this litigation, or negotiating the settlement on behalf of Plaintiffs and the Settlement Class. Court-appointed Lead Counsel will ask the Court for an award of attorneys' fees not to exceed 25% ($3,462,500) from the Settlement Fund and reimbursement of out-of-pocket litigation expenses not to exceed $180,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of Common Stock will be approximately $0.44. If approved, Plaintiffs estimate the average cash recovery per share of Common Stock will be approximately $1.23 net attorneys' fees and expenses (assuming claims representing all damaged shares are filed).

**Deadlines:**

Submit Claim:                    _____, 2019

Request Exclusion:            _____, 2019

Case No. 3:16-cv-03044-L-MSB

NOTICE OF PROPOSED SETTLEMENT

3

EXHIBIT A-1

File Objection: _____, 2019

Court Hearing on Fairness of Settlement: _____, 2019

**More Information:**  www.IlluminaSecuritiesSettlement.com or

**Claims Administrator:**
Illumina, Inc. Securities Litigation
c/o JND Legal Administration
P.O. Box 91086
Seattle, WA 98111-9186

**Lead Counsel:**
Nicholas I. Porritt, Esq.
Levi & Korsinsky, LLP
1101 30th Street, N.W., Suite 115
Washington, D.C. 20007
nporritt@zlk.com

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:** | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS AND FILE A PROOF OF CLAIM FORM.** | This is the only way to receive a payment. If you wish to obtain a payment as a member of the Settlement Class, you will need to file a proof of claim form (the "Proof of Claim Form"), which is included with this Notice, postmarked no later than _____, 2019. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS POSTMARKED NO LATER THAN ____, 2019** | If you exclude yourself from the Settlement Class, you will receive no payment pursuant to this Settlement. You may be able to seek recovery against Defendants or other Released Parties through other litigation. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN ____, 2019.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a |

Case No. 3:16-cv-03044-L-MSB

NOTICE OF PROPOSED SETTLEMENT

4

**EXHIBIT A-1**

| | |
|---|---|
| | member of the Settlement Class and do not validly exclude yourself. |
| **GO TO THE HEARING ON ____, 2019 AT ___ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN ___, 2019.** | You may attend the hearing to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a member of the Settlement Class and do not validly exclude yourself. |
| **DO NOTHING** | Receive no payment, remain a Settlement Class Member, give up your rights to seek recovery against Defendants and the other Released Parties through other litigation and be bound by the Judgment entered by the Court if it approves the Settlement, including the release of the Released Claims. |

These rights and options – ***and the deadlines to exercise them*** – are explained in this Notice.

The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1.    Why Did I Get This Notice Package?**

You or someone in your family may have purchased or acquired Illumina Common Stock between July 26, 2016 and October 10, 2016.

Case No. 3:16-cv-03044-L-MSB

**EXHIBIT A-1**

The Court ordered that this Notice be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of California, and the case is known as *In re Illumina Inc. Securities Litigation*, 3:16-CV-03044 (S.D. Cal.). The individuals responsible for prosecuting this action, Anton Agoshkov (individually and as the putative assignee of the claims of Natissisa Enterprises Ltd.), Branden Van Der Wall, and Steven Romanoff, are called Plaintiffs, and the companies and the individuals they sued, Illumina, as well as Francis deSouza and Marc Stapley, are called Defendants. Defendants have agreed to settle the claims made in this case.

The Final Approval Hearing will be held on _____, 2019, at ___:00 __.m., before the Honorable M. James Lorenz, United States District Judge, at the Edward J. Schwartz Courthouse, 221 West Broadway, Courtroom 5B, San Diego, CA 92101, for the purpose of determining, among other things:

(1) whether the proposed Settlement of the securities class action claims asserted in this Consolidated Action, pursuant to which Illumina, Inc., on behalf of all Defendants, will cause to be deposited into a Settlement Fund the combined sum of $13,850,000.00 in cash in exchange for the dismissal of the Consolidated Action with prejudice and a release of all claims against Defendants and other Released Parties, should be approved by the Court as fair, reasonable, and adequate;

(2) whether the Court should grant final certification of the Consolidated Action as a class action for settlement purposes and confirm the appointments of Class Representatives and Lead Counsel;

(3) whether the Consolidated Action should be dismissed on the merits with prejudice as set forth in the Stipulation and Agreement of Settlement dated June 11, 2019 (the "Settlement" or "Stipulation");

Case No. 3:16-cv-03044-L-MSB

NOTICE OF PROPOSED SETTLEMENT

6

(4) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Consolidated Action;

(5) whether the application for the payment of attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

(6) whether the Plan of Allocation is fair and reasonable to the members of the Settlement Class; and

(7) whether any application for compensatory awards to be submitted by Plaintiffs should be approved.

## 2. What is this Lawsuit About?

Plaintiffs allege that Illumina and certain of its current executive officers violated the federal securities laws by making false and misleading statements and/or omitting statements of material fact regarding Illumina's revenue and earnings estimates for the third quarter of 2016 and the fiscal year 2016. Defendants filed a motion to dismiss the Consolidated Action, which the Court granted in part and denied in part on January 22, 2018.

Defendants deny any and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the litigation and maintain that they have at all times acted in good faith and in compliance with their legal obligations, including any obligations under the federal securities laws. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses suffered by members of the Settlement Class were not caused by any false or misleading statements or any other act or omission by Defendants and/or were caused by other events. Defendants have agreed to settle this Consolidated Action, without any admission of liability whatsoever, solely to avoid the expense, distraction, and uncertainty of further litigation.

## 3. Why Is This a Class Action?

In a class action, one or more people or entities called class representatives sue on behalf of a group of people who have similar claims, otherwise known as members of the Class or Class Members. One court resolves the issues for all the Class

Members, except for those who exclude themselves from the Class. Judge M. James Lorenz is in charge of this class action.

## 4.    Why Is There a Settlement?

The Court did not decide in favor of the Plaintiffs or Defendants.  Instead, both sides have agreed to a settlement. As a result, the parties will avoid the cost of further litigation, and eligible Settlement Class Members who make valid claims will get compensation. Plaintiffs and their attorneys (referred to here as Lead Counsel) think the settlement is the best resolution of this lawsuit for all Settlement Class Members.

Defendants deny Plaintiffs' allegations and further deny that they are liable to the Plaintiffs and/or the Settlement Class but have agreed to settle this Consolidated Action, without any admission of liability whatsoever, to avoid the expense, distraction, and uncertainty of further litigation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

## 5.    How Do I Know if I Am A Part of the Settlement?

The Settlement Class includes all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Illumina's Common Stock between July 26, 2016 through October 10, 2016, inclusive.

## 6.    What Are the Exceptions to Being Included?

Excluded from the Settlement Class are Defendants and their family members, any entity in which Defendants have or had a controlling interest, the officers and directors of Illumina during the Class Period, and the legal representatives, agents, executors, successors, or assigns of any of these excluded persons or entities. Also excluded from the Settlement Class are any putative Settlement Class Members who exclude themselves by filing a timely and valid request for exclusion in accordance with the requirements set forth in this Notice.

If you sold but did not purchase Illumina Common Stock during the Class Period, you are not a member of the Settlement Class. You are a member of the Settlement

Case No. 3:16-cv-03044-L-MSB

**EXHIBIT A-1**

Class only if you purchased or otherwise acquired your shares during the Class Period.

**7.     I'm Still Not Sure If I Am Included in the Class Action**

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (833) 216-4455, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

<strong>THE SETTLEMENT BENEFITS – WHAT YOU GET</strong>

**8.     What Does the Settlement Provide?**

In exchange for settling all Released Claims against them and the other Released Parties, Defendants have agreed to cause their insurers to pay a total of $13,850,000 in cash as part of the Settlement.

The Settlement Fund will be divided among all eligible Settlement Class Members who send in valid Proof of Claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice (the "Net Settlement Fund").

**9.     How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on several things, including how many Settlement Class Members submit timely and valid Proof of Claim forms, the total recognized losses represented by the valid Proof of Claim forms that Settlement Class Members send in, the total number of shares of Illumina Common Stock you purchased or acquired, how much you paid, when you sold or divested, and/or the proceeds you received when you sold or divested.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss. The Plan of Allocation for this Settlement is as follows: Each Class Member that submits a valid Claim (an "Authorized Claimant") will be assigned a Recognized Loss. An Authorized Claimant's Recognized Loss depends upon the number of Illumina shares <u>purchased or acquired during the Class Period</u> and <u>held at the close of trading on October 10, 2016</u>.

For each share of Common Stock purchased, an Authorized Claimant's Recognized Loss is equal to:

- If the share was purchased during the Class Period and held through January 9, 2017, then the Recognized Loss is equal to the price paid for the share minus $134.01 (which is the mean trading price of Illumina's Common Stock during the 90-day period following the Class Period);

- If the share was purchased during the Class Period and sold between October 11, 2016 and January 9, 2017, then the Recognized Loss is equal to the price paid for the share minus the greater of (i) $134.01 or (ii) the price at which you sold the share.

- If the share was purchased during the Class Period and sold on or before October 10, 2016, then the Recognized Loss is $0. This is because the share was not harmed in accordance with Plaintiffs' theory of liability and, therefore, there are no recoverable damages.

This will not be the amount of your payment. After the deadline for all Authorized Claimants to send in their Proof of Claim forms, the payment you get will be a proportion of the Net Settlement Fund equal to your Recognized Loss divided by the total of each Authorized Claimant's Recognized Losses. Your payment will be made in cash.

The Plan of Allocation also includes the following provisions:

1) An Authorized Claimant will have a Recognized Loss only in connection with damaged shares. Thus, any transaction that resulted in a profit or gain will not be included in an Authorized Claimant's overall Recognized Loss;

2) There shall be no Recognized Loss attributed to any Illumina securities other than Common Stock or to any shares of Common Stock purchased on a foreign exchange;

3) The date of a purchase or sale is the "trade" date and not the "settlement" date;

4) The last-in, first-out basis ("LIFO") will be applied to both purchases and sales;

**EXHIBIT A-1**

5) Exercise of option contracts or the conversion of preferred stock into Common Stock will be considered to be purchases or sales of Common Stock as of the date of the exercise or conversion. Your purchase or sale price will be the closing price for the stock on that day, unless otherwise stated herein;

6) No cash payment will be made on a claim where the potential distribution amount is less than $10. Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation, you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties;

7) No person shall have any claim against Lead Counsel or the Claims Administrator based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court. In addition, Defendants and Defendants' Counsel have no responsibility for the Plan of Allocation, the administration of the settlement, or the distribution to Settlement Class Members, and no person shall have any claim against Defendants or Defendants' Counsel based on the Plan of Allocation, the administration of the settlement, or the distribution to the Settlement Class Members; and

8) Settlement Class Members who do not submit valid Proof of Claim forms will not share in the settlement proceeds. Settlement Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim form will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Consolidated Action.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 10.   How Will I Get a Payment?

To qualify for payment, you must be an eligible Settlement Class Member and you must send in a Proof of Claim form. A Proof of Claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2019.

Case No. 3:16-cv-03044-L-MSB

**11.    When Will I Get My Payment?**

The Court will hold a hearing on _____, 2019, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  If any appeals are brought, a resolution of those appeals can take time, perhaps several years. Everyone who sends in a Proof of Claim form will be informed of the determination with respect to his or her claim. Please be patient.

**12.    What Am I Giving Up to Get a Payment or Stay in the Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the other Released Parties about the same legal issues in this case. It also means that all of the Court's Orders will apply to you and legally bind you, and you will release your claims in this case against Defendants and other Released Parties. The terms of the release are included in the Proof of Claim form that is enclosed and are further described below.

Specifically, if the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims in the Consolidated Action and will provide that Plaintiffs and all other Settlement Class Members, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

"Released Claims" means any and all claims, debts, demands, rights, causes of action, or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs,

penalties, expenses or liability whatsoever, whenever or wherever incurred), whether based on federal, state, local, foreign, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual, or otherwise in nature, whether personal or subrogated, whether suspected or unsuspected, including both known claims and Unknown Claims: (1) that have been or could have been asserted in any of the Complaints filed in this Consolidated Action, or (2) that, directly or indirectly, arise out of or are related to (i) any of the factual allegations in the Complaints, (ii) any misrepresentation or omission or alleged misrepresentation or omission by any Released Party before or during the Class Period related to or in connection with Illumina, or any of its subsidiaries, or the purchase or sale of Illumina Common Stock or (iii) any loss sustained or allegedly sustained as a result of the purchase, sale, or holding Illumina Common Stock during the Class Period. Notwithstanding the foregoing, "Released Claims" does not include any claims to enforce the Settlement or any of its terms.

"Released Parties" means Defendants; each of their respective current and former officers, directors, employees, agents, servants, representatives, parents, subsidiaries, affiliates, trusts, controlled persons and entities, controlling persons and entities, successors, predecessors, assigns, assignees, attorneys, accountants, advisors, insurers, family members and partners; and each of their respective heirs, executors, administrators, legal representatives, successors and assigns. "Unknown Claims" means any and all Released Claims that any Plaintiff or Settlement Class Member does not know or suspect to exist in his, her or its favor, and any of the Settled Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defendants' Claims, Plaintiffs and Defendants stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall each, for themselves and all persons claiming by, through, or on behalf of them, expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have

Case No. 3:16-cv-03044-L-MSB

materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and all Settlement Class Members and any successors, assigns, and persons claiming through or on behalf of any of the foregoing, shall, by operation of law, be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims were separately bargained for and constitute material elements of this Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue any Defendants or other Released Parties on your own about the same legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

## 13.   How Do I Get Out of the Class?

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *In re Illumina Inc. Securities Litigation*, No. 3:16-CV-03044-L-MSB. You must include your name, address, telephone number, signature, the number of Illumina shares you purchased or otherwise acquired during the Class Period, and the dates of such purchases or acquisitions. You must mail your exclusion request postmarked no later than _____, 2019 to:

> Nicholas I. Porritt, Esq.
> Levi & Korsinsky, LLP
> 1101 30th Street, N.W., Suite 115
> Washington, D.C. 20007

You cannot exclude yourself by phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

## 14.   If I Do Not Exclude Myself, Can I Sue Defendants for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue Defendants or other Released Parties for the claims resolved by the class action settlement. If you have

a pending lawsuit against any Defendants, speak to your lawyer in that case immediately.  Remember the exclusion deadline is _____, 2019.

## 15.     If I Exclude Myself, Can I Get Money from This Settlement?

No. If you exclude yourself, you will not be eligible to participate in the Settlement and should not send in a Proof of Claim form. However you may sue, continue to sue, or be part of a different lawsuit against any Defendants.

## THE LAWYERS REPRESENTING YOU

## 16.     Do I Have a Lawyer in This Case?

The Court asked the law firm Levi & Korsinsky, LLP to represent you and other Settlement Class Members.

These lawyers are called Lead Counsel. You will not be charged for the services of these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17.     How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees of up to 25% of the Settlement Fund ($3,462,500) and for reimbursement of their out-of-pocket litigation expenses up to $180,000, that were advanced in connection with the Consolidated Action. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for the risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel has not been paid for their services for conducting this litigation on behalf of Plaintiffs and the Settlement Class nor for their substantial out-of-pocket expenses. The fees requested will compensate Lead Counsel for their work in achieving the Settlement Fund and are within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

Lead Counsel will also request reimbursement of attorneys' fees and expenses for administration of the settlement including costs associated with notice and the fees and expenses of the claims administrator. Those amounts will be requested before

distribution of the Net Settlement Fund to Settlement Class Members. Again, such sums as may be approved by the Court will be paid from the Settlement Fund.

Lead Counsel will also request the Court to award Plaintiffs incentive awards in the following amounts: $25,000 for Natissisa and/or Anton Agoshkov; $1,000 for Braden Van Der Wall; and $1,000 for Steven Romanoff as rewards for their active participation in the Consolidated Action.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or any part of it.

### 18.    How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *In re Illumina Inc. Securities Litigation*, No. 3:16-CV-03044-L-MSB. Be sure to include the reasons you object to the settlement as well as the following information: your name, address, telephone number, signature, the number of Illumina shares you purchased or otherwise acquired during the Class Period, and the dates of such purchases or acquisitions. Any objection to the settlement must be mailed or delivered such that it is received by the following no later than _____, 2019.

> Nicholas I. Porritt, Esq.
> Levi & Korsinsky, LLP
> 1101 30th Street, N.W., Suite 115
> Washington, D.C. 20007

Lead Counsel will then immediately provide to Defendants' Counsel any such objection.

### 19.    What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

Case No. 3:16-cv-03044-L-MSB

EXHIBIT A-1

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

**20.   When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at _____ __.m., on _____, 2019, at the Edward J. Schwartz Courthouse, 221 West Broadway, Courtroom 5B, San Diego, CA 92101. At this hearing the Court will consider whether the Settlement of the Consolidated Action is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21.   Do I Have to Come to the Hearing?**

No. Lead Counsel will answer any questions the Court may have on behalf of the Settlement Class Members. However you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22.   May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your intention to appear in *In re Illumina Inc. Securities Litigation*, No. 3:16-CV-03044-L-MSB. Be sure to include your name, address, telephone number, signature, the number of Illumina shares you purchased or otherwise acquired during the Class Period, and the dates of such purchases or acquisitions. Your notice of intention to appear must be received no later than _____, 2019, by Lead Counsel at the address listed in question 18. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

Case No. 3:16-cv-03044-L-MSB

NOTICE OF PROPOSED SETTLEMENT

17

EXHIBIT A-1

## IF YOU DO NOTHING

### 23.    What Happens if I Do Nothing At All?

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or other Released Parties about the same legal issues in this case.

## GETTING MORE INFORMATION

### 24.    Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation and Agreement of Class Settlement dated as of June 11, 2019. You can get a copy of the Stipulation or more information about the Settlement by visiting www.IlluminaSecuritiesSettlement.com.

You can also contact the Claims Administrator:

> Illumina, Inc. Securities Litigation
> c/o JND Legal Administration
> P.O. Box 91086
> Seattle, WA 98111-9186

Or Lead Counsel

> Nicholas I. Porritt, Esq.
> Levi & Korsinsky, LLP
> 1101 30th Street, N.W., Suite 115
> Washington, D.C. 20007

You can also obtain a copy from the Clerk's Office during regular business hours:

> Clerk of Court
> United States District Court
> Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

Case No. 3:16-cv-03044-L-MSB

NOTICE OF PROPOSED SETTLEMENT

18

**EXHIBIT A-1**

## DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE

### SPECIAL NOTICE TO NOMINEES

If you purchased or otherwise acquired shares of any Illumina Common Stock between July 26, 2016 through October 10, 2016, inclusive, then, within ten (10) days after you received this Notice, you must either: (1) send a copy of this Notice and Proof of Claim by first class mail to all such beneficial owners; or (2) provide a list of names and addresses of such Persons to the Claims Administrator:

Illumina, Inc. Securities Litigation
c/o JND Legal Administration
P.O. Box 91086
Seattle, WA 98111-9186

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator. Reimbursement will be limited to reasonable costs and expenses not to exceed $0.65 per mailing.

**DATED:  _____, 2019**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Case No. 3:16-cv-03044-L-MSB

NOTICE OF PROPOSED SETTLEMENT

19

# Exhibit A-2

**EXHIBIT A-2**

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Master File No. 3:16-cv-03044-L-MSB

IN RE ILLUMINA, INC.
SECURITIES LITIGATION

**<u>CLASS ACTION</u>**

## PROOF OF CLAIM AND RELEASE

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the class based on your claims in the action entitled *In re Illumina, Inc. Securities Litigation,* 3:16-cv-03044-L-MSB (the "Consolidated Action"), you must complete and, on pages _____ hereof, sign this Proof of Claim and Release Form.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release Form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Consolidated Action.[1]

2.    Submission of this Proof of Claim and Release Form, however, does not assure that you will share in the proceeds of Settlement of the Consolidated Action. Your recovery, if any, will be calculated as described in the Plan of

---

[1] This Proof of Claim incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated June 11, 2019 (the "Settlement" or "Stipulation"), and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement.  A copy of the Settlement can be obtained at www.IlluminaSecuritiesSettlement.com.

EXHIBIT A-2

Allocation in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice").

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE _____, 2019, ADDRESSED AS FOLLOWS:

Illumina, Inc. Securities Litigation
c/o JND Legal Administration
P.O. Box 91086
Seattle, WA 98111-9186

4.      If you are a Settlement Class Member, you are bound by the terms of any judgment entered in the Consolidated Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM unless you timely and validly request exclusion from the Settlement Class pursuant to the Notice.

## II.   CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired a legal or beneficial ownership interest in Illumina, Inc. Common Stock, during the period from July 26, 2016 through October 10, 2016, inclusive (the "Class Period"), and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is a record purchaser.

2.      Use Part I of the Proof of Claim and Release Form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Illumina, Inc. Common Stock which form the basis of your claim.  THIS PROOF OF CLAIM AND RELEASE FORM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF

EXHIBIT A-2

THE ILLUMINA, INC. COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.    All joint purchasers must sign this Proof of Claim and Release Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim and Release Form on behalf of Persons represented by them; their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of your Claim.

## III.    CLAIM FORM

1.    Use Part II of the Proof of Claim and Release Form below entitled "Schedule of Transactions in Illumina, Inc. Common Stock" to supply all required details of your transaction(s) in Illumina, Inc. Common Stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Illumina, Inc. Common Stock which took place at any time from July 26, 2016 through October 10, 2016, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to all of the shares of Illumina, Inc. Common Stock you held at the close of trading on October 10, 2016. Failure to report all such transactions may result in the rejection of your Claim.

3.    List each transaction in the Class Period separately and in chronological order by trade date, beginning with the earliest. You must accurately provide the

Master File No. 3:16-cv-03044-L-MSB

PROOF OF CLAIM

3

**EXHIBIT A-2**

month, day, and year of each transaction you list.

4. Broker confirmations or other documentation of your transactions in Illumina, Inc. Common Stock should be attached to your Proof of Claim and Release Form. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

5. The above requests are designed to provide the minimum amount of information necessary to process your Claim.

6. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.IlluminaSecuritiesSettlement.com. Any file not in accordance with the required electronic filing format will be subject to rejection.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

*In re Illumina, Inc. Securities Litigation*

Case No. 3:16-cv-03044

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than

_____, 2019

Please Type or Print

PART I:      CLAIMANT IDENTIFICATION

Master File No. 3:16-cv-03044-L-MSB

PROOF OF CLAIM

4

**EXHIBIT A-2**

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                    State or Province

_____        _____
Zip Code or Postal Code                 Country

_____        _____    Individual
Social Security Number or
Taxpayer Identification Number                  _____Corporation/Other

_____                 _____
Area Code                               Telephone Number (Work)

_____                 _____
Area Code                               Telephone Number (Home)

_____
Record Owner's Name (if different from beneficial owner listed above)

Master File No. 3:16-cv-03044-L-MSB

PROOF OF CLAIM

5

**EXHIBIT A-2**

PART II:    SCHEDULE OF TRANSACTIONS IN ILLUMINA, INC. COMMON STOCK

A.    Number of shares of Illumina, Inc. common stock held at the close of trading on July 25, 2016: _____

B.    Purchases or acquisitions of Illumina, Inc. common stock between July 26, 2016 and October 10, 2016, inclusive. Be sure to attach documentation verifying your transactions. (Must be documented.)

|      | Trade Date Mo. Day Year | Number of Securities Sold or Disposed | Total Transaction Price |
|------|--------------------------|----------------------------------------|--------------------------|
| **1.** |                          |                                        |                          |
| **2.** |                          |                                        |                          |
| **3.** |                          |                                        |                          |

C.    Sales or dispositions of Illumina, Inc. common stock between July 26, 2016 and October 10, 2016. (Must be documented.)

|      | Trade Date Mo. Day Year | Number of Securities Purchased or Acquired | Total Purchase Price |
|------|--------------------------|---------------------------------------------|-----------------------|
| **1.** |                          |                                             |                       |
| **2.** |                          |                                             |                       |
| **3.** |                          |                                             |                       |

D.    Number of shares of Illumina, Inc. common stock held at the close of trading on October 10, 2016 (must be documented): _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE ____. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

Master File No. 3:16-cv-03044-L-MSB

PROOF OF CLAIM

6

**EXHIBIT A-2**

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement, dated June 11, 2019 ("Settlement" or "Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of California, with respect to my (our) Claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the Releases set forth in the Settlement and herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Consolidated Action.  I (We) agree to furnish additional information to Lead Counsel or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of Illumina, Inc. securities during the Class Period and know of no other Person having done so on my (our) behalf.

## V.   RELEASE

1.   I (We) hereby acknowledge, on behalf of myself (ourselves) and each of my (our) past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of

Master File No. 3:16-cv-03044-L-MSB

PROOF OF CLAIM

7

me (us) that I (we): (a) fully, finally and forever settle, release, waive, relinquish, discharge, and dismiss each and every of the Released Claims against the Released Parties; (b) am (are) forever enjoined from commencing, instituting, or prosecuting any or all of the Released Claims against the Released Parties; and (c) am (are) forever enjoined from instituting, continuing, maintaining, or asserting, either directly or indirectly, whether in the United States or elsewhere, on my (our) own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim or any matter related thereto.

2.      "Released Claims" means any and all claims, debts, demands, rights, causes of action, or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, penalties, expenses or liability whatsoever, whenever or wherever incurred), whether based on federal, state, local, foreign, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual, or otherwise in nature, whether personal or subrogated, whether suspected or unsuspected, including both known claims and Unknown Claims: (1) that have been or could have been asserted in any of the Complaints filed in this Consolidated

Action, or (2) that, directly or indirectly, rise out of or are related to (i) any of the factual allegations in the Complaints, (ii) any misrepresentation or omission or alleged misrepresentation or omission by any Released Party before or during the Class Period related to or in connection with Illumina, Inc., or any of its subsidiaries or the purchase or sale of Illumina, Inc. Common Shares, or (iii) any loss sustained or allegedly sustained as a result of the purchase, sale, or holding Common Shares issued by Illumina, Inc., during the Class Period. Notwithstanding the foregoing, "Released Claims" does not include any claims to enforce the Settlement or any of its terms.

3.      "Unknown Claims" means any and all Released Claims that any Plaintiff or Settlement Class Member does not know or suspect to exist in his, her or its favor, and any of the Settled Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defendants' Claims, Plaintiffs and Defendants stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall each, for themselves and all persons claiming by, through, or on behalf of them, expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the

Master File No. 3:16-cv-03044-L-MSB

PROOF OF CLAIM

9

EXHIBIT A-2

United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and all Class Members and any successors, assigns, and persons claiming through or on behalf of any of the foregoing, shall, by operation of law, be deemed to have acknowledged that the inclusion of "Unknown Claims" in the definitions of Released Claims and Settled Defendants' Claims were separately bargained for and constitute material elements of the Settlement.

4.     "Released Parties" means  Defendants; each of their respective current and former officers, directors, employees, agents, servants, representatives, parents, subsidiaries, affiliates, trusts, controlled persons and entities, controlling persons and entities, successors predecessors, assigns, assignees, attorneys, accountants, advisors, insurers, family members and partners; and each of their respective heirs, executors, administrators, legal representatives, successors and assigns.

5.     This release shall be of no force or effect unless and until the Court approves the Settlement set forth in the Stipulation and it becomes effective on the Effective Date.

Master File No. 3:16-cv-03044-L-MSB

PROOF OF CLAIM

10

6.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Illumina, Inc. Common Stock that occurred during the Class Period as well as the amount of Illumina, Inc. Common Stock held by me (us) at the opening of trading on July 26, 2016, and the close of trading on October 10, 2016.

8.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Master File No. 3:16-cv-03044-L-MSB

PROOF OF CLAIM

**EXHIBIT A-2**

Executed this _____ day of _____ in _____
                               (Month/Year)                        (City/State/Country)

_____     _____
(Sign your name here)                                (Sign your name here)

_____     _____
(Type or print your name here)                     (Type or print your name here)

_____     _____
(Capacity of person(s) signing, *e.g.*,            (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)    Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send originals of certificates.**
5. Keep a copy of your claim form and all supporting documentation for your records.
6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

# THIS PROOF OF CLAIM FORM MUST BE MAILED NO LATER THAN

# _____, ADDRESSED AS FOLLOWS

Illumina, Inc. Securities Litigation
c/o JND Legal Administration
P.O. Box 91086
Seattle, WA 98111-9186

Master File No. 3:16-cv-03044-L-MSB

# Exhibit A-3

**EXHIBIT A-3**

1

2          **UNITED STATES DISTRICT COURT**

3       **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

4
                                    Master File No. 3:16-cv-03044-L-MSB
5

6   IN RE ILLUMINA, INC.           **CLASS ACTION**
    SECURITIES LITIGATION
7

8

9

10

11   **TO:  ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE**

12   **ACQUIRED A LEGAL OR BENEFICIAL OWNERSHIP INTEREST IN**

13   **ILLUMINA'S COMMON STOCK BETWEEN JULY 26, 2016 THROUGH**

14   **OCTOBER 10, 2016, INCLUSIVE (THE "CLASS PERIOD").**

15

16   **YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of

17   Civil Procedure that a hearing will be held on _____, 2019, at ___:00

18   __.m., before the Honorable M. James Lorenz, United States District Judge, at the

19   Edward J. Schwartz Courthouse, 221 West Broadway, Courtroom 5B, San Diego,

20   CA 92101, for the purpose of determining, among other things: (1) whether the

21   proposed Settlement of the securities class action claims asserted in this

22   Consolidated Action, pursuant to which Illumina, Inc., will cause Defendants'

23   insurers to deposit $13,850,000.00 in cash into a Settlement Fund in exchange for

24   the dismissal of the Consolidated Action with prejudice and a release of all Released

25   Claims against Defendants and other Released Parties, should be approved by the

26                              Master File No. 3:16-cv-03044-L-MSB

27                           SUMMARY NOTICE
                                    1
28

Court as fair, reasonable, and adequate; (2) whether the Court should grant final certification of the Consolidated Action as a class action for settlement purposes and confirm the appointments of Class Representatives and Lead Counsel; (3) whether the Consolidated Action should be dismissed on the merits with prejudice as set forth in the Stipulation and Agreement of Settlement dated June 11, 2019 (the "Settlement" or "Stipulation"); (4) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Consolidated Action; (5) whether the application for the payment of attorneys' fees and expenses to be submitted by Lead Counsel should be approved; (6) whether the Plan of Allocation is fair and reasonable to the members of the Settlement Class; and (7) whether any application for compensatory awards to be submitted by Plaintiffs should be approved.[1]

If you purchased or otherwise acquired a legal or beneficial interest in Illumina, Inc. common stock, from July 26, 2016 through October 10, 2016, inclusive, your rights may be affected by the settlement of this Consolidated Action and you may be entitled to share in the distribution of the Settlement Fund if you submit a Proof of Claim and Release Form no later than _____, 2019, and if the information and documentation you provide in that Proof of Claim and Release Form establishes that you are entitled to recovery.

This Summary Notice provides only a summary of matters regarding the Consolidated Action and the Settlement. A detailed Notice of Pendency and

---

[1] This Summary Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated June 10, 2019 (the "Settlement" or "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meaning as in the Settlement. A copy of the Settlement can be obtained at www.IlluminaSecuritiesSettlement.com.

Master File No. 3:16-cv-03044-L-MSB

SUMMARY NOTICE

2

EXHIBIT A-3

Proposed Settlement of Class Action (the "Notice") describing the Consolidated Action, the proposed Settlement, and the rights of Settlement Class Members to appear in Court at the Final Approval Hearing, to request to be excluded from the Settlement Class, and/or to object to the Settlement, the Plan of Allocation and/or the request by Legal Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, has been mailed to persons or entities known to be potential Settlement Class Members.  If you have not received the Notice and a copy of the Proof of Claim and Release Form, you may obtain them free of charge by contacting the Claims Administrator, by mail at: Illumina, Inc. Securities Litigation, c/o JND Legal Administration, P.O. Box 91086, Seattle, WA 98111-9186.

As further described in the Notice, if you are a Settlement Class Member, you will be bound by any Judgment entered in the Consolidated Action, regardless of whether you submit a Proof of Claim and Release Form, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, no later than _____, 2019. Any objections to the Settlement, Plan of Allocation, application for attorneys' fees and expenses, or applications for compensatory awards must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____, 2019.

Inquiries, other than requests for the Notice, may be made to Lead Counsel for the Class: Nicholas I. Porritt, Esq., Levi & Korsinsky, LLP, 1101 30th Street, N.W., Suite 115, Washington, D.C. 20007, nporritt@zlk.com.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL.**

Master File No. 3:16-cv-03044-L-MSB

SUMMARY NOTICE

3

**EXHIBIT A-3**

If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

**DATED:   _____, 2019**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Master File No. 3:16-cv-03044-L-MSB

SUMMARY NOTICE

4

# Exhibit B

EXHIBIT B

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IN RE ILLUMINA, INC.
SECURITIES LITIGATION

Master File No. 3:16-cv-03044-L-MSB

**[PROPOSED] FINAL
JUDGEMENT AND ORDER OF
DISMISSAL WITH PREJUDICE**

 

**WHEREAS,** this matter came before the Court for hearing pursuant to an Order of this Court, dated _____, 2019, on Plaintiffs' application for approval of the Settlement set forth in the Stipulation and Agreement of Settlement (the "Settlement" or "Stipulation"), dated as of June 11, 2019:

(A) Pursuant to the Preliminary Approval Order entered on _____, 2019, this Court scheduled a Settlement Hearing for _____, 2019, at _____ __.m. (the "Settlement Hearing"), to determine, *inter alia*, whether the terms and conditions of the Settlement are fair, reasonable, and adequate, and should be approved by the Court; and whether Judgement should be entered dismissing the Consolidated Action with prejudice

EXHIBIT B

and releasing the Settlement Class Members' Released Claims against all Released Parties;

(B)    The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Summary Notice;

(C)    Due to adequate notice having been given to the Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on _____, 2019, and the Court having considered all papers filed and proceedings in this Consolidated Action and otherwise being fully informed of the matters herein, and for the reasons stated on the record on _____, 2019 and set forth in more detail in the Court's written opinion, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.  This Order and Final Judgment (the "Judgment") incorporates by reference the definitions in the Settlement, and all capitalized terms, unless otherwise defined herein, shall have the meaning as set forth in the Settlement.

2.  This Court has jurisdiction to enter this Judgment. This Court has jurisdiction over the subject matter of this Consolidated Action and over all parties to this Consolidated Action, including all Settlement Class Members.

3.  Plaintiffs and all Settlement Class Members are bound by this Judgment. [**The parties identified in Exhibit 1 have submitted timely and valid Requests for Exclusion and are accordingly excluded from the definition of the Settlement Class and shall not be bound by the Judgment.**]

4.  This Court finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology, all of which were

EXHIBIT B

implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

(a)    Constituted the best practicable notice to Settlement Class Members under the circumstances of this Consolidated Action;

(b)    Were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Consolidated Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Consolidated Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)    Were reasonable, fair, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)    Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Local Rules of the United States District Court for the Southern District of California, and any other applicable laws or rules.

5.    The terms and provisions of the Stipulation (i) were the result of extensive arm's-length negotiations between experienced counsel undertaken with the assistance of an experienced mediator and after the completion of substantial

EXHIBIT B

discovery; (ii) fall within a range of reasonableness warranting final approval; (iii) have no obvious deficiencies; and (iv) do not improperly grant preferential treatment to any plaintiff or portion of the Settlement Class.

6.   The Court grants certification of the Settlement Class solely for purposes of the Settlement pursuant to Fed. R. Civ. P. 23(b)(3). The Class is defined to consist of all persons or entities who purchased or otherwise acquired Illumina, Inc. common stock between July 26, 2016 through October 10, 2016, inclusive (the "Class Period"). Excluded from the Settlement Class are (i) any putative Settlement Class Members who excluded themselves by filing a timely and valid request for exclusion in accordance with the requirements set forth in the Notice; (ii) Defendants and their family members; (iii) any entity in which Defendants have or had a controlling interest; (iv) the officers and directors of Illumina, Inc. during the Class Period; and (iv) the legal representatives, agents, executors, successors, or assigns of any of the foregoing excluded persons or entities, in their capacities as such.

7.   Solely for the purposes of the Settlement, the Court appoints Anton Agoshkov, Braden Van Der Wall, and Steven Romanoff as Class Representatives pursuant to Fed. R. Civ. P. 23(a) and Levi & Korsinsky, LLP as Lead Counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g).

8.   Solely for purposes of the Settlement, the Court finds that class certification is appropriate in that (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Consolidated Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the Class Representatives, collectively, are typical of the claims of the Settlement Class; (iv) the Class Representatives and Lead Counsel, collectively, have fairly and

adequately represented and protected the interests of all the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

9.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to all Settlement Class Members.

10.     The Settlement set forth in the Stipulation is hereby finally approved as fair, reasonable, and adequate in all respects, in accordance with the terms and provisions therein, and Plaintiffs and all other Settlement Class Members, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

11.     The Plan of Allocation, as described in the Notice and Summary Notice, is hereby approved as fair, reasonable and adequate. Any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal, modification, or change relating to the Plan of Allocation or the Fee and Expense Award shall not operate to terminate the Settlement or in any way disturb, delay, or affect the Effective Date or the effectiveness or finality of this Judgment and the release of the Released Claims, and shall be considered separate from this Judgment.

12.     Upon the Effective Date, Plaintiffs and each Settlement Class Member, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants,

**EXHIBIT B**

underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand against any person or entity who may claim any form of contribution or indemnity from any of the Defendant Released Parties in respect of any Released Claim.

13.     Upon the Effective Date, Defendants, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged, and dismissed each and every of the Settled Defendants' Claims against the Plaintiff Released Parties; (b) forever be enjoined from commencing, instituting, or prosecuting any or all of the Settled Defendants' Claims against the Plaintiff Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand against any person or entity who may

EXHIBIT B

claim any form of contribution or indemnity from the Plaintiff Released Parties in respect of any Settled Defendants' Claim.

14.   Upon the Effective Date, except as provided in Paragraph 15 below, this Judgment will permanently bar, extinguish, and discharge any and all claims, actions, suits, causes of action, or demands by any person against the Released Parties, whether for contribution or indemnification or however styled, where the alleged injury consists of or arises from liability to the Settlement Class or any Settlement Class Member for a claim arising out of or related to the allegations in the Consolidated Action. Further:

(a)   Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or any Settlement Class Member against any person or entity subject to Paragraph 12–14 (which paragraphs are referred to herein as the "Bar Order") shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

(b)   The Released Parties shall be barred from bringing any claim for contribution or indemnification arising out of or related to any Released Claim against any person.

(c)   Notwithstanding anything to the contrary herein, the Bar Order shall not apply to: (i) any claims Defendants or any other Released Party may have against any insurance carrier for advancement of legal fees or indemnification, (ii) any claims any of the Individual Defendants or any other current or former officer or director of Illumina, Inc. may have against Illumina, Inc. for advancement of legal fees or

Case No. 3:16-cv-03044-L-MSB

FINAL APPROVAL ORDER

7

**EXHIBIT B**

indemnification, or (iii) any claims by a Defendant against any party (excluding another Defendant) whose liability to the Settlement Class or any Settlement Class Member for a Released Claim has been extinguished by the Settlement.

15.    Notwithstanding any release or the Bar Order, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation, the Preliminary Approval Order, or this Judgment.

16.    The fact and terms of the Settlement, including the Stipulation and all exhibits thereto, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)    shall not be offered or received against the Released Parties, Plaintiffs, or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties, or by Plaintiffs or any other Settlement Class Member, with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim or allegation that has been or could have been asserted in the Consolidated Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Consolidated Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

(b)    shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omissions with respect to any statement or written document approved or made by any Released Party, or against

EXHIBIT B

Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class Members;

(c)    shall not be offered or received against the Released Parties, Plaintiffs or any other Settlement Class Member as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, Plaintiffs or any other Settlement Class Member, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that the Released Parties and their respective counsel may refer to or file the Stipulation, including any and all exhibits thereto, and/or the Judgment in any action that may be brought against to effectuate the liability protection granted hereunder, including, without limitation, to support a defense or claim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law;

(d)    shall not be construed against the Released Parties, Defendants' Counsel, Lead Counsel or Plaintiffs or any other Settlement Class Member as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial or that any damages potentially recoverable in the Consolidated Action would have exceeded or would have been less than the Settlement Amount;

EXHIBIT B

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any Settlement Class Member that any of their claims are without merit; and

(f)     shall not be construed as or received in evidence as an admission, concession or presumption against the Released Parties that class certification is appropriate in this Consolidated Action, except for purposes of this Settlement.

17.     Without affecting the finality of this Judgment in any way, the Magistrate Judge shall retain jurisdiction over all disputes between and among the parties and other proceedings arising out of this Settlement, including but not limited to (a) the interpretation and enforcement of the terms of the Stipulation; (b) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (c) disposition of the Settlement Fund; (d) hearing and determining any applications for attorneys' fees and expenses in the Consolidated Action to the extent not already decided by the Court; and (e) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

18.     A separate order shall be entered regarding Lead Counsel's application for an award of attorneys' fees and reimbursement of Lead Counsel's and Lead Plaintiff's Litigation Expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Judgment. The Court finds that during the course of the Consolidated Action, Plaintiffs and Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to

EXHIBIT B

Defendants or any entity who paid such Settlement Amount on behalf of Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated to the extent provided by the Stipulation and, in such event, (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Consolidated Action and Plaintiffs and Defendants reserve their rights to proceed in all respects as if this Settlement had not been entered into and without any prejudice in any way from the negotiation, fact or terms of this Settlement.

20. Without further Order of the Court, the parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement.

21. This Consolidated Action is dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

22. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**IT IS SO ORDERED.**

_____
Hon. M. James Lorenz
United States District Judge

Case No. 3:16-cv-03044-L-MSB

FINAL APPROVAL ORDER

11

# Exhibit C

Adam M. Apton (SBN 316506)
LEVI & KORSINSKY, LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
E-mail: aapton@zlk.com

*Lead Counsel and Counsel for Plaintiffs*

MARK P. GIMBEL
(*pro hac vice*; NY Registration No. 2998102)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 841-1000

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE ILLUMINA, INC. SECURITIES LITIGATION | Master File No. 3:16-CV-03044-L-MSB<br><br>**CONSENT TO EXERCISE JURISDICTION BY U.S. MAGISTRATE JUDGE** |

Pursuant to the Standing Order of the Hon. M. James Lorenz, Anton Agoshkov, individually and as the putative assignee of the claims of Lead Plaintiff Natissisa Enterprises Ltd., and Plaintiffs Braden Van Der Wall and Steven Romanoff (collectively, "Plaintiffs") and Illumina, Inc., Francis A. deSouza, and Marc A. Stapley (collectively, "Defendants"), through their respective attorneys of record, hereby consent to have a United States Magistrate Judge exercise jurisdiction over all disputes arising out of the Stipulation and Agreement of Settlement (the "Settlement") following entry of a Final Approval Order, including interpretation and enforcement of the Settlement.

Dated: June 11, 2019

LEVI & KORSINSKY LLP

Adam M. Apton
1101 30th Street, NW
Washington, DC 20007
(202) 524-4290

*Lead Counsel and Attorneys for
Anton Agoshkov, individually and as
assignee of Lead Plaintiff Natissisa
Enterprises, Branden Van Der Wall,
and Steven Romanoff*

COVINGTON & BURLING LLP

Mark P. Gimbel
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

*Attorneys for Illumina, Inc., Francis A.
deSouza, and Marc A. Stapley*